IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 13-407 |
| | ) | |
| SUPREME COURT OF NEW MEXICO, THE | ) | |
| DISCIPLINARY BOARD OF NEW MEXICO, | ) | |
| and OFFICE OF THE DISCIPLINARY | ) | |
| COUNSEL OF NEW MEXICO, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, United States of America, by its attorneys, brings this civil action for declaratory and injunctive relief, and alleges as follows:

## INTRODUCTION

1.      This action is brought pursuant to the Supremacy Clause of the United States Constitution, Article VI, Clause 2, by which state laws are preempted whenever federal law occupies the field so as to preclude state regulation, and whenever state law interferes or conflicts with federal law.  As applied to federal prosecutors, New Mexico Rule of Professional Conduct 16-308(E) ("Rule 16-308(E)" or "Rule") violates the Supremacy Clause in both of these respects.  Though nominally a rule of professional conduct, Rule 16-308(E) precludes a prosecutor, including a federal prosecutor, from subpoenaing a lawyer in a grand jury or other criminal proceedings unless he reasonably believes that the information sought from the subpoenaed lawyer is not privileged, essential, and there is no other feasible alternative way to

obtain the information.  The Rule thereby imposes its own substantive requirements on the federal criminal process that are more rigorous than federal standards.  These requirements invade a field occupied by federal regulation and conflict with federal law.  The imposition of these untenable requirements on prosecutors threatens to preclude the service of otherwise valid subpoenas upon attorneys; restrict the flow of relevant, material, and unprivileged evidence to the fact-finder; and thereby interfere with federal law enforcement.

2.     Plaintiff seeks a declaration that Rule 16-308(E) of the New Mexico Rules of Professional Conduct is null and void as it pertains to federal prosecutors in the performance of their official duties on the grounds that this Rule is preempted by federal common law, the Federal Rules of Criminal Procedure, and the Federal Rules of Evidence.  Plaintiff also seeks a permanent injunction precluding defendants from enforcing Rule 16-308(E) against any federal prosecutor licensed in the District of New Mexico for conduct occurring in the course of a federal criminal investigation or prosecution.

## PARTIES

3.     Plaintiff is the United States of America, suing on its behalf, as well as on behalf of the Attorney General of the United States, the United States Department of Justice, and the United States Attorney's Office for the District of New Mexico.  28 U.S.C. § 515 provides that the Attorney General may "conduct any kind of legal proceeding, civil or criminal, including grand jury proceedings . . . which United States attorneys are authorized by law to conduct."  Pursuant to 28 U.S.C. § 547, United States Attorneys are authorized (within their respective districts) to prosecute "all offenses against the United States."  This role includes presenting cases to a grand jury; attorneys for the government are the only persons entitled to present

evidence to a grand jury.  28 U.S.C. §§ 516, 547.  The Attorney General is also charged with

directing all United States Attorneys, and Assistant United States Attorneys, in the discharge of

their respective duties.  28 U.S.C. § 519.  The Attorney General and the United States Attorneys

are officers of the United States Department of Justice, an executive department of the United

States.  28 U.S.C. § 501.

4.     Defendant Supreme Court of New Mexico adopted the New Mexico Rules of

Professional Conduct, including Rule 16-308(E), which is at issue here.  The Supreme Court of

New Mexico grants licenses to practice law to applicants who are determined by the Board of

Bar Examiners (consisting of members of the State Bar of New Mexico appointed by the New

Mexico Supreme Court) to have fulfilled the necessary requirements.  New Mexico Rules

Annotated ("NMRA") 15-103, 15-302, 15-401.  In addition, the Supreme Court of New Mexico

has disciplinary jurisdiction over persons licensed to practice law in New Mexico, NMRA, Rule

17-201, and has the power to review recommendations of the Disciplinary Board of New Mexico

on attorney discipline matters, and to enter appropriate orders with respect to such matters.

NMRA, Rule 17-102.

6.     The defendant Disciplinary Board of New Mexico has authority to consider and

investigate the conduct of any attorney within the jurisdiction of the Supreme Court, formally to

reprimand attorneys, and to transmit all Board recommendations in disciplinary matters to the

Supreme Court.  NMRA, Rule 17-102.

7.     The defendant Disciplinary Counsel of New Mexico is appointed by the

Disciplinary Board, subject to the approval of the Supreme Court, and has the power to

investigate and dismiss a complaint regarding attorney disciplinary matters; issue a letter of

caution; make an informal admonition; file formal charges with the Disciplinary Board; and

prosecute disciplinary actions against attorneys.  NMRA, Rule 17-105.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1345.  Declaratory

relief is appropriate pursuant to 28 U.S.C. §§ 2201 and 2202.

9.      Venue lies in the District of New Mexico pursuant to 28 U.S.C. § 1391(b)(2).

## STATEMENT OF THE CLAIM

10.     The Supremacy Clause of the United States Constitution provides that "the Laws

of the United States . . . shall be the supreme Law of the Land; . . . any Thing in the Constitution

or Laws of any State to the Contrary notwithstanding."  U.S. Const., Art. VI, cl. 2.  Pursuant to

this Clause, it is well established that federal law preempts state law where Congress "'left no

room'" for state regulation (field preemption), Hillsborough Cty. v. Automated Med. Labs., Inc.,

471 U.S. 707, 713 (1985) (quoting Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 230 (1947)),

or where the state laws "'interfere with, or are contrary to,' federal law" (conflict preemption).

Hillsborough Cty., 471 U.S. at 712 (quoting Gibbons v. Ogden, 22 U.S. (9 Wheat.) 1, 211

(1824)).

11.     Field preemption occurs when the scheme of federal regulation is so pervasive as

to make reasonable the inference that Congress left no room for the states to supplement it.

Preemption of a whole field also may be implied where the federal interest is so dominant that

the federal system will be assumed to preclude enforcement of state laws on the same subject.  In

these cases, federal law is said to "occupy the field," thereby precluding any state regulation of

the particular subject matter at issue.

12.     Conflict preemption occurs when, even though federal law does not completely foreclose state regulation in an area, a state law actually conflicts with federal law.  Such a conflict most obviously arises when compliance with both federal and state law is a physical impossibility.  Conflict preemption also occurs when state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.  Even if the federal and state laws have the same ultimate goal, the state law is preempted if it interferes with the methods that the federal law provides to reach that goal.

13.     The New Mexico Supreme Court promulgated amendments to the New Mexico Rules of Professional Conduct, including Rule 16-308(E), which became effective on November 3, 2008.

14.     Rule 16-308(E) provides:

The prosecutor in a criminal case shall:

(E)     not subpoena a lawyer in a grand jury or other criminal proceeding to present evidence about a past or present client unless the prosecutor reasonably believes:

(1)     the information sought is not protected from disclosure by any applicable privilege;

(2)     the evidence sought is essential to the successful completion of an ongoing investigation or prosecution; and

(3)     there is no other feasible alternative to obtain the information . . . .

15.     Pursuant to Local Criminal Rule 57.2 of the United States District Court for the District of New Mexico, unless modified by local rule or Court order, the New Mexico Rules of Professional Conduct govern the conduct of lawyers before the United States District Court.

16.     In response to a January 12, 2010 letter from United States Attorney for New

5

Mexico to the Chief Judge of the United States District Court regarding the applicability of the Rule to federal prosecutors, the District Court voted, on an interim basis, to suspend the application of Rule 16-308(E). On March 25, 2010, the District Court issued an Administrative Order stating that its adoption of the New Mexico Rules of Professional Conduct does not include Rule 16-308(E).

17. Despite the March 25, 2010 Administrative Order, Rule 16-308(E) may apply to the conduct of all lawyers licensed in New Mexico, including lawyers employed by the Department of Justice, whether they practice in New Mexico or elsewhere. The Supreme Court of New Mexico may sanction attorneys licensed in New Mexico regardless of whether those attorneys are also governed by other ethical rules. As NMRA, Rule 17-201 states:

> Any attorney regularly admitted to practice law in this state, any attorney specially admitted to practice by a court of this state or any individual admitted to practice as an attorney in any other jurisdiction who engages in the practice of law within this state as house counsel to corporations or other entities, as counsel for governmental agencies or otherwise is subject to the exclusive disciplinary jurisdiction of the Supreme Court and the Disciplinary Board . . . .

A violation of the New Mexico Rules of Professional Conduct is considered a basis for discipline. NMRA, Rule 17-205. The types of discipline include disbarment, suspension, public censure, probation, formal reprimand, and informal admonition. NMRA, Rule 17-206.

18. The United States, through the Department of Justice, employs, as its agents authorized to investigate and prosecute federal criminal cases, numerous lawyers licensed in New Mexico, including approximately seventy lawyers in the District of New Mexico.

19. Federal prosecutors licensed in New Mexico are required to comply with Rule 16-308(E) in the District of New Mexico to avoid state punishment.

6

20.     Federal prosecutors in the District of New Mexico have changed their practices in criminal investigations as to which they believe Rule 16-308(E) may apply.  In particular, they have refrained from seeking subpoenas in all circumstances in which they would otherwise be permitted to do so under federal law.  They have also refrained from subpoenaing attorneys where they otherwise might have done so out of concern regarding potential disciplinary proceedings under the Rule.

**FIRST CLAIM – Intrusion Into Field of Criminal Practice and Procedure**

21.     Plaintiff incorporates paragraphs 1 through 20 of the Complaint as if fully stated herein.

22.     The field of regulating criminal procedure and practice in federal courts has been "occupied" by the federal government, leaving no room for state regulation.

23.     Under the doctrine of field preemption, New Mexico is preempted from promulgating its own rules to regulate federal criminal practice and procedure.

24.     Rule 16-308(E) establishes new substantive standards for the issuance of criminal subpoenas.

25.     When applied to federal prosecutors and hence to federal criminal proceedings, Rule 16-308(E) intrudes into an area that Congress has reserved for federal regulation.

26.     Rule 16-308(E) is invalid under the doctrine of field preemption and is an unconstitutional violation of the Supremacy Clause.

27.     Rule 16-308(E) should be declared null and void as it applies to federal prosecutors and federal proceedings.

28.     In addition, by reason of the foregoing, the United States has suffered and

7

continues to suffer harm for which it has no adequate remedy except by this action. Defendant should therefore be enjoined from enforcing Rule 16-308(E) against federal prosecutors.

### SECOND CLAIM – Conflict With Federal Rule of Criminal Procedure 17

29.     Plaintiff hereby incorporates paragraphs 1 through 28 of the Complaint as if fully stated herein.

30.     Rule 17 of the Federal Rules of Criminal Procedure comprehensively regulates subpoena practice in federal court in criminal cases. Federal Rule of Criminal Procedure 17 sets no standard for testimonial subpoenas, instead allowing objections on a question-by-question basis in accordance with federal common law, and provides that subpoenas duces tecum may be quashed only if compliance would be "unreasonable or oppressive."

31.     Rule 16-308(E), which requires that a prosecutor must reasonably believe that testimonial or documentary information sought from a lawyer is "essential to the successful completion of an ongoing investigation or prosecution," that it is not "protected from disclosure by an applicable privilege," and that there is "no other feasible alternative to obtain the information," sets new substantive standards for the issuance of subpoenas that are more rigorous than and therefore conflict with the requirements of Federal Rule of Criminal Procedure 17.

32.     Rule 16-308(E) sets special standards for lawyer subpoenas and is thereby inconsistent with Federal Rule of Criminal Procedure 17.

33.     Rule 16-308(E) therefore presents a direct conflict with Federal Rule of Criminal Procedure 17 and is an unconstitutional violation of the Supremacy Clause.

34.     Rule 16-308(E) should be declared null and void as it applies to federal prosecutors and federal proceedings.

35.     In addition, by reason of the foregoing, the United States has suffered and continues to suffer harm for which it has no adequate remedy except by this action.  Defendant should therefore be enjoined from enforcing Rule 16-308(E) against federal prosecutors.

### THIRD CLAIM – Conflict With Federal Rule of Criminal Procedure 6(e)

36.     Plaintiff hereby incorporates paragraphs 1 through 35 of the Complaint as if fully stated herein.

37.     Rule 6(e) of the Federal Rules of Criminal Procedure prohibits federal prosecutors from disclosing "matters occurring before the grand jury."

38.     Rule 16-308(E), as applied to grand jury subpoenas, would require prosecutors, if challenged, to prove that the information they seek to present to the grand jury "is essential to the successful completion" of their investigation.  Such an inquiry would necessarily involve the disclosure, not only of the existence of an investigation, but also of the subject matter and status of the investigation.   These disclosures are incompatible with Rule 6(e)'s secrecy requirement.

39.     In proving that the information they seek to present to the grand jury is "essential," prosecutors would also be required to disclose details of the investigation, including what other evidence the prosecution has been able to obtain.  Such evidentiary and investigatory details are not otherwise required to be disclosed to any other witness.  Thus, the "essential" requirement is incompatible with Rule 6(e).

40.     Rule 16-308(E) therefore presents a direct conflict with Federal Rule of Criminal Procedure 6(e) and is an unconstitutional violation of the Supremacy Clause.

41.     Rule 16-308(E) should be declared null and void as it applies to federal prosecutors and federal proceedings.

42.     In addition, by reason of the foregoing, the United States has suffered and

continues to suffer harm for which it has no adequate remedy except by this action.  Defendant

should therefore be enjoined from enforcing Rule 16-308(E) against federal prosecutors.

### **FOURTH CLAIM – Conflict With Federal Rule of Evidence 501**

43.     Plaintiff hereby incorporates paragraphs 1 through 42 of the Complaint as if fully

stated herein.

44.     Rule 501 of the Federal Rules of Evidence limits evidentiary privileges to those

established by the Constitution, federal statute, or federal common law.  Federal common

law comprehensively regulates the substantive and procedural aspects of the attorney-client privilege.

45.     Rule 16-308(E) prescribes new criteria for prosecutors' subpoenas of attorneys,

expanding the scope of privileged information that may become unavailable to the trier of fact.

Rule 16-308(E) would permit witnesses to avoid testifying even under circumstances not covered

by existing federal privileges.  Specifically, Rule 16-308(E) would allow an attorney not to

testify at all if the information sought was not "essential" to an investigation, or if there was a

feasible alternative to obtain it, even if none of that information were covered by the attorney-

client privilege.

46.     By protecting nonprivileged information from disclosure, Rule 16-308(E)

presents a direct conflict with Federal Rule of Evidence 501 and is an unconstitutional violation

of the Supremacy Clause.

47.     Rule 16-308(E) should be declared null and void as it applies to federal

prosecutors and federal proceedings.

48.     In addition, by reason of the foregoing, the United States has suffered and

continues to suffer harm for which it has no adequate remedy except by this action.  Defendant

should therefore be enjoined from enforcing Rule 16-308(E) against federal prosecutors.

**FIFTH CLAIM – Conflict With Federal Rule of Evidence 402**

49.     Plaintiff hereby incorporates paragraphs 1 through 48 of the Complaint as if fully stated herein.

50.     Rule 402 of the Federal Rules of Evidence provides for the admissibility of relevant evidence unless the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court provide otherwise.

51.     Rule 16-308(E) prescribes new criteria for prosecutors' subpoenas of attorneys, excluding evidence from criminal proceedings that is relevant and otherwise admissible under federal law.  Specifically, Rule 16-308(E) would allow an attorney not to testify at all if the relevant, otherwise admissible information sought was not "essential" to an investigation, or if there was a feasible alternative to obtain it.

52.     By excluding relevant, otherwise admissible evidence, Rule 16-308(E) presents a direct conflict with Federal Rule of Evidence 402 and is an unconstitutional violation of the Supremacy Clause.

53.     Rule 16-308(E) should be declared null and void as it applies to federal prosecutors and federal proceedings.

54.     In addition, by reason of the foregoing, the United States has suffered and continues to suffer harm for which it has no adequate remedy except by this action.  Defendant should therefore be enjoined from enforcing Rule 16-308(E) against federal prosecutors.

**SIXTH CLAIM – Interference With Federal Prosecutors In The Performance of Their Otherwise Lawful Duties**

55.     Plaintiff hereby incorporates paragraphs 1 through 54 of the Complaint as if fully stated herein.

56.     The Supremacy Clause prohibits state laws that interfere with the conduct of United States employees and entities in the performance of their official duties, and, specifically, those state laws that seek to prohibit conduct authorized by federal law or to mandate conduct that conflicts with federal law.

57.     Rule 16-308(E) prevents federal prosecutors from seeking subpoenas in all circumstances in which they are permitted to do so under federal law.  Rule 16-308(E) also deters federal prosecutors from seeking necessary and valid subpoenas out of a fear of being subject to sanctions.  As a result, information available to grand juries and courts under federal law is no longer available to those forums.

58.     Requiring federal prosecutors to comply with Rule 16-308(E) interferes with the sovereign interest of the United States in the proper and effective conduct of federal criminal investigations and prosecutions and is an unconstitutional violation of the Supremacy Clause.

59.     Rule 16-308(E) should be declared null and void as it applies to federal prosecutors and federal proceedings.

60.     In addition, by reason of the foregoing, the United States has suffered and continues to suffer harm for which it has no adequate remedy except by this action.  Defendant should therefore be enjoined from enforcing Rule 16-308(E) against federal prosecutors.

**SEVENTH CLAIM – Interference With the Operation and Function of the Grand Jury**

61.     Plaintiff hereby incorporates paragraphs 1 through 60 of the Complaint as if fully stated herein.

62.     Pursuant to the Fifth Amendment of the United States Constitution and well-established interpretive case law, the federal grand jury sits solely as an independent

investigative body whose function is to investigate and determine, in a fair and expeditious manner, whether there is probable cause for bringing a criminal charge, and not to determine guilt or innocence.  The grand jury's investigatory powers and scope are extremely broad; the function of the grand jury is to inquire into all information that might possibly bear on its investigation.  To preserve the broad investigatory function of the grand jury, the Supreme Court has identified three "strong governmental interests": affording grand juries wide latitude, avoiding minitrials on peripheral matters, and preserving a necessary level of secrecy.  United States v. R. Enters., 498 U.S. 292, 300 (1991).

63.     Rule 16-308(E) significantly interferes with these three essential elements of federal grand jury operation.  First, the rule subverts the wide investigatory latitude of the grand jury by interposing substantive restraints on evidence presented to the grand jury, that is, on attorney testimony.  Second, because attorneys who receive grand jury subpoenas may file bar complaints or argue to a court that Rule 16-308(E) should serve as the basis to quash an otherwise valid subpoena, the rule threatens to create minitrials on peripheral matters.  Third, requiring a prosecutor to show that "the evidence sought is essential to the successful completion of an ongoing investigation or prosecution" would necessarily reveal the subject matter and status of an investigation, thereby violating the secrecy of the grand jury.

64.     Rule 16-308(E) interferes with the independent investigative function of the federal grand jury and is an unconstitutional violation of the Supremacy Clause.

65.     Rule 16-308(E) should be declared null and void as it applies to federal prosecutors and federal proceedings.

66.     In addition, by reason of the foregoing, the United States has suffered and continues to suffer harm for which it has no adequate remedy except by this action.  Defendant

should therefore be enjoined from enforcing Rule 16-308(E) against federal prosecutors.

WHEREFORE, the United States prays for the following relief:

1.      That this Court enter judgment declaring that Rule 16-308(E) of the New Mexico Rules of Professional Conduct is invalid, null, and void, as applied to federal attorneys for otherwise lawful actions taken in the course of investigating or prosecuting crimes against the United States;

2.      That this Court enter a permanent injunction, enjoining defendants Supreme Court of New Mexico, Disciplinary Board of New Mexico, and Disciplinary Counsel of New Mexico, and their successors, agents, and employees, from instituting, prosecuting, or continuing any disciplinary proceeding or action against federal attorneys for otherwise lawful actions taken in the course of investigating or prosecuting any crimes against the United States on the ground that such attorneys violated Rule 16-308(E) of the New Mexico Rules of Professional Conduct; and

3.      That this Court award any other relief it deems just and proper.


DATED this 30th day of April, 2013.


                                        Respectfully submitted,

                                        STUART F. DELERY
                                        Acting Assistant Attorney General

                                        KENNETH J. GONZALES
                                        United States Attorney

                                        STEVEN YARBROUGH
                                        Assistant United States Attorney

                                        ARTHUR R. GOLDBERG
                                        Assistant Director

*electronically filed April 30, 2013*
**/s/ Lisa A. Olson**
LISA A. OLSON
Senior Trial Counsel
U.S. Department of Justice
Civil Division, Room 7300
20 Massachusetts Ave., N.W.
Washington, D.C. 20530
Telephone: (202) 514-5633
Facsimile: (202) 616-8470
Email: lisa.olson@usdoj.gov

Dated: April 30, 2013                                     Counsel for Plaintiff