IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 1:13-cv-00407-WJ-LFG |
| | ) | |
| SUPREME COURT OF NEW MEXICO, THE | ) | |
| DISCIPLINARY BOARD OF NEW MEXICO, | ) | |
| and OFFICE OF THE DISCIPLINARY | ) | |
| COUNSEL OF NEW MEXICO, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S
## MOTION FOR SUMMARY JUDGMENT

Dated: June 28, 2013

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

KENNETH J. GONZALES
United States Attorney

STEVEN YARBROUGH
Assistant United States Attorney

ARTHUR R. GOLDBERG
Assistant Director

LISA A. OLSON
Senior Trial Counsel
U.S. Department of Justice, Civil Division
20 Massachusetts Ave., N.W., Room 7300
Washington, D.C. 20530
Telephone: (202) 514-5633
Facsimile: (202) 616-8470
Email: lisa.olson@usdoj.gov
Counsel for Plaintiff

## TABLE OF CONTENTS

**PAGE**

INTRODUCTION ................................................................................................................1

STATEMENT OF UNDISPUTED MATERIAL FACTS ...............................................3

A.      Adoption of Rule 16-308(E) ...................................................................................3

B.      Effect of Rule 16-308(E) on Federal Prosecutors.................................................4

        1.      Examples of Likely Interference with Investigations and
                 Prosecutions Occurring Prior to Rule 16-308(E)'s Adoption...................................6

        2.      Examples of Actual Interference with Investigations and
                 Prosecutions Occurring After Rule 16-308(E)'s Adoption ...................................11

ARGUMENT......................................................................................................................16

THE SUPREMACY CLAUSE PROHIBITS THE ENFORCEMENT OF
NEW MEXICO RULE 16-308(E) AGAINST FEDERAL PROSECUTORS
ON THE BASES OF FIELD PREEMPTION AND CONFLICT PREEMPTION.......................16

I.       STATE REGULATION IN THE FIELD OF FEDERAL CRIMINAL
         PROCEDURE, INCLUDING APPLICATION OF NEW MEXICO
         RULE 16-308(E) TO FEDERAL PROSECUTORS, IS PREEMPTED
         BY FEDERAL LAW .....................................................................................................18

II.      NEW MEXICO RULE 16-308(E), AS APPLIED TO FEDERAL
         PROSECUTORS, CONFLICTS WITH FEDERAL LAW .............................................21

        A.     The New Mexico Rule Conflicts With Federal Rule of
               Criminal Procedure 17 ...........................................................................................24

        B.     The New Mexico Rule Conflicts With Federal Rule of Criminal
               Procedure 6(e)........................................................................................................33

        C.     The New Mexico Rule Conflicts With Federal Rule of Evidence 501 .................34

        D.     The New Mexico Rule Conflicts With Federal Rule of Evidence 402 .................36

        E.     The New Mexico Rule Interferes With the Performance By Federal
               Prosecutors of Their Federally Authorized Duties ...............................................37

i

F.  Application of the New Mexico Rule to Federal Prosecutors Alters the Historic Operation and Function of the Grand Jury..........................................39

CONCLUSION.............................................................................................................................42

## TABLE OF AUTHORITIES

**CASES**                                                           **PAGE(S)**

Almond v. U.S. Dist. Ct. for the Dist. of R.I.,
    852 F. Supp. 78 (D.N.H. 1994), aff'd in part, rev'd in part, Whitehouse v. U.S.
    Dist. Ct. for the Dist. of R.I., 53 F.3d 1349 (1st Cir. 1995) ................................................21

Ariz. v. United States,
    __ U.S. __, 132 S. Ct. 2492 (2012) ..........................................................................18, 19, 21

Averitt v. Southland Motor Inn of Okla.,
    720 F.2d 1178 (10th Cir. 1983) .........................................................................................36

Bank of the U.S. v. Halstead,
    23 U.S. (10 Wheat.) 51 (1825) ..........................................................................................22

Baylson v. Disciplinary Bd. of the Supreme Ct. of Pa.,
    975 F.2d 102 (3d Cir. 1992), cert. denied, 507 U.S. 984 (1993) ...........................21, 30, 39

Bishop v. Federal Intermediate Credit Bank of Wichita,
    908 F.2d 658 (10th Cir. 1990) ...........................................................................................18

Branzburg v. Hayes,
    408 U.S. 665 (1972) .....................................................................................................34, 35

California v. ARC Am. Corp.,
    490 U.S. 93 (1989) .......................................................................................................19, 23

Chamber of Commerce of the U.S. v. Edmondson,
    594 F.3d 742 (10th Cir. 2010) ....................................................................................18, 21, 22

Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.,
    467 U.S. 837 (1984) ...........................................................................................................18

City of N.Y. v. FCC,
    486 U.S. 57 (1988) .............................................................................................................18

Cty. of Suffolk v. Long Island Lighting Co.,
    710 F. Supp. 1407 (E.D.N.Y. 1989), aff'd, 907 F.2d 1295 (2d Cir. 1990) .......................39

Davis v. United States,
    411 U.S. 233 (1973) ...........................................................................................................19

De Canas v. Bica,
    424 U.S. 351 (1976) ...........................................................................................................23

English v. Gen. Elec. Co.,
    496 U.S. 72 (1990) .......................................................................................................23

Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta,
    458 U.S. 141 (1982).....................................................................................................23

Fla. Lime & Avocado Growers, Inc. v. Paul,
    373 U.S. 132 (1963).....................................................................................................21

Free v. Bland,
    369 U.S. 663 (1962).....................................................................................................23

Gade v. Nat'l Solid Wastes Mgmt. Ass'n,
    505 U.S. 88 (1992)..................................................................................................18, 23

Gibbons v. Ogden,
    22 U.S. (9 Wheat.) 1 (1824)........................................................................................18

Goldfarb v. Va. State Bar,
    421 U.S. 773 (1975).....................................................................................................38

In re Grand Jury Matter,
    926 F.2d 348 (4th Cir. 1991) .................................................................................26, 28

In Re Grand Jury Matters,
    751 F.2d 13 (1st Cir. 1984)..........................................................................................28

In re Grand Jury Proceedings,
    2010 WL 3258616 ......................................................................................................40

In re Grand Jury Proceedings,
    616 F.3d 1172 (10th Cir. 2010) ..................................................................................24

In re Grand Jury Proceedings (Freeman),
    708 F.2d 1571 (11th Cir. 1983) ..................................................................................26

In re Grand Jury Proceedings, W. Dist. of N.M. (Cid),
    767 F.2d 1131 (5th Cir. 1985) ....................................................................................26

In re Grand Jury Subpoena for Attorney Representing Criminal Defendant Reyes-
    Requena, 913 F.2d 1118 (5th Cir. 1990), cert. denied, 499 U.S. 959 (1991) ............ passim

In re Grand Jury Subpoena Served Upon Doe,
    781 F.2d 238 (2d Cir.), cert. denied, 475 U.S. 1108 (1986) ...................................26, 28, 42

In re Grand Jury Subpoenas (Anderson),
 906 F.2d 1485 (10th Cir. 1990) ...................................................................26, 28

Hancock v. Train,
 426 U.S. 167 (1967)..........................................................................................22

Hillsborough Cty. v. Automated Med. Labs., Inc.,
 471 U.S. 707 (1985).................................................................................. passim

Hines v. Davidowitz,
 312 U.S. 52 (1941) ...........................................................................................21

Ingersoll-Rand Co. v. McClendon,
 498 U.S. 133 (1990)..........................................................................................18

Int'l Paper Co. v. Ouellette,
 479 U.S. 481 (1987)..........................................................................................22

Johnson v. Maryland,
 254 U.S. 51 (1920)............................................................................................22

In re Klein,
 776 F.2d 628 (7th Cir. 1985) .............................................................26, 28, 42

Kolibash v. Comm. on Legal Ethics of W. Va. Bar,
 872 F.2d 571 (4th Cir. 1989) ...........................................................................38

Lopez v. United States,
 373 U.S. 427 (1963)....................................................................................36, 37

Mayo v. United States,
 319 U.S. 441 (1943)..........................................................................................22

In re Neagle,
 135 U.S. 1 (1890)..............................................................................................22

Rice v. Santa Fe Elevator Corp.,
 331 U.S. 218 (1947)....................................................................................1, 198

Sperry v. Florida,
 373 U.S. 379 (1963)...............................................................17, 22, 23, 38

Stern v. U.S. Dist. Ct. for the Dist. of Mass.,
 214 F.3d 4 (1st Cir. 2000)...................................................................17, 19, 30

U.S. v. Singleton,
        165 F.3d 1297 (10th Cir. 1999) .................................................................32, 39

United States v. Colo. Supreme Ct.,
        87 F.3d 1161 (10th Cir. 1996) ...........................................................27, 38, 42

United States v. Colo. Supreme Ct.,
        189 F.3d 1281 (10th Cir. 1999) ............................................................... passim

United States v. Dionisio,
        410 U.S. 1 (1973).................................................................................................41

United States v. Erickson,
        561 F.3d 1150 (10th Cir. 2009) .............................................................. passim

United States v. Hughes,
        No. 90-2114, 931 F.2d 63  1991 WL. 59383 (10th Cir. April 17, 1991).........................27

United States v. Johnson,
        319 U.S. 503 (1943)............................................................................................34

United States v. Klubock,
        832 F.2d 649 (1st Cir.), vacated, op. withdrawn, on reh'g en banc
        832 F.2d 664 (1st Cir. 1987).....................................................................21, 27

United States v. Mead Corp.,
        533 U.S. 218 (2001)............................................................................................17

United States v. Nixon,
        418 U.S. 683 (1974)...............................................................................27, 35, 37

United States v. North,
        910 F.2d 843 (D.C. Cir.), modified on other grounds, 920 F.2d 940 (D.C. Cir.
        1990) ..................................................................................................................24

United States v. R. Enters., Inc.,
        498 U.S. 292 (1991)................................................................................ passim

United States v. Singleton,
        165 F.3d 1297 (10th Cir. 1999) .................................................................32, 39

United States v. Williams,
        504 U.S. 36 (1992)........................................................................................39, 40

Upjohn Co. v. United States,
        449 U.S. 383 (1981)...............................................................................24, 28, 35

In re Walsh,
    623 F.2d 489 (7th Cir. 1980), cert. denied, 449 U.S. 994 (1980) ................................24, 25

Whitehouse v. United States District Court for the District of Rhode Island,
    53 F.3d 1349 (1st Cir. 1995) .....................................................................................21, 30


## UNITED STATES CONSTITUTION

U.S. Const., Art. VI, cl. 2 ..............................................................................................................18


## STATUTES AND REGULATIONS

18 U.S.C. § 3146 ...........................................................................................................................7

28 U.S.C. § 530B ................................................................................................................ passim

28 U.S.C. § 2072 .........................................................................................................................19

28 U.S.C. § 2074 .........................................................................................................................19

28 C.F.R. § 77.1 .....................................................................................................................17, 32


## FEDERAL RULES OF CRIMINAL PROCEDURE

Fed. R. Crim. P. 6 .............................................................................................................2, 33, 34

Fed. R. Crim. P. 17 .....................................................................................................................24

Fed. R. Crim. P. 57 .....................................................................................................................20


## FEDERAL RULE OF EVIDENCE

Fed. R. Evid. 402 ............................................................................................................... passim

Fed. R. Evid. 501 .............................................................................................................2, 20, 34


## NEW MEXICO RULES OF PROFESSIONAL CONDUCT

Rule 57.2 ........................................................................................................................................3

Rule 17 ............................................................................................................................ passim

Rule 17-201............................................................................................................................5

Rule 17-205............................................................................................................................5

Rule 16-308 ............................................................................................................... passim

## INTRODUCTION

New Mexico Rule of Professional Conduct 16-308(E) ("Rule 16-308(E)") imposes improper requirements on prosecutors that threaten to preclude the service of otherwise valid subpoenas upon attorneys and thereby restrict the flow of relevant, material, and <u>unprivileged</u> evidence to the fact-finder. Masquerading as a rule of professional conduct, Rule 16-308(E) requires a prosecutor reasonably to believe that the information sought from a subpoenaed attorney is not privileged, but is essential, and not otherwise feasibly available. The Rule thereby imposes its own substantive requirements on the federal criminal process. If applied to federal prosecutors, the Rule violates the Supremacy Clause of the United States Constitution, by which state laws are preempted whenever federal law occupies the field so as to preclude state regulation, and whenever state law interferes or conflicts with federal law. Rule 16-308(E) is preempted because it invades a field completely occupied by federal regulation and conflicts with federal law.

First, though nominally a rule of ethics, Rule 16-308(E) is actually a rule of criminal practice. However, Congress has left no room for state regulation in the field of federal criminal procedure and practice. Rule 16-308(E) is therefore void as applied to federal prosecutors.

Second, Rule 16-308(E) directly conflicts with federal law. The "essentiality" and "no feasible alternative" requirements are more rigorous than, and therefore inconsistent with, the requirements of Federal Rule of Criminal Procedure 17, which sets <u>no</u> standard for testimonial subpoenas, instead allowing objections on a question-by-question basis in accordance with federal common law, and which provides that subpoenas <u>duces tecum</u> may be quashed only if compliance would be "unreasonable or oppressive." In addition, by compelling prosecutors, if

1

challenged, to prove that the information they seek is "essential" to their investigation, thereby necessarily exposing the reasons underlying the subpoena, Rule 16-308(E) is at odds with the grand jury secrecy requirements of Fed. R. Crim. P. 6(e). Rule 16-308(E) extends special protection to attorney witnesses while the prevailing federal law of privileges does not, thereby conflicting with Federal Rule of Evidence 501. It similarly conflicts with Federal Rule of Evidence 402 by excluding relevant, otherwise admissible evidence from criminal proceedings. Also, by limiting the evidence available to grand juries or courts, Rule 16-308(E) impermissibly interferes with the conduct of federal prosecutors and federal entities in the performance of their official duties.

Finally, in yet further conflict with federal law, Rule 16-308(E) impermissibly alters the traditional functions and powers of the grand jury by imposing substantive restrictions on the evidence presented to the jury. The United States Supreme Court has consistently rejected attempts to constrain the grand jury's functions and powers; state laws must yield to Supreme Court pronouncements with which they clash. Accordingly, application of the New Mexico Rule to federal grand jury subpoenas should be rejected.

In United States v. Colorado Supreme Court, 189 F.3d 1281 (10th Cir. 1999), the Tenth Circuit upheld a state rule similar to Rule 16-308(E) because it purportedly protected the attorney client relationship and was accordingly an "ethics" rule. Aside from overlooking the fact that the rule in question, like Rule 16-308(E), imposed restrictions only on subpoenas for unprivileged information, and was therefore superfluous for the protection of the attorney-client privilege, the Tenth Circuit never analyzed whether the rule intruded upon a field occupied by federal law or conflicted with federal substantive standards. Because Rule 16-308(E) establishes substantive

2

standards that conflict with federal law in violation of the Supremacy Clause, it is not an "ethics"

rule.  Colorado Supreme Court therefore does not support Rule 16-308(E).

    For these reasons, as set forth more fully below, Rule 16-308(E) is preempted by federal

law and is an unconstitutional violation of the Supremacy Clause.  Therefore, plaintiff's motion

for summary judgment should be granted.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

### A.    Adoption of Rule 16-308(E)

1.    Effective November 3, 2008, the New Mexico Supreme Court amended Rule 16-308 of

the New Mexico Rules of Professional Conduct, governing lawyers licensed in New Mexico.

Subsection (E) of amended Rule 16-308 provides:

    The prosecutor in a criminal case shall:

    (E)    not subpoena a lawyer in a grand jury or other criminal proceeding to
           present evidence about a past or present client unless the prosecutor
           reasonably believes:

           (1)    the information sought is not protected from disclosure by any applicable
                  privilege;

           (2)    the evidence sought is essential to the successful completion of an
                  ongoing investigation or prosecution; and

           (3)    there is no other feasible alternative to obtain the information . . . .

Rule 16-308(E), New Mexico Rules of Professional Conduct.  Pursuant to Local Criminal Rule

57.2 of the United States District Court for the District of New Mexico, unless modified by local

rule or Court order, the New Mexico Rules of Professional Conduct govern the conduct of

lawyers before the United States District Court.

2.    Prior to the adoption of Rule 16-308(E), the United States Attorney wrote a letter to the

3

New Mexico Supreme Court setting forth numerous objections to proposed Rule 16-308(E).
Declaration of Sasha Siemel ("Siemel Dec.") ¶ 4. After the New Mexico Supreme Court
provided notice that it intended to adopt the Rule, but before the Rule became effective, the
United States Attorney, the Attorney General for the State of New Mexico, and fourteen District
Attorneys for the State of New Mexico wrote to the New Mexico Supreme Court on July 21,
2008, to express their concerns with proposed Rule 16-308(E) and to urge that the New Mexico
Supreme Court not adopt it. Id. The New Mexico Supreme Court rejected this request and
adopted the Rule. Id. The New Mexico Supreme Court's Model Rules of Professional Conduct
Committee re-evaluated the Rule in response to a notification by the United States Attorney that
he was contemplating filing a lawsuit to challenge Rule 16-308(E), but declined to recommend
modifications to the Rule. Id.

3.      In response to a January 12, 2010 letter from United States Attorney for New Mexico to
the Chief Judge of the United States District Court regarding the applicability of the Rule to
federal prosecutors and notifying the Court of a potential lawsuit, the District Court unanimously
voted, on an interim basis, to suspend the application of Rule 16-308(E). Siemel Dec. ¶ 5. On
March 25, 2010, the District Court issued an Administrative Order stating that its adoption of the
New Mexico Rules of Professional Conduct does not include Rule 16-308(E). Id.

**B.      Effect of Rule 16-308(E) on Federal Prosecutors**

4.      Despite the March 25, 2010 Administrative Order, defendants may seek to enforce Rule
16-308(E) as to the conduct of all lawyers licensed in New Mexico, including lawyers employed
by the Department of Justice, whether they practice in New Mexico or elsewhere.[1]  Siemel Dec.

---

[1] Although Rule 16-308(E) has not been adopted by the U.S. District Court for the

4

¶ 6.  The Supreme Court of New Mexico may sanction attorneys licensed and practicing in New

Mexico regardless of whether those attorneys are also governed by other ethical rules.  New

Mexico Rules Annotated ("NMRA"), Rule 17-201, states as follows:

> Any attorney regularly admitted to practice law in this state, any
> attorney specially admitted to practice by a court of this state or
> any individual admitted to practice as an attorney in any other
> jurisdiction who engages in the practice of law within this state as
> house counsel to corporations or other entities, as counsel for
> governmental agencies or otherwise is subject to the exclusive
> disciplinary jurisdiction of the Supreme Court and the Disciplinary
> Board . . . .

See Siemel Dec. ¶ 6.  A violation of the New Mexico Rules of Professional Conduct is

considered a basis for discipline.  NMRA, Rule 17-205; Siemel Dec. ¶ 6.  The types of discipline

include disbarment, suspension, public censure, probation, formal reprimand, and informal

admonition.  NMRA, Rule 17-206; Siemel Dec. ¶ 6.

5.      The United States, through the Department of Justice, employs as its agents authorized to

investigate and prosecute federal criminal cases, numerous attorneys licensed to practice law in

New Mexico, including approximately eighty Assistant United States Attorneys ("AUSAS") in

the District of New Mexico.  Siemel Dec. ¶ 2.  All of these AUSAs are members of the United

States District Court for the District of New Mexico.  Id.  The U.S. Attorney's Office also

employs a fluctuating number of Special Assistant United States Attorneys, some of whom

function as AUSAs in the District of New Mexico, are licensed to practice in New Mexico, and

are members of the United States District Court for the District of New Mexico.  Id.  Other

---

District of New Mexico, it has been adopted by the New Mexico Supreme Court, which has
authority over the conduct of all lawyers it licenses.  It is therefore possible that the New Mexico
Supreme Court would seek to enforce Rule 16-308(E) against federal prosecutors, despite the
valid defense that prosecutors could raise.  Siemel Dec. ¶ 6 n.1.

attorneys within the various divisions of the Department of Justice and in other U.S. Attorney's Offices are also licensed in New Mexico. Id. ¶ 3. Department of Justice prosecutors who are licensed in New Mexico but who may be assigned to offices outside New Mexico prosecute federal cases in districts throughout the United States. Id.

6.      Since 1990, the U.S. Attorney's Office has applied for and received Department of Justice authorization to serve approximately sixty-one federal subpoenas upon lawyers or persons working for lawyers. Siemel Dec. ¶ 7. Most of these subpoenas have sought documents or testimony relating to a present or former client of the subpoenaed lawyer. Id. Not all of the subpoenas which have been authorized have actually been served. Id. Nonetheless, those which have been served have proven vital in investigating and prosecuting some of the most serious federal criminal offenses, including offenses involving public corruption, organized crime, narcotics, money laundering, tax violations, and other white collar crimes. Id.

7.      Subpoenas to lawyers for unprivileged information are usually an important means, and often the best means, to obtain documents, testimony, and other evidence related to a criminal investigation or prosecution. Siemel Dec. ¶ 8. Because of the ethical sanctions to which Rule 16-308(E) exposes prosecutors who issue subpoenas to attorneys, the Rule prevents or deters prosecutors from issuing such subpoenas and thereby impairs the United States' ability to investigate and prosecute federal crimes. Id.

### 1.      Examples of Likely Interference with Investigations and Prosecutions Occurring Prior to Rule 16-308(E)'s Adoption

8.      There are many situations which could foreseeably arise in the future, or which arose before Rule 16-308(E) went into effect, that illustrate the obstacles the Rule poses to federal criminal law enforcement investigations and prosecutions by deterring or altogether preventing

6

federal prosecutors from obtaining important evidence. Siemel Dec. ¶ 8.

9.    In a case where a defendant failed to appear at a court proceeding for his conspiracy

prosecution before Rule 16-308(E) was in effect, a prosecutor from the U.S. Attorney's Office

subpoenaed the defendant's attorney from that proceeding to testify that he had in fact advised

his client about the time and date of the proceeding. Siemel Dec. ¶ 8(a). Without the attorney's

testimony, it would have been significantly more difficult to convict the defendant for failure to

appear in violation of 18 U.S.C. § 3146, because to prove that the failure was intentional, the

United States was required to show that the defendant had actual knowledge of his obligation to

appear. Id. Had Rule 16-308(E) been in effect, however, it is unlikely the prosecutor would

have served the subpoena, since he would have risked a determination by the New Mexico

Supreme Court that "other feasible alternatives" existed to establish the defendant's knowledge

about the hearing, and that the attorney's testimony was not "essential." Id. The existence of

Rule 16-308(E) would likely discourage prosecutors in the U.S. Attorney's Office from

attempting to obtain and use this type of evidence in a similar case today. Id.

10.    In another case prior to the enactment of Rule 16-308(E), the United States Attorney's

Office prosecuted a defendant for a scheme to fraudulently obtain compensation from FEMA,

which was compensating the victims of a fire caused by the government. Siemel Dec. ¶ 8(b).

Because the defendant carried out the fraud scheme under an assumed name, the United States

needed witnesses to identify the defendant as the perpetrator. Id. The prosecutor had a federal

grand jury subpoena served on an attorney who had previously represented the defendant under

her assumed name, but the attorney filed a motion to quash the subpoena, citing the attorney-

client privilege. Id. The Court overruled the attorney's objection, relying on the crime-fraud

7

exception to the attorney-client privilege.  Id.  Consequently, the subpoena provided evidence which helped the government to identify the defendant.  Id.  Had Rule 16-308(E) been in effect, the prosecutor would have been unlikely to risk being sanctioned given that he arguably had alternative, albeit less compelling, ways of proving the identity of the defendant.  Id.

11.     Furthermore, in responding to the subpoena, the attorney provided documents that the defendant had stolen from a landlord to fraudulently represent her residence for purpose of making her FEMA claim.  Siemel Dec. ¶ 8(c).  As a result, the subpoena led to important documentary evidence of the defendant's fraud.  Id.  If Rule 16-308(E) had been operative, the documentary evidence might never have come to light because the subpoena might never have been served.  Id.  The stolen material was important evidence but was not the only evidence against the defendant, so the prosecutor arguably had alternative ways of proving that the defendant committed the fraudulent scheme charged.  Id.

12.     In the case just described, the prosecutor called a second attorney to testify at trial who had previously represented the defendant under her real name in connection with her prosecution in an unrelated civil matter.  Siemel Dec. ¶ 8(d).  The defendant had made a claim to FEMA for the replacement of belongings she falsely claimed were destroyed by the fire, and as evidence that she had purchased the replacement items, she presented a check that she claimed was made out to the organizer of an estate sale.  Id.  In fact, however, the check had been written to the second attorney for legal services in connection with the unrelated matter.  Id.  At trial, the attorney testified as to the defendant's identity and the true purpose for which the funds had been used.  Id.

13.     This evidence was obtained in a lawful manner, implicated no privilege, and allowed the

jury access to the truth. Siemel Dec. ¶ 8(e). Without it, the defendant might have been able to shield her criminal activities from scrutiny, and the government might even have refrained from having at least one felony charge in the fraud scheme that was specifically based upon the check the defendant had written. Id. Had Rule 16-308(E) been existence at the time of the case in question, however, the prosecutor might never have called the attorneys to testify because there was other available evidence to prove fraud, and the attorneys' testimony might have been deemed not essential, or have been considered evidence that was otherwise feasibly obtainable. Id.

14.     After the United States Attorney's Office obtained the conviction of the former New Mexico State Treasurer for public corruption, his criminal defense attorney alleged that the government had failed to alert him that a potential witness possessed exculpatory evidence and that the government threats against that witness had prevented her from testifying on behalf of the defendant. Siemel Dec. ¶ 8(f). In response, the government sought to show that it had provided the evidence, that the criminal defense attorney also knew about the evidence through his own interview of the potential witness, and that the government had never threatened the potential witness. Id. Before the hearing, the potential witness invoked the protections of the Fifth Amendment and refused to testify. Id.

15.     The potential witness' attorney came to the hearing without being subpoenaed by anyone, was called by the defendant, and testified on direct that the government had never threatened his client. Siemel Dec. ¶ 8(f). The United States then called the case agent, who also testified that he had never threatened the potential witness. Id. Because the defense argued that the case agent was not credible, the attorney's corroborating testimony was very helpful to the United

9

States, yet it was arguably non-essential given that the testimony of the case agent presented a "feasible alternative." Id. In these circumstances, Rule 16-308(E) arguably would have prevented the United States from obtaining helpful testimony from the defense attorney by use of a subpoena – but would not similarly limit a criminal defense attorney. Id. That a criminal defense attorney may subpoena an attorney witness to elicit the same testimony that a prosecutor would be ethically restricted from eliciting emphasizes the fact that prosecutors' efforts to obtain perfectly proper and legal evidence – which is available to all other lawyers – are chilled by Rule 16-308(E). Id.

16.     The U.S. Attorney's Office handles tax violation investigations and prosecutions which sometimes involve attorneys who are accountants or work with accountants, and Rule 16-308(E) could seriously impede the U.S. Attorney's Office from obtaining indictments or evidence to prove that a crime actually occurred with respect to these matters. Siemel Dec. ¶ 8(g). In these types of cases, a lawyer's file can be a compendium of unprivileged historical documents relating to taxpayer assets or expenses. Id. Without having reviewed this file, it may well not be possible for a prosecutor or grand jury to determine whether tax violations have occurred. Id. Moreover, given that the contents of the file would be unknown at the time the subpoena is served, it is unlikely the prosecutor would be able to aver that the attorney/accountant file is "essential" to the investigation. Id. And while there are likely to be alternatives to subpoenaing the unprivileged contents of such a file, such alternatives are potentially very wasteful of the grand jury's time because they could involve broad searches to identify taxpayer assets and expenses, followed by investigations to draw a connection with the potential tax violations. Id. These alternatives can be intrusive to others who must, in some instances unnecessarily, testify

10

before the grand jury as it attempts to recreate the assets, expenses, and other relevant matters through secondary and tertiary evidence. Id. Rule 16-308(E) has a "chilling" effect on prosecutors who would otherwise not hesitate to obtain access to the critical, unprivileged information in attorney/accountant files relating to tax violations. Id.

17.     Prosecutors from the U.S. Attorney's Office handled a case in which the criminal defense attorney represented a defendant who was charged with numerous murders and who was suspected of having been involved in the murders, including the murder of another of the defense attorney's clients. Siemel Dec. ¶ 8(h). In order to establish the defendant's motive to murder the other client, the United States wished to show that the defendant had been informed by his defense attorney that his other client might provide the United States with evidence against the defendant as part of plea negotiations. Id. Had Rule 16-308(E) been in effect, evidence from the defense attorney might have been deemed obtainable from an alternative source or not "essential" pursuant to Rule 16-308(E) because there are, and were, other types and sources of evidence to prove murder. Id. Yet proving that the defendant knew that his victim would have provided incriminating evidence against him would have been persuasive and compelling evidence to secure as part of a murder investigation. Id. The "essentiality" and "no feasible alternative" requirements of Rule 16-308(E) would have posed an obstacle to obtaining evidence that the criminal defense attorney had conveyed this information to the defendant (although in this instance, the defense attorney was considered to be untruthful, and therefore, serious consideration was not given to subpoenaing him). Id.

### 2.     Examples of Actual Interference with Investigations and Prosecutions Occurring After Rule 16-308(E)'s Adoption

18.     Although grand jury secrecy requirements preclude the revelation of many of the details

11

of instances in which Rule 16-308(E) has hampered prosecutors in the performance of their

otherwise lawful duties, there are many examples of situations in which it has already posed

impediments, Siemel Dec. ¶ 9, as detailed below.

19.     The U.S. Attorney's Office investigated an investment fraud scheme perpetrated by a

target who, upon learning that he was under investigation, hired a criminal defense attorney.

Siemel Dec. ¶ 9(a).  The target used money generated by the scheme to pay for his criminal

defense, but he told a witness he had used the money to pay the attorney for legal work related to

the supposed investment.  Id.  Only the target and the attorney were in a position to testify that

the victim funds were used for his criminal defense and not for any actual investment-related

purposes.  Id.  The threat of ethical sanctions posed by Rule 16-308(E), however, prevented the

prosecutor from seeking this important evidence from the attorney.  Id.  Had the subpoena been

issued, the prosecutor would have risked being accused of seeking evidence that might later have

been deemed obtainable by alternative means or not "essential" under Rule 16-308(E).  Id.

20.     The U.S. Attorney's Office investigated an investment fraud scheme perpetrated by a

target who owed a civil defense attorney a significant sum of money for services rendered in

unrelated civil litigation.  Siemel Dec. ¶ 9(b).  To pay his attorney, the target devised a scheme

by which he promised to place victim funds in a specified investment.  Id.  The target instructed

the victims to wire the money to the civil attorney, telling them that the attorney would hold the

funds in escrow until they were released for investment.  Id.  The funds were never released as

promised.  Id.  Although only the target and the civil attorney knew that the funds were never

intended for investment and were instead intended by the target to pay his debt to the attorney,

the threat of ethical sanctions posed by Rule 16-308(E) discouraged the prosecutor from seeking

12

this important evidence from the attorney. Id. The prosecutor ultimately subpoenaed the attorney to testify before grand jury and secured a court order requiring him to testify before the grand jury and to provide documents generated and collected in connection with the civil attorney's transactions with the target. Id. However, in doing so, the prosecutor risked being accused of seeking evidence that might later have been deemed obtainable by alternative means or not "essential" under Rule 16-308(E). Id.

21.     When a New Mexico company received $11 million in contracts from the VA that were reserved for service-disabled veteran-owned small businesses, the U.S. Attorney's Office investigated whether the company was actually owned and operated by a service-disabled veteran. Siemel Dec. ¶ 9(c). The true owner of the company, who did not meet this requirement, claimed that his half-brother really owned the business and was a service-disabled veteran. Id. The prosecutor discovered that a local law firm had drafted documents to make it appear that the half-brother had purchased 51% of the company's stock by issuing an IOU on which he was to make regular payments toward the purchase price into an escrow account controlled by the law firm. Id. An attorney at the firm wrote an opinion letter stating that the firm had represented the company in its sale to the half-brother and that the attorney believed the company met the legal requirements for a service-disabled veteran-owned small business. Id.

22.     The prosecutor wanted to subpoena the escrow records from the law firm to prove that the half-brother had made none of the necessary payments. Siemel Dec. ¶ 9(d). While escrow account records are not privileged even when maintained by a law firm, the prosecutor refrained from subpoenaing the records because of uncertainty as to whether the records were "essential to the successful completion" of the investigation under Rule 16-308(E)(2). Id. The prosecutor

obtained an indictment without the records, but the absence of those records made the case more difficult to prove.  Id.  Furthermore, while the prosecutor suspected the attorneys of conspiring in the fraud, it was unclear whether the escrow records would have confirmed their participation and thereby been proven "essential to the successful completion" of the prosecution.  Id.  Rule 16-308(E)(3) also prevented the prosecutor from subpoenaing the escrow records because the half-brother agreed to cooperate and informed her that he had made no payments into the escrow account.  Id.  Even though the half-brother was an impeachable cooperator, he was an "alternative" source under Rule 16-308(E)(3), so the prosecutor could have been subject to sanctions if she had subpoenaed the escrow records even though they were more reliable evidence of the defendant's crimes.  Id.

23.     In this same matter, the prosecutor wanted to subpoena the law firm's attorneys to testify before a grand jury about their discussions with the true owner of the company as to the company's status as a service-disabled veteran-owned small business.  Siemel Dec. ¶ 9(e). Because the true owner had apparently used the law firm's services to further his fraud, the attorneys' testimony would have been subject to the crime-fraud exception to the attorney-client privilege, fulfilling Rule 16-308(E)(1).  Id.  There were no alternative means of obtaining the information, so Rule 16-308(E)(3) might also have been met.  Id.  However, Rule 16-308(E)(2) prevented the prosecutor from serving the subpoena because without knowing the content of the testimony, she could not possibly determine whether it would be "essential to the successful completion of an ongoing investigation or prosecution."  Id.  For example, if the true owner alleged that he acted on the advice of counsel, the success of the prosecution might have depended on whether the attorneys credibly disputed that allegation.  Id.

14

24.     In another federal criminal investigation, counsel for the defendant challenged a grand

jury subpoena to an attorney on grounds that, inter alia, the subpoena failed to comply with Rule

16-308(E).  Siemel Dec. ¶ 9(f).  The prosecutor served the subpoena based on the belief that

there was no feasible alternative way of obtaining the information in question, but the

reasonableness of that belief has been disputed by defense counsel.  Id.  Even though the Court

rejected the argument that the rule applied in this case, defense counsel could have asked the

New Mexico Supreme Court to impose ethical sanctions against the prosecutor for allegedly

violating Rule 16-308(E).  Id.  Situations like this will deter prosecutors from serving even

subpoenas they believe are proper and will thereby hamper the law enforcement activities of the

United States.  Id.

25.     Contributing to the deterrent effect of Rule 16-308(E) is the fact that prosecutors will

often be unable to defend themselves against allegations of ethical wrongdoing because the

grand jury or national security ("classified") information they need for that purpose often cannot

be disclosed.  Siemel Dec. ¶ 10.  This problem is particularly acute when either the lawyer to be

subpoenaed or that lawyer's client is a subject of the grand jury investigation.  Id.  In a fraud

investigation, for example, the documents to be subpoenaed from the attorney may be facially

privileged but otherwise disclosable pursuant to the crime/fraud exception to the attorney-client

privilege.  Id.  A federal prosecutor who is accused of seeking information that is protected from

disclosure by an applicable privilege in violation of Rule 16-308(E) could be precluded from

defending herself in this situation.  Id.

26.     The reason for this is that establishing the factual basis for the crime/fraud exception may

require the testimony of other grand jury witnesses.  Siemel Dec. ¶ 10.  Thus, to show that the

15

crime-fraud exception applies and that the information sought is therefore not protected by a privilege, the prosecutor would likely need to present that grand jury testimony. Id. Because grand jury material cannot legally be revealed to the New Mexico Supreme Court, however, the prosecutor who handles such an investigation would be subject to ethical sanctions, even though a mechanism already exists to protect attorneys with a legitimate privilege from being required to testify against their clients, i.e., the attorney and/or the attorney's client may move to quash a subpoena that would require the revelation of allegedly privileged information. Id.

27.     These situations demonstrate that well-meaning prosecutors using legal means of obtaining evidence of criminality sit under an ethical sword of Damocles because they can be disciplined for simply performing their duties. Siemel Dec. ¶ 11. Federal grand juries in the District of New Mexico will continue in the future to need unprivileged evidence of crimes from lawyers. Id. In many such cases, the most appropriate means of obtaining that evidence will be by subpoena. Id. However, the requirement that the prosecutor "reasonably believe" that the evidence sought be "essential," and that there be "no other feasible alternative to obtain the information" will often impair and impede the ability of the grand jury to obtain unprivileged information implicating attorneys in criminal activity. Id. If enforced against federal prosecutors, Rule 16-380(E) will interfere directly with the efforts of the U.S. Attorney's Office and the Department of Justice to enforce the criminal laws of the United States. Id.

## ARGUMENT

### THE SUPREMACY CLAUSE PROHIBITS THE ENFORCEMENT OF NEW MEXICO RULE 16-308(E) AGAINST FEDERAL PROSECUTORS ON THE BASES OF FIELD PREEMPTION AND CONFLICT PREEMPTION

At the outset, it should be emphasized that the United States does not assert that federal

16

law preempts the state ethical regulation of federal prosecutors. See Sperry v. Florida, 373 U.S. 379, 402 (1963) ("the State maintains control over the practice of law within its borders except to the limited extent necessary for the accomplishment of the federal objectives"). In fact, the Ethical Standards for Prosecutors Act, 28 U.S.C. § 530B ("Section 530B"), subjects attorneys for the Government to the ethical standards of the jurisdiction in which the attorneys perform their duties, to the same extent as other attorneys in that state who are similarly situated. However, as applied to federal attorneys, Rule 16-308(E) operates as more than an "ethical" standard: it institutes its own criminal procedural or practice rules for federal proceedings that conflict with federal law. See Stern v. U.S. Dist. Ct. for the Dist. of Mass., 214 F.3d 4, 20-21 (1st Cir. 2000) (concluding that because the state rule included substantive standards, it could no longer be characterized as a rule of ethics). Because Rule 16-308(E) goes beyond the realm of ethics, Section 530B does not "rescue" it so as to subject federal attorneys to state regulation at the expense of their federal duties.[2] See id. at 21. And regardless of how Rule 16-308(E) may be labeled, it is not in fact an "ethical" rule, and is invalid as applied to federal attorneys because, as shown below, it invades the field of federal criminal procedure and sets standards that are at odds with federal law.

---

[2] The regulations implementing Section 530B "dispel the notion that section 530B grants states and lower federal courts the power, in the guise of regulating ethics, to impose strictures that are inconsistent with federal law." Stern, 214 F.3d at 20. The regulations provide that Section 530B "should not be construed in any way to alter federal substantive, procedural, or evidentiary law." 28 C.F.R. § 77.1(b). The regulations were issued by the Attorney General pursuant to express congressional authority, 28 U.S.C. § 530B(b), and are therefore binding, see United States v. Mead Corp., 533 U.S. 218, 227 (2001) (stating that when "'there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation,' . . . any ensuing regulation is binding in the courts unless procedurally defective, arbitrary or capricious in substance, or manifestly contrary to the statute") (quoting Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 843-44 (1984)).

The Supremacy Clause provides that "the Laws of the United States . . . shall be the supreme Law of the Land; . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const., Art. VI, cl. 2. Pursuant to this Clause, it is well established that federal law preempts state law where Congress "'left no room'" for state regulation, Hillsborough Cty. v. Automated Med. Labs., Inc., 471 U.S. 707, 713 (1985) (quoting Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 230 (1947)), or where the state laws "'interfere with, or are contrary to,' federal law." Hillsborough Cty., 471 U.S. at 712 (quoting Gibbons v. Ogden, 22 U.S. (9 Wheat.) 1, 211 (1824)).

Federal preemption of state law may occur in several different ways. Preemption results most obviously when the federal law contains an explicit statement of preemption. See City of N.Y. v. FCC, 486 U.S. 57, 65-66 (1988). Even in the absence of such an express statement, however, preemption may be implied from the federal law's structure and purpose. See Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 138 (1990). There are two basic types of implied preemption: field preemption and conflict preemption. Gade v. Nat'l Solid Wastes Mgmt. Ass'n, 505 U.S. 88, 98 (1992); Chamber of Commerce of the U.S. v. Edmondson, 594 F.3d 742, 765 (10th Cir. 2010).

**I.     STATE REGULATION IN THE FIELD OF FEDERAL CRIMINAL PROCEDURE, INCLUDING APPLICATION OF NEW MEXICO RULE 16-308(E) TO FEDERAL PROSECUTORS, IS PREEMPTED BY FEDERAL LAW**

Field preemption occurs when the scheme of federal regulation is "'so pervasive . . . that Congress left no room for the States to supplement it.'" Ariz. v. United States, __ U.S. __, 132 S. Ct. 2492, 2501 (2012) (quoting Rice v. Santa Fe Elevator Corp., 331 U.S. at 230); see also Bishop v. Federal Intermediate Credit Bank of Wichita, 908 F.2d 658, 660 (10th Cir. 1990).

18

Preemption of a whole field also may be implied "where the field is one in which 'the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject.'" Hillsborough Cty., 471 U.S. at 713 (quoting Rice v. Santa Fe Elevator Corp., 331 U.S. at 230); see also Ariz. v. United States, 132 S. Ct. at 2501.  In these cases, federal law is said to "occupy [the] field," thereby precluding any state regulation of the particular subject matter at issue.  California v. ARC Am. Corp., 490 U.S. 93, 100 (1989); see Hillsborough Cty., 471 U.S. at 713.

An examination of the congressional scheme for promulgating federal rules of procedure, and the existing federal rules themselves, reveals that the field of regulating criminal procedure and practice in federal courts has been "occupied" by the federal government, leaving no room for state regulation.  First, Congress has expressly provided for rulemaking in this area by delegating to the United States Supreme Court the power to prescribe rules of federal court practice, procedure, and evidence.  28 U.S.C. § 2072; see Stern, 214 F.3d at 13.  Such rules must be submitted to Congress before they take effect, and rules of evidence must be adopted as acts of Congress.  28 U.S.C. § 2074.  In addition, Congress has given the federal courts themselves powers to "prescribe rules for the conduct of their business," which "shall be consistent with Acts of Congress and rules of practice and procedure prescribed under section 2072."  Id. § 2071; see Stern, 214 F.3d at 13.

Pursuant to 28 U.S.C. § 2072 (and its predecessors), the Supreme Court has promulgated the Federal Rules of Criminal Procedure, which comprehensively set forth procedural rules for criminal proceedings in federal court, including grand jury proceedings and subpoenas.  These rules have the force and effect of a federal statute.  Davis v. United States, 411 U.S. 233, 241

19

(1973). The Supreme Court has also promulgated the Federal Rules of Evidence, which have been approved by Act of Congress, and which set forth, among other things, rules regarding privileges. See Fed. R. Evid. 501.

In light of this congressional scheme for the creation of federal procedural rules, and the comprehensive rules actually adopted by the Supreme Court pursuant to this scheme, the federal government completely "occupies the field" of setting such rules. See Advisory Committee's Notes to Fed. R. Crim. P. 57 (the rules of practice and procedure prescribed by the Supreme Court are intended to be a "comprehensive procedural code for criminal cases in the Federal courts"). In this scheme, there is no room for the fifty states to impose their own, supplemental procedures. Indeed, the federal interest in setting the procedures to govern its own court system is indisputable -- and it would fly in the face of reason to conclude that Congress did not intend to preempt the field but rather intended to allow the states to create supplemental rules of evidence or procedure for federal courts.

Under the doctrine of "field preemption," therefore, New Mexico is preempted from promulgating its own rules to regulate federal criminal practice and procedure. However, New Mexico Rule 16-308(E) seeks to do just that. Through the mechanism of imposing a purported ethical duty on prosecutors, Rule 16-308(E) actually establishes new substantive standards for the issuance of criminal subpoenas. Thus, a prosecutor seeking to subpoena an attorney regarding his or her client must "reasonably believe[]" that the information "is not protected from disclosure by any applicable privilege," "is essential to the successful completion of an ongoing investigation or prosecution," and that "there is no other feasible alternative to obtain the information." As discussed further below, this standard goes well beyond federal law and

existing case law and hence institutes new substantive rules governing criminal practice.

If applied to federal prosecutors and to federal criminal proceedings, this newly adopted rule intrudes into an area that Congress has reserved for federal regulation, the area of federal court criminal practice and procedure. See Baylson v. Disciplinary Bd. of the Supreme Ct. of Pa., 975 F.2d 102, 108 (3d Cir. 1992) ("Rule 3.10 seeks to regulate . . . an area of criminal practice and procedure"), cert. denied, 507 U.S. 984 (1993); Baylson, 975 F.2d at 110 (noting that the Massachusetts subpoena rule at issue in United States v. Klubock, 832 F.2d 649 (1st Cir.), vacated, op. withdrawn, on reh'g en banc, 832 F.2d 664 (1st Cir. 1987) (en banc), "while . . . labeled a rule of conduct, . . . was in fact a procedural rule"); Almond v. U.S. Dist. Ct. for the Dist. of R.I., 852 F. Supp. 78, 87 (D.N.H. 1994) ("[L]abeling [Rule 3.8(f)] an ethical rule cannot obscure the fact it requires the creation of, and prosecutorial compliance with, a novel form of grand jury procedure."), aff'd in part, rev'd in part, Whitehouse v. U.S. Dist. Ct. for the Dist. of R.I., 53 F.3d 1349 (1st Cir. 1995).  For this reason, application of Rule 16-308(E) to federal prosecutors and federal proceedings is preempted by federal law.

## II.    NEW MEXICO RULE 16-308(E), AS APPLIED TO FEDERAL PROSECUTORS, CONFLICTS WITH FEDERAL LAW

Conflict preemption occurs when, even though federal law does not completely foreclose state regulation in an area, a state law "actually conflicts with federal law." Hillsborough Cty., 471 U.S. at 713; Ariz. v. United States, 132 S. Ct. at 2501.  Such a conflict most obviously arises when "compliance with both federal and state [law] is a physical impossibility." Fla. Lime & Avocado Growers, Inc. v. Paul, 373 U.S. 132, 142-43 (1963); Edmondson, 594 F.3d at 766. Conflict preemption also occurs, however, when state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." Ariz. v. United

21

States, 132 S. Ct. at 2501 (quoting Hines v. Davidowitz, 312 U.S. 52, 67 (1941)); Edmondson, 594 F.3d at 766-67. Even if the federal and state laws have the same ultimate goal, the state law is preempted if it interferes with the methods that the federal law provides to reach that goal. Int'l Paper Co. v. Ouellette, 479 U.S. 481, 494 (1987); see Edmondson, 594 F.3d at 767-69.

As a corollary to the above principles, the Supreme Court has also held that the Supremacy Clause prohibits state laws that interfere with the conduct of United States employees and entities in the performance of their official duties, and, specifically, those state laws that seek to prohibit conduct authorized by federal law or to mandate conduct that conflicts with federal law. "'. . . [T]he activities of the Federal Government are free from regulation by any state" except to the extent that Congress expressly authorizes such regulation. Hancock v. Train, 426 U.S. 167, 178-80 (1967) (quoting Mayo v. United States, 319 U.S. 441, 445 (1943)); accord Bank of the U.S. v. Halstead, 23 U.S. (10 Wheat.) 51, 63 (1825) ("[a]n officer of the United States cannot, in the discharge of his duty, be governed and controlled by State laws, any farther than such laws have been adopted and sanctioned by the legislative authority of the United States"). Thus, the Court has held that a state could not prosecute a U.S. Marshal for a shooting arising out of the Marshal's performance of federal duties, In re Neagle, 135 U.S. 1, 61-62, 69-70, 75-76 (1890), and that a state could not require a federal postal employee to obtain a state driver's license in order to deliver the mail, Johnson v. Maryland, 254 U.S. 51, 57 (1920). This rule has been applied to state attempts to restrict the conduct of attorneys authorized to practice in a federal forum. Thus, in Sperry v. Florida, 373 U.S. at 381-83, the Supreme Court held that Florida could not prohibit a non-lawyer from practicing before the United States Patent Office where Patent Office regulations specifically allowed practice by non-lawyers.

As evidenced by Sperry, the above principles apply even where the state law at issue is in an area traditionally regulated by the states, such as the regulation of the practice of law. See Gade, 505 U.S. at 108. Although there is a general presumption against finding preemption in such an area, the presumption will be overcome if there is a "clear and manifest" purpose to preempt state law. ARC Am. Corp., 490 U.S. at 101; Hillsborough Cty., 471 U.S. at 715; see Gade, 505 U.S. at 108. "The relative importance to the State of its own law is not material when there is a conflict with a valid federal law, for the Framers of the Constitution provided that the federal law must prevail." Free v. Bland, 369 U.S. 663, 666 (1962). "[A]ny state law, however clearly within a State's acknowledged power, which interferes with or is contrary to federal law, must yield." Id.; accord Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta, 458 U.S. 141, 153 (1982); De Canas v. Bica, 424 U.S. 351, 357 (1976). Thus, even with regard to conflicts between federal law and state rules governing attorney conduct, federal law must prevail. See Sperry v. Florida, 373 U.S. at 383, 385 (Florida could not, despite the "substantial [state] interest in regulating the practice of law within the State," "deny to those failing to meet its own qualifications the right to perform the functions within the scope of the federal authority").

The preemption categories discussed above "are not rigidly distinct." Gade, 505 U.S. at 104 n.2 (citing English v. Gen. Elec. Co., 496 U.S. 72, 79 (1990)). Instead of approaching preemption analysis through set formulas, therefore, a court should focus on the "ultimate task" - - "to determine whether state regulation is consistent with the structure and purpose of [the federal law at issue] as a whole." Gade, 505 U.S. at 98. As discussed below, consideration of the entire scheme of federal laws governing criminal practice and procedure, as well as the traditional role and powers of the federal grand jury, leads to the conclusion that New Mexico's

attempt to impose new requirements and procedures on subpoenas issued by federal prosecutors is preempted.

### A.    The New Mexico Rule Conflicts With Federal Rule of Criminal Procedure 17

Rule 17 of the Federal Rules of Criminal Procedure regulates subpoena practice in federal criminal cases. Subpoenas for testimony and for the production of documents and objects are issued by the clerk of court. On motion, the court may quash or modify a subpoena duces tecum "if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). Rule 17 does not provide for a similar means to challenge a testimonial subpoena. However, case law generally allows a witness to assert privileges against testifying on a question-by-question basis during his or her testimony, In re Walsh, 623 F.2d 489, 493 (7th Cir. 1980), cert. denied, 449 U.S. 994 (1980), and allows quashing of the subpoena in certain instances. See, e.g., United States v. North, 910 F.2d 843, 888-92 (D.C. Cir.) (affirming order quashing trial subpoena of former President Reagan on grounds that he would not have provided material or favorable evidence), modified on other grounds, 920 F.2d 940 (D.C. Cir. 1990).

Under Rule 17, all parties served with a subpoena are treated identically, including lawyers. Thus, lawyers, like all witnesses, are required to assert applicable privileges on a question-by-question basis when appearing before the grand jury or at trial or, in the case of a subpoena duces tecum, by filing a motion to quash a subpoena after service. See, e.g., In re Grand Jury Proceedings, 616 F.3d 1172, 1186 (10th Cir. 2010) (affirming order denying motion to quash subpoenas compelling testimony and the disclosure of documents by attorney who invoked attorney-client privilege and work-product doctrine); In re Grand Jury Subpoena for Attorney Representing Criminal Defendant Reyes-Requena, 913 F.2d 1118, 1127, 1129 (5th Cir.

24

1990) (attorney filed motion to quash), cert. denied, 499 U.S. 959 (1991); In re Walsh, 623 F.2d

at 493 (attorney must establish the elements of the privilege as to each record sought and each

question asked).

New Mexico Rule 16-308(E) is fundamentally inconsistent with Rule 17 for several

reasons. First, it creates additional substantive standards for the issuance of subpoenas. Under

Rule 17, a party need not comply with any substantive standards for issuance of a subpoena ad

testificandum, and need only establish that a subpoena duces tecum is not "unreasonable or

oppressive," if the subpoena is challenged. In contrast, the New Mexico Rule requires that

testimonial or documentary information sought from a lawyer be "essential to the successful

completion of an ongoing investigation or prosecution," that it not be protected by an applicable

privilege, and that there be no other feasible alternative to obtain the information.[3]  Imposing

these higher standards is inconsistent with Rule 17, and hence Rule 16-308(E) is preempted

insofar as it is applied to federal prosecutors.

That the New Mexico Rule conflicts with federal law in raising standards for the issuance

of grand jury subpoenas is illustrated by the case of United States v. R. Enterprises, Inc., 498

U.S. 292 (1991). In that case, relying on the traditionally broad functions and powers of the

grand jury to conduct investigations, the Supreme Court squarely declined to impose a criterion

---

[3] New Mexico Rule 16-308(E) actually states that the prosecutor must "reasonably believe[]" that these three criteria are met. Presumably, if a prosecutor 's conduct is questioned under Rule 16-308(E), the prosecutor will have to establish his or her reasonable belief that each criterion is met, and must therefore (to persuade defendants or a court of the "reasonableness" of that belief) present some evidence of the basis for his or her belief. This requirement is contrary to the rule that "a grand jury subpoena issued through normal channels is presumed to be reasonable, and the burden of showing unreasonableness must be on the recipient who seeks to avoid compliance." United States v. R. Enters., Inc., 498 U.S. 292, 301 (1991); see also United States v. Erickson, 561 F.3d 1150, 1161 (10th Cir. 2009) (same) (citing R. Enters.).

of "relevance" on grand jury subpoenas.[4]  Id. at 298-99.  This Circuit has followed that holding.

United States v. Erickson, 561 F.3d 1150, 1161 (10th Cir. 2009) (citing R. Enters.).  Moreover,

in specifically addressing the "reasonableness" standard incorporated in Rule 17, as it applies to

grand jury subpoenas, the Supreme Court adopted a standard broader than "relevance" -- a grand

jury subpoena is "unreasonable" only if there is "no reasonable possibility that the category of

materials the Government seeks will produce information relevant to the general subject of the

grand jury's investigation."  R. Enters., 498 U.S. at 301; United States v. Erickson, 561 F.3d at

1161 (quoting R. Enters.).  To the extent that Rule 16-308(E) seeks to impose a more rigorous

standard than this (which it clearly does, since not "essential" is far more rigorous than "no

reasonable possibility" that the information will be "relevant"), it conflicts with Rule 17 and with

the R. Enterprises holding, as followed in this Circuit.  It must therefore be rejected as applied to

federal prosecutors.

The New Mexico Rule also impermissibly raises standards for the issuance of trial

---

[4] Even before R. Enterprises was decided, several circuits, including this one, concluded
(frequently in the context of motions to quash attorney subpoenas) that federal law does not
permit imposing a requirement of showing special "need" (essentialness) for grand jury
subpoenas.  See In re Grand Jury Matter, 926 F.2d 348, 350 (4th Cir. 1991) (rejecting
requirement that government must show "an important need for the information sought"); In re
Grand Jury Subpoenas (Anderson), 906 F.2d 1485, 1496 (10th Cir. 1990) (where grand jury
subpoenaed defendant's attorney for fee information, "government is not required to make any
further showing of need or lack of another source for the subpoenaed information"); In re Grand
Jury Subpoena Served Upon Doe, 781 F.2d 238, 248 (2d Cir.) (en banc), ("[t]o impose additional
requirements that the government show its need for the information sought and that the attorney
is the only source for that information would hamper severely the investigative function of the
grand jury . . ."), cert. denied, 475 U.S. 1108 (1986); In re Klein, 776 F.2d 628, 632 (7th Cir.
1985) (rejecting imposition of "need" requirement before calling attorney to testify before grand
jury); In re Grand Jury Proceedings, W. Dist. of N.M. (Cid), 767 F.2d 1131, 1133 (5th Cir. 1985)
("The United States is not obliged to make a preliminary showing of the proper use of process in
a grand jury proceeding."); In re Grand Jury Proceedings (Freeman), 708 F.2d 1571, 1575 (11th
Cir. 1983) (rejecting the imposition of a "relevance and need" limitation on a grand jury's

subpoenas above those applicable under federal law. In <u>United States v. Nixon</u>, 418 U.S. 683, 699-700 (1974), the Supreme Court set forth the test for evaluating a motion to quash a subpoena to produce documents at trial. The prosecutor must show (1) relevancy, (2) admissibility, and (3) specificity and, in addition, must show that the documents are not "reasonably" available from another source, that he or she cannot properly prepare for trial without them, and that the application is made in good faith and not as part of fishing expedition. <u>Id.</u>; <u>see also</u> <u>United States v. Hughes</u>, No. 90-2114, 931 F.2d 63 (Table), 1991 WL 59383 (10th Cir. April 17, 1991), at *1 (unpublished). The substantive standard introduced by the New Mexico Rule conflicts with this established standard for documents (and imposes an additional standard for trial testimony). The requirements that the evidence be "essential" and that there be "no feasible alternative" for obtaining it are more stringent than the Supreme Court's formulation: establishing that a document is relevant, admissible, and not "reasonably" available otherwise falls short of establishing that the document is "essential" to the successful completion of the trial. <u>See</u> <u>United States v. Colo. Supreme Ct.</u>, 87 F.3d 1161, 1166 (10th Cir. 1996) ("requirements that attorney testimony be 'essential' and that there be 'no other feasible alternative to obtain the information' set a higher standard" than requirements that the information sought be "reasonably needed" and not obtainable through other "reasonable attempts"); <u>see also</u> <u>United States v. Klubock</u>, 832 F.2d 664, 673 (1st Cir. 1987) (equally divided <u>en banc</u>) (opinion of Breyer, J.) (suggesting that a local rule imposing standards of review for attorney subpoenas stricter than traditional motion-to-quash standards would fall outside the district court's rulemaking authority). Moreover, the New Mexico standard, unlike the <u>Nixon</u> standard, requires the prosecutor to anticipate and evaluate in

subpoena power over an attorney).

advance of their assertion the applicability of any privileges.

The New Mexico Rule is also inconsistent with Rule 17 in setting special standards for attorney subpoenas. The Tenth Circuit has declined to treat attorneys differently in evaluating motions to quash under Rule 17(c). In Re Grand Jury Subpoenas (Anderson), 906 F.2d at 1494 ("'There can be no absolute rule that frees an attorney, merely because he is such, to refuse to give unprivileged evidence to a grand jury.'") (quoting In Re Grand Jury Matters, 751 F.2d 13, 19 (1st Cir. 1984)); see also Upjohn Co. v. United States, 449 U.S. 383, 396 (1981) (noting that "'the recognition of a privilege based on a confidential relationship . . . should be determined on a case-by-case basis'") (quoting S. Rep. No. 93-1277, p. 13 (1974)). Other circuits have concurred that subpoenaed attorneys do not have a special status under federal law.[5]  See Reyes-Requena, 913 F.2d at 1127 ("There can be no absolute rule that frees an attorney, merely because he is such, to refuse to give unprivileged evidence to a grand jury.") (quotation marks and citation omitted); In re Grand Jury Matter, 926 F.2d at 350 (attorneys do not deserve a special hearing "merely because of their 'attorney' status"); In re Grand Jury Subpoena Served Upon Doe, 781 F.2d at 249 ("A new requirement to be complied with by the government before it may enforce a grand jury subpoena served upon an attorney can be justified only if the information sought is protected by a constitutional, common law, or statutory privilege,"). Imposing such

---

[5] To the extent that the attorney-client or attorney work-product doctrine applies to the evidence sought from the subpoenaed attorney, the attorney can assert (as attorneys regularly do) those privileges and obtain any appropriate protection before or during the proceedings. See In Re Klein, 776 F.2d at 633 ("For more than 100 years courts have believed that the attorney-client and work product privileges provide enough protection of the client's interest in obtaining legal advice. We are loath to establish requirements going beyond the privilege . . . ."). The New Mexico Rule is not necessary to protect lawyers from being compelled to reveal privileged matters.

standards as a matter of state law thus is inconsistent with this established federal law.

In United States v. Colorado Supreme Court, 189 F.3d 1281 (10th Cir. 1999), the Court found no conflict with Federal Rule of Criminal Procedure 17 where a state rule restricted prosecutors in criminal proceedings, other than a grand jury proceeding, from subpoenaing attorneys unless the prosecutor reasonably believed that the information was not protected by a privilege, the evidence sought was essential to an ongoing investigation or prosecution, and there was no feasible alternative to obtain the information.[6]  The Court reasoned that the state rule in question was an "ethics" rule because it regulated professional conduct for the purpose of protecting the attorney-client relationship. United States v. Colo. Supreme Ct., 189 F.3d at 1288. The rule was held not to conflict with Federal Rule of Criminal Procedure 17, which the Court viewed narrowly as "detail[ing] only the procedures for issuing a proper subpoena." United States v. Colo. Supreme Ct., 189 F.3d at 1288-89.

While the rule at issue in Colorado Supreme Court resembles the Rule at issue in the present case, that decision cannot serve as a basis for upholding Rule 16-308(E). The Court in Colorado Supreme Court did not examine the dispositive questions of whether federal law occupies the field of federal criminal procedure, as reflected in Rule 17; whether the substantive standards for the issuance of trial subpoenas embodied in the state rule were inconsistent with those contained in Rule 17 and established by federal case law; whether the state rule improperly set special standards for attorney subpoenas; and whether the state rule conflicted with Federal

---

[6] Unlike New Mexico Rule 16-308(E), the restriction at issue in Colorado Supreme Court was not applicable to subpoenas served upon lawyers in grand jury proceedings. A portion of the original rule made it applicable to grand jury proceedings, but the district court determined that the restriction on grand jury proceedings violated the Supremacy Clause, and that decision

29

Rules of Evidence 402 and 501.  As demonstrated herein, New Mexico Rule 16-308(E) is preempted by federal law governing federal criminal procedure, conflicts with the federal standards for the issuance of trial subpoenas and Federal Rules of Evidence 402 and 501, <u>see</u> <u>infra</u>, and improperly establishes special standards for attorney subpoenas.  The Court gave a cursory look at whether the state rule conflicted with Federal Rule of Criminal Procedure 17 but determined that it did not.  This conclusion constitutes clear error because Rule 17 sets no standard for testimonial subpoenas served upon attorneys, whereas Rule 16-308(E) does.  The Tenth Circuit also failed to consider whether the rule actually interferes or conflicts with other federal law.  In doing so, it erroneously failed to recognize that such a conflict with federal law, regardless of how a rule is labeled, amounts to a violation of the Supremacy Clause.  <u>Accord</u> <u>Baylson</u>, 975 F.2d at 112.

Furthermore, in <u>Colorado Supreme Court</u>, the Court relied on <u>Whitehouse v. United States District Court for the District of Rhode Island,</u> 53 F.3d 1349 (1st Cir. 1995), for the proposition that "the service of 'an attorney-subpoena may cause irreparable damage to the attorney-client relationship," which was worthy of protection.  <u>United States v. Colo. Supreme Ct.,</u> 189 F.3d at 1288.  However, the local rule upheld in <u>Whitehouse</u> was very different from Rule 16-308(E): it merely required judicial preapproval of attorney subpoenas under traditional motion-to-quash standards; essentiality and no-feasible-alternative were not elements of the rule but aspirations found in the commentary.  Therefore, unlike Rule 16-308(E), the local rule in <u>Whitehouse</u> "worked no substantive change in governing law."  <u>Stern</u>, 214 F.3d at 16; <u>see</u> <u>Whitehouse</u>, 53 F.3d at 1353.  After the decision in <u>Whitehouse</u>, the First Circuit did examine a

---

was not appealed.  <u>United States v. Colo. Supreme Ct.</u>, 189 F.3d at 1284.

30

rule that, like Rule 16-308(E), restricted prosecutors in criminal proceedings from subpoenaing

attorneys unless the prosecutor reasonably believed that the information was not protected by a

privilege, the evidence sought was essential to an ongoing investigation or prosecution, and there

was no feasible alternative to obtain the information. The First Circuit invalidated that rule on

grounds that it impermissibly interfered with grand jury proceedings and imposed new

substantive requirements on local prosecutors that transcended local rulemaking authority.

Stern, 214 F.3d at 18. Therefore, to the extent the decision in Whitehouse could be deemed to

have any bearing on the instant case at all, see Stern, 214 F.3d at 8 (interpreting Whitehouse as

strongly suggesting that a different result would have obtained were the "essentiality" and "no-

feasible-alternative" criteria suggested in the comment to the rule at issue instead actually

embedded in the text), it is effectively obsolete for present purposes. For the same reasons that

the First Circuit invalidated the rule in Stern, this Court should invalidate New Mexico Rule 16-

308(E).

Colorado Supreme Court was decided in the wake of the enactment of 28 U.S.C. § 530B,

which mandated that federal attorneys were to be bound by state professional responsibility

rules. According to the Tenth Circuit, the question of whether the rule at issue violated the

Supremacy Clause turned on whether it was a rule of professional ethics clearly covered by

Section 530B, or a substantive or procedural rule that was inconsistent with federal law. Colo.

Supreme Ct., 189 F.3d at 1284. Rather than thoroughly examining whether the substance of the

rule conflicted with or was incompatible with federal law, the court looked to dictionaries, case

law, and model rules, for a definition of "ethics." See Colo. Supreme Ct., 189 F.3d at 1285-86.

It concluded that the rule was one of ethics because it protected the attorney-client relationship,

31

had "the vague sweeping character of moral edict," and was "clearly directed at the prosecutor, not at the cause of action." Colo. Supreme Ct., 189 F.3d at 1288. The Tenth Circuit, therefore, found the rule applicable to federal prosecutors by virtue of Section 530B.

In considering the implications of Section 530B, the Tenth Circuit also failed to analyze provisions of the implementing regulations, which explicitly state that Section 530B "should not be construed in any way to alter federal substantive, procedural, or evidentiary law . . . ." 28 C.F.R. § 77.1(b). Despite this clear mandate, Rule 16-308(E) impermissibly alters federal substantive and procedural law by restricting the United States' ability to obtain and present evidence through compulsory subpoena processes to which it is entitled. In depriving federal prosecutors of the same ability as their opposing counsel to use Rule 17 to subpoena attorney testimony, Rule 16-308(E) also violates 28 C.F.R. § 77.1(c) which states that Section 530B, "should not be construed to impose greater burdens on Department [of Justice] attorneys than those on non-Department attorneys . . .." 28 C.F.R. § 77.1(c). Thus, although the Court referenced Section 530B in support of its holding, it did so without consideration of Section 530B's accompanying regulations which inexorably lead to an opposite conclusion. That the rules of professional conduct apply to federal prosecutors, as mandated by Section 530B, does not mean that an ethics rule may permissibly interfere with federal criminal law or supersede it.

The Court's conclusion in Colorado Supreme Court is also at odds with United States v. Singleton, where the Tenth Circuit, sitting en banc, overturned a panel's decision that a federal statute criminalizing the payment of gratuities to witnesses prevented a prosecutor from offering a co-defendant leniency in exchange for truthful testimony. U.S. v. Singleton, 165 F.3d 1297,

32

1298 (10th Cir. 1999).[1]  In so doing, the <u>en banc</u> Court held that, "an Assistant United States Attorney, acting within the scope conferred upon that office, is the alter ego of the United States exercising its sovereign power of prosecution" and, when exercising this power, "the United States and the Assistant United States Attorney cannot be separated." <u>Id.</u> at 1300.  When an Assistant United States Attorney seeks non-privileged information from an attorney in furtherance of a federal criminal investigation or prosecution, the Assistant United States Attorney is also acting within the scope conferred upon that office and, therefore, is acting as the alter ego of the United States. Just as an anti-gratuity statute cannot prevent an Assistant United States Attorney from entering an agreement to obtain truthful information from a co-defendant, neither can an ethics rule prevent an Assistant United States Attorney, acting as an alter ego of the United States, from obtaining unprivileged information through compulsory process to which it is entitled.

### B. The New Mexico Rule Conflicts With Federal Rule of Criminal Procedure 6(e)

Rule 6(e) of the Federal Rules of Criminal Procedure generally prohibits federal prosecutors from disclosing "matters occurring before the grand jury."  This paramount secrecy requirement is inconsistent with Rule 16-308(E) (as applied to grand jury subpoenas), which would require prosecutors, if challenged, to prove that the information they seek to present to the grand jury "is essential to the successful completion" of their investigation.  Such an inquiry must necessarily involve the disclosure, not only of the existence of an investigation, but also of the subject matter and status of the investigation, matters encompassed within Rule 6(e)'s secrecy

---

[1] Two of the judges on the <u>Colorado Supreme Court</u> panel were also on the <u>Singleton</u> panel. Every <u>en banc</u> judge in the Tenth Circuit not on the <u>Singleton</u> panel rejected the panel's decision

33

requirement. Rule 16-308(E) thus conflicts with this rule and the fundamental principle of secrecy and is therefore preempted by federal law.

Moreover, in proving that the information they seek to present to the grand jury is "essential," prosecutors would also be required to disclose details of the investigation, including what other evidence the prosecution has been able to obtain. Such evidentiary and investigatory details are not otherwise required to be disclosed to any other witness. Thus, the "essential" requirement is incompatible with Rule 6(e).

As the Supreme Court explained in rejecting a "relevance" requirement for grand jury subpoenas in R. Enterprises:

> Requiring the Government to explain in too much detail the particular reasons underlying a subpoena threatens to compromise "the indispensable secrecy of grand jury proceedings." United States v. Johnson, 319 U.S. 503, 513 (1943). Broad disclosure also affords the targets of investigation far more information about the grand jury's internal workings than the Federal Rules of Criminal Procedure appear to contemplate.

498 U.S. at 299. Here, Rule 16-308(E) sets a significantly higher standard for the prosecutor to meet than in responding to a traditional motion to quash, unavoidably requiring the divulging of more information. The rule is therefore invalid.

### C.     The New Mexico Rule Conflicts With Federal Rule of Evidence 501

By prescribing new criteria for prosecutors' subpoenas of attorneys, New Mexico Rule 16-308(E) also dramatically expands the scope of privileged information that may be made unavailable to the truth-seeking process. Such a result is preempted by Federal Rule of Evidence 501, which limits evidentiary privileges to those established by the Constitution, federal statute, or federal common law. Fed. R. Evid. 501; see Branzburg v. Hayes, 408 U.S. 665, 688 (1972)

in Singleton.

34

("[T]he longstanding principle that 'the public . . . has a right to every man's evidence,' except for those persons protected by a constitutional, common-law, or statutory privilege . . . is particularly applicable to grand jury proceedings."); Reyes-Requena, 913 F.2d at 1129 ("[J]udicial attempts to regulate attorney appearances before the grand jury would tend to create exemptions beyond matters of privilege and constitutional limitations and would transgress the command of Branzburg [v. Hayes, 408 U.S. 665 (1972)].").

Rule 16-308(E) broadens the scope of privileged information by permitting witnesses to avoid testifying even under circumstances not covered by existing privileges. Thus, although the attorney-client privilege generally only protects communications between attorneys and their clients, and "does not protect disclosure of the underlying facts by those who communicated with the attorney," Upjohn Co. v. United States, 449 U.S. at 389, 395, Rule 16-308(E) would allow an attorney not to testify at all if the information sought was not "essential" to an investigation, or if there was a feasible alternative to obtain it, even if none of such information were covered by the attorney-client privilege.[7] By protecting unprivileged information from disclosure, the Rule violates Federal Rule of Evidence 501 and thereby hinders the truth-seeking function of our adversary system.

The Supreme Court has recognized that our adversary system of criminal justice serves the "two-fold aim . . . that guilt shall not escape or innocence suffer." United States v. Nixon, 418 U.S. 683, 709 (1974) (internal quotations and citations omitted). According to the Court, "[t]he ends of criminal justice would be defeated if judgments were to be founded on a partial or

---

[7] In the absence of Rule 16-308(E), the attorney-witness is still entitled to assert the attorney-client and attorney work-product privileges on a question-by-question or document-by-document basis and to obtain the necessary protection from compelled disclosure of privileged materials.

35

speculative presentation of the facts," and therefore, "it is imperative to the function of the courts that compulsory process be available for the production of evidence needed either by the prosecution or by the defense." Id. As a rule that restricts a prosecutor's compulsory process and ability to obtain all the facts, Rule 16-308(E) stands in defiance of the Supreme Courts admonition that "exceptions to the demand for every man's evidence are not lightly created nor expansively construed, for they are in derogation of the search for truth." Id. at 710.

### D.   The New Mexico Rule Conflicts With Federal Rule of Evidence 402

The criteria in New Mexico Rule 16-308(E) also constrict the scope of relevant information that may be made available to the truth-seeking process. Such a result is preempted by Federal Rule of Evidence 402, which provides for the admissibility of relevant evidence unless the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the United States Supreme Court provide otherwise. Fed. R. Evid. 402. As the Supreme Court has observed, the function of a criminal trial is "to seek out and determine the truth or falsity of the charges brought against the defendant." Lopez v. United States, 373 U.S. 427, 440 (1963). Proper fulfillment of this function "requires that, constitutional limitations aside, all relevant, competent evidence be admissible, unless the manner in which it has been obtained – for example, by violating some statute or rule of procedure – compels the formulation of a rule excluding its introduction in a federal court." Id.; see Averitt v. Southland Motor Inn of Okla., 720 F.2d 1178, 1181 (10th Cir. 1983) ("[T]he federal rules favor admission of evidence if the evidence has any probative value at all.").

---

Rule 16-308(E) would, however, also prevent the disclosure of unprivileged materials.

Rule 16-308(E) improperly limits the pool of relevant information that can reach the fact-finder by allowing for the exclusion of otherwise relevant and admissible testimony. Where such testimony would be admissible under federal law, Rule 16-308(E) nevertheless renders it inadmissible unless it is "essential to the successful completion of an ongoing investigation or prosecution" and not otherwise feasibly obtainable. Rule 16-308(E) thereby impedes the truth-seeking function of the criminal justice system and conflicts with Federal Rule of Evidence 402. See Lopez v. United States, 373 U.S. at 440 ("[T]he court's inherent power to refuse to receive material evidence is a power that must be sparingly exercised."); see also United States v. Nixon, 418 U.S. at 710.

### E. The New Mexico Rule Interferes With the Performance By Federal Prosecutors of Their Federally Authorized Duties

Rule 16-308(E) improperly interferes with the performance by federal prosecutors of their otherwise lawful, federally authorized duties. It does so by preventing federal prosecutors from seeking subpoenas that would otherwise be permissible under federal law, and deterring federal prosecutors from seeking necessary and valid subpoenas out of a fear of being subject to sanctions.[8] Siemel Dec. ¶¶ 8-11; see Stern, 214 F.3d at 19 (noting that imposing restrictions on

---

[8] The Department of Justice has internal guidelines which require approval by the Assistant Attorney General for the Criminal Division of attorney subpoenas seeking information relating to the representation of a client. U.S. Dep't of Justice, U.S. Attorneys' Manual, Guidelines for Issuing Grand Jury or Trial Subpoena to Attorneys for Information Relating to the Representation of Clients, § 9-13.410 (2009); Siemel Dec. ¶ 12. In approving the issuance of such a subpoena, the Assistant Attorney General must consider, inter alia, whether the information sought is protected by a valid claim of privilege; the information sought is "reasonably needed for the successful completion of the investigation or prosecution"; and "all reasonable attempts to obtain the information from alternative sources . . . have proved to be unsuccessful." U.S. Attorneys' Manual at § 9-13.410; Siemel Dec. ¶ 12. The operative terms used in Rule 16-308(E), i.e., "essential" and "no feasible alternative," are not defined in the New Mexico Rules. Accordingly, one could argue that the Department's "reasonably needed"

37

the issuance of attorney subpoenas by prosecutors will "likely result [in] fewer attorney

subpoenas [being] served by the government" and "will make it measurably more difficult for

prosecutors to secure convictions"); cf. United States v. Colo. Supreme Ct., 87 F.3d at 1165

(allegations in complaint that rule would interfere with federal prosecutors in their conduct of

criminal proceedings and change the nature of the federal grand jury established injury in fact

sufficient to confer standing).  As a result, information available to grand juries and the courts

under federal law is no longer available to those forums.

    As explained previously, although states are not completely precluded from regulating

the conduct of federal employees, the Supremacy Clause prohibits state rules that, as here, seek

to prohibit conduct authorized under federal law or to mandate conduct that conflicts with federal

law.  See Sperry 373 U.S. at 385, 401-03; see also Goldfarb v. Va. State Bar, 421 U.S. 773

(1975) (invalidating state bar minimum fee schedules under the Sherman Antitrust Act);

Kolibash v. Comm. on Legal Ethics of W. Va. Bar, 872 F.2d 571, 575 (4th Cir. 1989) (holding

that a federal prosecutor had a colorable federal defense to a state bar disciplinary action because

"state professional disciplinary proceedings could be used to interfere with the duties of federal

---

criterion could be construed as less demanding than the "essentiality" requirement contained in
Rule 16-308(E).  Siemel Dec. ¶ 13.  Similarly, the stipulation that "reasonable attempts" to
obtain the information from alternative sources shall have been unsuccessful is arguably less
stringent than the requirement in Rule 16-308(E) that there be "no feasible alternative to obtain
the information."  Id.  Finally, internal supervising attorneys at the Department of Justice are in a
better position fairly to determine whether evidence is reasonably necessary or otherwise
available because, in contrast to the disciplinary board, they are permitted access to grand jury
and other secret information relevant to that determination.  Id.  Thus, unlike Rule 16-308(E), the
guidelines can be interpreted as not posing similar obstacles to federal prosecutors in the
performance of their official functions.  See Stern, 214 F.3d at 12-13 ("[A]n internal review
mechanism that specifically disavows any intent to create legally enforceable rights obviously
does not burden prosecutors in the same way, or to the same extent, as does a binding rule of
court that imposes substantive standards, requires prior judicial approval, and subjects

officials, including the President of the United States, the Secretary of State, and the Attorney

General of the United States, all of whom may be lawyers"); Cty. of Suffolk v. Long Island

Lighting Co., 710 F. Supp. 1407, 1414-15 (E.D.N.Y. 1989) (the Supremacy Clause prohibited

the state from commencing disciplinary proceedings against an attorney for violation of state

ethical rules for conduct in federal court approved by the court), aff'd, 907 F.2d 1295 (2d Cir.

1990). Requiring federal prosecutors to comply with Rule 16-308(E) interferes with the

sovereign interest of the United States in the proper and effective conduct of federal criminal

investigations and prosecutions and is an unconstitutional violation of the Supremacy Clause.

See United States v. Singleton, 165 F.3d 1297, 1300 (10th Cir. 1999) (en banc) (noting that in

criminal cases, "an Assistant United States Attorney, acting within the scope of authority

conferred upon that office, is the alter ego of the United States exercising its sovereign power of

prosecution").

### F.   Application of the New Mexico Rule to Federal Prosecutors Alters the Historic Operation and Function of the Grand Jury

Rule 16-308(E), if it applies to grand jury subpoenas, impermissibly alters the traditional

powers and functions of the grand jury. As the Supreme Court has recognized, the grand jury

"occupies a unique role in our criminal justice system." R. Enters., 498 U.S. at 297; Erickson,

561 F.3d at 1161 (quoting R. Enters.). It "belongs to no branch of the institutional Government,

serving as a kind of buffer between the Government and its people." United States v. Williams,

504 U.S. 36, 47 (1992). As a result, the Supreme Court has consistently rejected attempts by

federal courts to regulate the grand jury or to alter its traditional role or powers. See Baylson,

975 F.2d at 110; and cases cited supra, n.4. "[A]ny power federal courts may have to fashion, on

government attorneys to a potential disciplinary sanction.").

their own initiative, rules of grand jury procedure is a very limited one, not remotely comparable to the power they maintain over their own proceedings." Williams, 504 U.S. at 50. It follows that the states' authority to regulate federal grand jury procedure, even by means of a purported ethical rule, should be at least equally restricted.

The Supreme Court has explained that the grand jury's investigatory powers and scope are extremely broad. "The function of the grand jury is to inquire into <u>all information that might possibly bear on its investigation</u>" and, as a result, "the grand jury paints with a broad brush." <u>R. Enters.</u>, 498 U.S. at 297 (emphasis supplied); <u>In re Grand Jury Proceedings</u>, 2010 WL 3258616, at *6; <u>Erickson</u>, 561 F.3d at 1161 (quoting <u>R. Enters.</u>). The grand jury is not required to limit its investigation to matters that are reasonably expected to lead to an indictment; it is entitled to inquire just to satisfy itself that no offense has occurred. "A grand jury investigation is not fully carried out until every available clue has been run down and all witnesses examined in every proper way to find if a crime has been committed." <u>R. Enters.</u>, 498 U.S. at 297 (internal quotation marks and citations omitted); <u>Erickson</u>, 561 F.3d at 1161 (quoting <u>R. Enters.</u>). To preserve this broad investigatory function, the Supreme Court has identified three "strong governmental interests": affording grand juries wide latitude, avoiding minitrials on peripheral matters, and preserving a necessary level of secrecy. <u>R. Enters.</u>, 498 U.S. at 300.

By significantly interfering with these three essential elements of grand jury operation, New Mexico Rule 16-308(E) exceeds whatever limited authority states may have to regulate in this area. First, the rule subverts the wide investigatory latitude of the grand jury by interposing substantive restraints on evidence presented to the grand jury, that is, on lawyer testimony. Specifically, requiring the prosecutor to prove that the information sought is "essential" to "the

successful completion of an ongoing investigation or prosecution" and that there is "no feasible

alternative" to obtain the information would circumscribe the scope of the grand jury's inquiry

and thereby impermissibly infringe on the grand jury's operations.  In this respect, the New

Mexico Rule goes beyond the previous standards applicable to motions to quash and to claims of

privilege and would exclude more evidence than is excludable under existing federal law.[9]  See

Erickson, 561 F.3d at 1161 (indicating that "there is no real question of relevance" in connection

with grand jury proceedings).

      Second, since the rule institutes a more rigorous standard than that applying to a motion

to quash, and applies to a broader category of subpoenas, it will add delay beyond that created

when a motion to quash is filed.  See United States v. Dionisio, 410 U.S. 1, 17 (1973) ("Any

holding that would saddle a grand jury with minitrials and preliminary showings would assuredly

impede its investigation and frustrate the public's interest in the fair and expeditious

administration of the criminal laws.").

      Finally, requiring a prosecutor to show that "the evidence sought is essential to the

successful completion of an ongoing investigation or prosecution" would necessarily reveal the

subject matter and status of an investigation, thereby violating the secrecy of the grand jury.  See

R. Enters., 498 U.S. at 299 ("Requiring the Government to explain in too much detail the

particular reasons underlying a subpoena threatens to compromise the indispensable secrecy of

---

[9] It could be argued that Rule 16-308(E) is not a problem because it applies only to
subpoenas sought by prosecutors, not those sought by the grand jury itself.  However, given the
significant role of prosecutors in conducting grand jury proceedings, the practical effect is the
same -- application of the rule will have a significant effect on the evidence presented to the
grand jury and hence on the grand jury's investigative scope. See Stern, 214 F.3d at 16 n.4 ("As
a practical matter, grand jury subpoenas are almost universally issued by and through federal
prosecutors.").

grand jury proceedings.") (internal quotation marks omitted). This problem cannot entirely be cured by in camera proceedings, since the fact of the existence of the investigation itself will have to be divulged prematurely and, in addition, the witness will need some information to contest the subpoena meaningfully.

As a result of the general judicial reluctance to infringe on the grand jury process, and for reasons similar to those cited above, the circuit courts have repeatedly declined to impose limitations on the exercise of grand jury subpoena authority. See Reyes-Requena, 913 F.2d at 1129; In re Grand Jury Subpoena Served Upon Doe, 781 F.2d at 248-49 (imposing additional requirements "would hamper severely the investigative function"); In re Klein, 776 F.2d at 634 ("grand jury proceedings should be swift and unhindered"); and other cases cited in note 4, supra; see also Colo. Supreme Ct., 87 F.3d at 1165 (allegations that similar rule interfered with federal prosecutors in their conduct of criminal proceedings and changed the nature of the federal grand jury were sufficient to establish injury in fact). Therefore, New Mexico is preempted from imposing similar rules on federal prosecutions by the means of so-called ethics rules.

## CONCLUSION

For the above reasons, plaintiffs' motion for summary judgment should be granted; New Mexico Rule 16-308(E) should be declared invalid, null, and void, as applied to federal attorneys for otherwise lawful actions taken in the course of investigating or prosecuting crimes against the United States; and defendants should be permanently enjoined from instituting, prosecuting, or continuing any disciplinary proceeding or action against federal attorneys for otherwise lawful actions taken in the course of investigating or prosecuting any crimes against the United States on the ground that such attorneys violated Rule 16-308(E).

42

Dated: June 28, 2013

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

KENNETH J. GONZALES
United States Attorney

STEVEN YARBROUGH
Assistant United States Attorney

ARTHUR R. GOLDBERG
Assistant Director

/s/ Lisa A. Olson
LISA A. OLSON
Senior Trial Counsel
U.S. Department of Justice
Civil Division, Room 7300
20 Massachusetts Ave., N.W.
Washington, D.C. 20530
Telephone: (202) 514-5633
Facsimile: (202) 616-8470
Email: lisa.olson@usdoj.gov

Counsel for Plaintiff

43