IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

V.                                                                     Case No. 13cv0407 WJ/LFG

SUPREME COURT OF NEW MEXICO, THE
DISCIPLINARY BOARD OF NEW MEXICO,
and OFFICE OF THE DISCIPLINARY
COUNSEL OF NEW MEXICO

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING
## DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION AND
## FAILURE TO JOIN NECESSARY AND INDISPENSABLE PARTIES

**THIS MATTER** comes before the Court upon Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(7) for Lack of Jurisdiction and Failure to Join Necessary and Indispensible Parties, filed July 5, 2013 **(Doc. No. 15)**. Having considered the parties' briefs and the applicable law, the Court finds that Defendants' motion is not well-taken and, therefore, is DENIED.

### Background

The United States instituted this action facially challenging the New Mexico Rule of Professional Conduct 16-308(E) ("Rule 16-308(E)") as it applies to federal prosecutors. Rule 16-308(E) provides a prosecutor shall not:

> subpoena a lawyer in a grand jury or other criminal proceeding to present evidence about a past or present client unless the prosecutor reasonably believes:
> (1) the information sought is not protected from disclosure by any applicable privilege;
> (2) the evidence sought is essential to the successful completion of an ongoing

investigation or prosecution; and
(3) there is no other feasible alternative to obtain the information.

Plaintiff argues that Rule 16-308(E) as it applies to federal prosecutors is preempted by federal law.[1]  Further, Plaintiff argues that although no federal prosecutors have been disciplined under Rule 16-308(E), federal prosecutors have changed their behavior in order to conform to the rule.  Defendants argue that this action should be dismissed because Plaintiff has not sufficiently alleged an injury in fact, a requirement for Article III standing.  Additionally, Defendants argue this matter is not ripe for adjudication.  Finally, Defendants argue that the lawyers whose rights may be potentially affected under Rule 16-308(E) are necessary and indispensable parties and Plaintiff's failure to join them in this proceeding mandates dismissal of this action under Fed. R. Civ. P. 12(b)(7).

## Discussion

### I.   Legal Standard

Article III of the Constitution limits the jurisdiction of federal courts to cases and controversies. U.S. Const. art. III, § 2, cl. 1; Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). The case or controversy limitation requires that a plaintiff have standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 559–61 (1992).  The plaintiff bears the burden of establishing the elements of standing. Defenders of Wildlife, 504 U.S. at 559–61.  In deciding the issue of standing, the Court must accept as true all well-pleaded facts, and construe all reasonable allegations in the light most favorable to the plaintiff.  Warth v. Seldin, 422 U.S. 490, 501 (1975).

"In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Warth, 422 U.S. at 498.  A plaintiff has

---

[1]  Plaintiff's Complaint refers both to federal prosecutors and federal attorneys.  The Court assumes that Plaintiff only intended to bring this suit on behalf of federal prosecutors, because by it terms, Rule 16-308(E) only applies to prosecuting attorneys.

standing when (1) she has suffered an injury in fact, (2) there is a causal connection between the injury and the conduct complained of, and (3) it is likely that the injury will be redressed by a favorable decision. Defenders of Wildlife, 504 U.S. at 559–61. An "injury in fact" is an invasion of a legally protected interest that is concrete, particularized, and actual or imminent, not conjectural or hypothetical. Id. These three elements of standing are "an indispensable part of the plaintiff's case," and thus the plaintiff must support each element "with the manner and degree of evidence required at the successive stages of the litigation." Id.

Accordingly at this stage in the litigation, Plaintiff must plead the elements of standing in accordance with Bell Atl. Corp.v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). "Threadbare recitals of the elements," which are "supported by mere conclusory statements," will no longer suffice at the pleadings stage. Iqbal, 559 U.S. at 678. Plaintiff's claims for standing "do not require detailed factual allegations, but must set forth "more than labels and conclusions, and a formulaic recitation of the element of a cause of action will not do." Twombly, at 555[2].

## II.     Plaintiff has Sufficiently Alleged an Injury in Fact.

The Tenth Circuit case of United States v. Colorado Supreme Court, 87 F.3d 1161(10th Cir. 1996), is on all fours with the instant case and the Court is bound by its holding. In

---

[2] Although Defendants generally allege that Plaintiff's Complaint fails to sufficiently state the elements of standing, the only specific element they attack is injury in fact. The Court will address injury in fact further below. To the extent that Defendants' Motion was also meant to attack the other two elements of standing, causation and redressability, the Court finds that these two elements are met. First, Plaintiff has sufficiently plead causation, because Defendants are the ones who enacted and will enforce the rule that is allegedly preempted. Second, because Plaintiff's alleged harm is having federal prosecutors subject to conflicting standards regarding subpoenas, an injunction prohibiting Defendants from enforcing the rule or a declaration that the law is preempted will clearly redress Plaintiff's injury. As the Supreme Court observed in Defenders of Wildlife, "[w]hen the suit is one challenging the legality of government action or inaction, the nature and extent of facts that must be averred ... or proved ... in order to establish standing depends considerably upon whether the plaintiff is himself an object of the action (or forgone action) at issue." Defenders of Wildlife, 504 U.S. at 561. However, if the plaintiff is the subject of challenged action, "there is ordinarily little question that the action or inaction has caused him injury, and that a judgment preventing or requiring action will redress it." Id. at 561–62.

Colorado Supreme Court, the United States brought an action for an injunction and declaratory judgment challenging two Colorado Rules of Professional Conduct which applied to all attorneys practicing in Colorado including federal prosecutors. Id., 87 F.3d 1163. The challenged rules were Rule 3.3(d) and 3.8(f). Id. Rule 3.3(d) provided "In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer which will enable the tribunal to make an informed decision, whether or not the facts are adverse." Id. Rule 3.8(f) provided that "a prosecutor in a criminal case shall ... not subpoena a lawyer in a grand jury or other criminal proceeding to present evidence about a past or present client unless" certain requirements are met, including that "the evidence sought is essential to the successful completion of an ongoing investigation or prosecution" and "there is no other feasible alternative to obtain the information." Id. In addition, Rule 3.8(f) forbids a prosecutor from subpoenaing an attorney to present evidence about a client before a grand jury unless she "obtains prior judicial approval after the opportunity for an adversarial proceeding." Id. The United States alleged the challenged rules "alter[ed] the nature of the federal grand jury, conflict[ed] with federal law, and interfere[d] with federal prosecutors in their conduct of criminal investigations and prosecutions." Id., 87 F.3d at 1164.

    Defendants in Colorado Supreme Court moved to dismiss Plaintiff's claims on the basis that Plaintiff lacked subject matter jurisdiction because Plaintiff had not alleged an injury in fact. Defendants pointed out that no federal prosecutor had ever been disciplined under these rules since their enactment. Id. The district court granted Defendants' motion to dismiss. Id. The district court held that the United States lacked standing because federal prosecutors had suffered no injury as a result of application of the rules. Id. Furthermore, the district court determined that federal prosecutors were not injured by changing their behavior to conform with the rules

4

because such changes did not affect the attorneys' ability to prosecute cases and did not injure the attorneys personally. Id. In sum, the district court held that no case or controversy existed because the United States could not show actual or imminent injury in fact, and thus could not establish the injury element of the standing requirement. Id. The United States appealed the trial court's decision and the Tenth Circuit reversed. Id.

The Tenth Circuit held, "[t]he complaint in this case alleges that Colorado Rules 3.3(d) and 3.8(f) interfere with federal prosecutors in their conduct of criminal proceedings and change the nature of the federal grand jury in Colorado. These allegations are sufficiently 'concrete and particularized' and 'actual or imminent' to withstand a motion to dismiss." Id., 87 F.3d at 1165. The Tenth Circuit squarely rejected the district court's suggestion that the United States could only establish standing by alleging disciplinary action had actually been taken under the challenged rules. Id., 87 F.3d 1166 (citation omitted) (emphasis added) (stating "Parties need not ... await the imposition of penalties under an unconstitutional enactment in order to assert their constitutional claim for an injunction in federal court. *Once the gun has been cocked and aimed and the finger is on the trigger, it is not necessary to wait until the bullet strikes to invoke the Declaratory Judgment Act."*). The Court also pointed to analogous cases in other circuits involving federal prosecutors challenging similar state bar rules where although the courts did not specifically address standing, they must have believed there was standing in order reach a decision on the merits. See id. (citing Whitehouse v. United States District Court for the District of Rhode Island, 53 F.3d 1349 (1st Cir.1995) and Baylson v. Disciplinary Bd. of the Supreme Court of Pennsylvania, 975 F.2d 102 (3d Cir.1992) and noting "[a]lthough the First and Third Circuits did not address standing when they decided cases very similar to this one, we must assume that those courts believed that the plaintiffs had standing as both courts proceeded to

address their respective cases on the merits."). The Tenth Circuit concluded, "[t]hus federal prosecutors need not risk disbarment by violating the Colorado Rules in order to challenge those rules in federal court." Id.

Defendants' attempts to distinguish Colorado Supreme Court from the instant case are unpersuasive. Defendants first allege that Colorado Supreme Court is distinguishable because it also involved Rule 3.3(d) which concerned presenting exculpatory evidence to a grand jury. However, the Tenth Circuit explicitly held that Rule 3.8(f) involving serving subpoenas on lawyers was sufficient by itself to allege an injury in fact. Colorado Supreme Court, 87 F.3d at 1165 ("The United States has also alleged sufficient injury in fact with regard to Rule 3.8(f). Rule 3.8(f) forbids prosecutors to subpoena attorneys to present evidence before grand juries about past or present clients unless the information sought is 'essential' and there is no other 'feasible alternative to obtain the information.'"). Defendants' second argument to distinguish Colorado Supreme Court likewise fails. Defendants argue that the fact that Rule 3.8(f) had the additional requirement that prosecutors obtain prior judicial approval following an adversarial proceeding in order to subpoena an attorney sets Colorado Supreme Court apart from the instant case. Although the Tenth Circuit did specifically take this additional provision into account when reaching its ruling, it was not the only basis for its determination that the United States had standing. After addressing the impact of the judicial approval requirement, the Tenth Circuit went on to say:

> The defendants argue that the U.S. Attorneys' Manual contains provisions that are substantially similar to Rule 3.8(f), and consequently that Rule 3.8(f) does not require a change in federal prosecutors' behavior. However, Rule 3.8(f) requires far more from federal prosecutors than does the U.S. Attorneys' Manual. The Manual requires that all subpoenas of attorneys for information relating to the representation of a client be approved by the Assistant Attorney General of the Criminal Division. The Manual directs the Assistant Attorney General not to approve such subpoenas unless 'the information sought is reasonably needed for

6

> the successful completion of the investigation or prosecution' and 'all reasonable attempts to obtain information from alternative sources shall have proved unsuccessful.' Rule 3.8(f)'s requirements that attorney testimony be 'essential' and that there be 'no other feasible alternative to obtain the information' set a higher standard for obtaining attorney subpoenas than the Manual.

Id., at 1667.

"In sum, Rule 3.8(f) *does* change federal prosecutors' practice, and the United States' allegations as to those changes establishes injury in fact." Id. (emphasis in the original). The Court does not find the differences between the rule at issue in Colorado Supreme Court and the rule at issue in the instant case sufficient to distinguish the two cases. Based on controlling Tenth Circuit precedent in Colorado Supreme Court, the Court finds that Plaintiff has sufficiently alleged an injury in fact and has met the requirements for standing.

### III.   This Matter is Ripe for Adjudication

A related concern to the issue of standing is ripeness. The ripeness doctrine aims to prevent courts "from entangling themselves in abstract disagreements" by avoiding "premature adjudication." Awad v. Ziriax, 670 F.3d 1111, 1124 (10th Cir. 2012) (citing Abbott Labs. v. Gardner, 387 U.S. 136, 148 (1967), overruled on other grounds by California v. Sanders, 430 U.S. 99, 105 (1977)). "Ripeness reflects constitutional considerations that implicate Article III limitations on judicial power, as well as prudential reasons for refusing to exercise jurisdiction." Id. "[I]f a threatened injury is sufficiently 'imminent' to establish standing, the constitutional requirements of the ripeness doctrine will necessarily be satisfied." Am. Civil Liberties Union v. Johnson, 194 F.3d 1149, 1154 (10th Cir.1999) (citation omitted)[3]. The prudential consideration of "[r]ipeness "requir[es] [the court] to evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." Texas v. United States, 523

---

[3]   Having determined that Plaintiff sufficiently alleged an injury in fact, the Court need not address Article III ripeness further.

U.S. 296, 300-01 (1998) (citation omitted). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Id. However, "[t]he ripeness issue [] focuses not on whether the plaintiff was in fact harmed, but rather "whether the harm asserted has matured sufficiently to warrant judicial intervention." Morgan v. McCotter, 365 F.3d 882, 890 (10th Cir. 2004) (citing Warth, 422 U.S.at 499 n. 10).

Courts are especially cognizant of ripeness determinations in the context of an injunction or declaratory action. Reno v. Catholic Soc. Servs., Inc., 509 U.S. 43, 57 (1993). ("injunctive and declaratory judgment remedies [] are discretionary, and courts traditionally have been reluctant to apply them to administrative determinations unless these arise in the context of a controversy ripe for judicial resolution."). The action is not ripe "unless the effects of the administrative action challenged have been felt in a concrete way by the challenging parties." Id. In some cases, the promulgation of a regulation will itself affect parties concretely enough to satisfy this requirement. Id. (citing Abbott Laboratories and Gardner v. Toilet Goods Assn., Inc., 387 U.S. 167, (1967).

### A.   Fitness for Judicial Resolution

"Under the first prong of the ripeness inquiry—fitness for judicial resolution—the court must determine whether the matter involves uncertain events which may not happen at all, and whether the issues involved are based on legal questions or factual ones." Skull Valley Band Of Goshute Indians v. Nielson, 376 F.3d 1223, 1237 (10th Cir. 2004). "If there are factual issues that need further development, the matter may not be fit for resolution." Id. Fitness for judicial resolution may depend upon whether it is "purely legal, whether consideration of the issue would benefit from a more concrete setting, and whether the agency's action is sufficiently final." Id. Courts have repeatedly held that cases involving preemption issues are ripe for judicial

resolution even in the absence of the development of specific factual issues.  See Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n, 461 U.S. 190, 201 (1983) (holding that the fact the case involved preemption weighed in favor of a finding of ripeness even though the law had not been fully developed and the case did not involve a specific enforcement action); Verizon Wireless (VAW) LLC v. City of Rio Rancho, NM, 476 F. Supp. 2d 1325, 1332 (D.N.M. 2007) (holding that claim was ripe, "[b]ecause the Companies are mounting a facial attack [based upon preemption] on the validity of the Ordinance, further factual development of these issues is not necessary."); National Ass'n of Home Builders v. U.S. Army Corps of Eng'rs, 417 F.3d 1272, 1282 (D.C.Cir.2005) ("a purely legal claim in the context of a facial challenge ... is 'presumptively reviewable.'"); City of Auburn v. Qwest Corp., 260 F.3d 1160, 1172 (9th Cir.2001) (question of whether states are preempted by federal law from promulgating any regulations regarding free air time for candidates did not raise ripeness issues because preemption is a question of law); Air Conditioning, Heating & Refrigeration Inst. v. City of Albuquerque, CIV. 08-633MV/RLP, 2008 WL 5586316 (D.N.M. Oct. 3, 2008) ("Because the issues raised in this case are predominantly legal, Plaintiffs' facial challenge is ripe for review."); Stern v. U.S. Dist. Court for Dist. of Mass., 214 F.3d 4, 10 (1st Cir. 2000) (holding in a case involving a state bar ethical rule almost identical to the one here that the matter was fit for judicial review because "the issue presented can be finally resolved by declaratory judgment, its contours are sharply defined, and additional facts will not affect its resolution.").

    The overwhelming majority of courts hold that cases involving facial challenges based upon preemption are fit for judicial review even without specific factual development or the law actually being enforced.  Here, the determination of whether Rule 16-308(E) is preempted, as the rule applies to federal prosecutors, will not depend on additional factual development, because

the preemption issue is purely a question of law. Accordingly, the Court finds that this matter is fit for judicial review; therefore the first factor for prudential ripeness is met.

### B. Hardship to Parties

"Under the second prong of the ripeness inquiry—the potential hardship of withholding judicial resolution—we examine whether the challenged action creates a direct and immediate dilemma for the parties." Skull Valley, 376 F.3d at 1237 (10th Cir. 2004) (citation omitted).

Defendants argue that Plaintiff's claims fail under this prong of the prudential ripeness consideration because Rule 16-308(E) does not require prosecutors to seek approval before securing a subpoena for a lawyer. Further, Defendants argue Rule 16-308(E) does not actually impose a burden on prosecutors to prove that the subpoena is proper; a reasonable belief that the subpoena is proper under Rule 16-308(E) is sufficient. Defendants argue that it is highly speculative whether this rule will ever affect prosecutors because discipline under the rule requires an "exact constellation of circumstances." See **(Doc. No. 15)**, Defendants' Motion at p. 9. Defendants allege that it is unlikely that a prosecutor will need to issue a subpoena in circumstances that preclude a reasonable belief that the subpoena complies with the requirements of Rule 16-308(E). Defendants further state that even if a federal prosecutor arguably violates Rule 16-308(E), a complaint would have to be filed with the State Bar before the prosecutor would face any repercussions. Defendants argue that these circumstances are so specific that it is improbable that Rule 16-308(E) will affect federal prosecutors at all.

Defendants further allege that they themselves would be prejudiced by allowing this lawsuit to continue at this time, because of the financial burden of defending an unripe lawsuit. Defendants also return to their critique of Plaintiff's "threadbare" Complaint in support of their argument that allowing this lawsuit to go forward will result in hardship to Defendants. Defendants also argue, in a rather grandiose manner, that the Court should not allow "any lawyer

or group of lawyers with a speculative concern about potentially being subject to a disciplinary complaint to walk into federal court and proceed with a lawsuit based upon the generic assertion that the State's ethical rules are preempted because they restrict a lawyer's use of [relevant evidence]." **(Doc. No. 15)**, at p. 9.

Plaintiff makes the straightforward assertion that it faces the immediate dilemma of choosing to access information that acceptable under the federal standards and risk running afoul of Rule 16-308(E) or complying with Rule 16-308(E) and risk not accessing evidence they could have otherwise obtained under the federal standards. Plaintiff also argues that its fear is credible because Rule 16-308(E) remains in place and Defendants have not disavowed any intention to enforce the rule.

Multiple courts have held the choice between refraining from conduct proscribed by an allegedly unconstitutional rule or risk running afoul of the rule creates an immediate dilemma. Skull Valley, 376 F.3d at 1237 ("the question of whether the federal licensing proceeding can now proceed without a separate Utah state licensing scheme imposing additional legal requirements upon [Plaintiffs] is a legal issue that currently affects the parties and may now be decided."); Verizon Wireless, 476 F. Supp. 2d at 1333 ("The Ordinance creates a direct and immediate dilemma for the Companies. They must either forego the planned upgrades; comply with an onerous permitting scheme that they contend is preempted by federal law; or attempt the upgrades without obtaining a permit and face the consequences of noncompliance."

The First Circuit confronted this same preemption issue when the United States challenged a Massachusetts State Bar ethical rule nearly identical to Rule 16-308(E). See Stern, 214 F.3d 4. In holding the case was ripe under the hardship prong of the prudential analysis, the First Circuit stated:

>This case also satisfies the hardship prong. Delaying adjudication until a more concrete controversy emerges (until, say, a particular attorney subpoena request reaches the judicial preapproval stage or disciplinary proceedings are instituted in the aftermath of a served subpoena) would inflict significant institutional costs with little corresponding gain. Indeed, charting such a course would put [the United States Attorney] on the horns of a dilemma, forcing him to decide whether to serve attorney subpoenas in cases arguably prohibited by the local rule and thus risk potential sanctions or to refrain from so doing and thus jeopardize the success of ongoing criminal investigations. It is precisely th[e] sort of 'direct and immediate' dilemma [that satisfies the hardship prong of prudential ripeness].

Stern, 214 F.3d at 11.

The Court is persuaded by the reasoning set forth in the above-cited cases, particularly the Stern case which involved a nearly identical cause of action. Accordingly, the Court finds that Plaintiff faces a direct and immediate dilemma of choosing whether to refrain from serving subpoenas which may violate Rule 16-308(E) or to risk violating Rule 16-308(E).

### C.    Unique Nature of Facial Challenges

In addition to attacking Plaintiff's Complaint under the traditional prudential ripeness concerns, Defendants argue that facial challenges are especially disfavored in the context of ripeness challenges. However, none of the cases Defendants cite for this proposition dealt with preemption. Further, one of the stated reasons for disfavoring facial challenges is a lack of factual development. See Taylor v. Roswell Indep. Sch. Dist., 713 F.3d 25, 40 (10th Cir. 2013) ("Facial challenges are disfavored for several reason' including the risk of premature interpretation because such challenges often rest on speculation."). Notwithstanding this general concern, as noted above, courts have repeatedly held that preemption challenges do not require a large of amount of factual development. Additionally, Defendants fail to point to any binding precedent which states that facial preemption challenges are especially disfavored. Further, the nature of a preemption challenge, like the one at issue in this case, lends itself to an immediate resolution in a situation such as this where further factual development is unnecessary. Either

Rule 16-308(E) applies to federal prosecutors or it is preempted. The challenge does not turn on the specifics of any one factual scenario, but instead on a construction of the rule itself. Accordingly, the Court's determination that this matter is ripe under prudential considerations is not changed by the fact that this is a facial challenge.

### IV. Attorneys Who May be Ordered to Testify are not Necessary and Indispensable Parties

Rule 19 of the Federal Rules of Civil Procedure, titled "Required Joinder of Parties," provides, in relevant part:

> (a)(1) . . . [A] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. . . .
>
> (b). . . . If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed.

Fed. R. Civ. P. 19.

To find indispensability under Fed.R.Civ.P. 19(b), the Court must undertake three steps. See N. Arapaho Tribe v. Harnsberger, 697 F.3d 1272, 1278 (10th Cir. 2012). First, the Court must determine whether a prospective party is "required to be joined" under Rule 19(a), in other words, is the party is necessary? Id. When determining whether a party is necessary, "[t]he court must consider (1) whether complete relief would be available to the parties already in the

suit, (2) whether the absent party has an interest related to the suit which as a practical matter would be impaired, and (3) whether a party already in the suit would be subjected to a substantial risk of multiple or inconsistent obligations." Rishell v. Jane Phillips Episcopal Memorial Med. Ctr., 94 F.3d 1407, 1411 (10th Cir.1996).  If the party is necessary, the Court must find that the required party cannot feasibly be joined. N. Arapaho Tribe, 697 F.3d at 1278.  Finally, the Court must determine, under Rule 19(b), whether the required-but-not-feasibly-joined party is so important to the action that the action cannot "in equity and good conscience" proceed in that person's absence, essentially whether the necessary party is also indispensable. Fed.R.Civ.P. 19(b).  If the party is indispensable , then the action should be dismissed absent joinder. Id.  The party seeking dismissal under the joinder rule bears the burden of persuasion. Rishell, 94 F.3d at 1411.

Defendants argue that attorneys who may potentially be subpoenaed in circumstances that do not comport with the requirements of Rule 16-308(E) are necessary and indispensable parties as defined by Rule 19.[4]  Defendants state that if an attorney testifies in response to a subpoena from a federal prosecutor in violation of Rule 16-308(E), that attorney may be subject to disciplinary action from the New Mexico Bar for violating the attorney-client privilege. Defendants argue that other attorneys'[5] interest in avoiding inconsistent rulings on the propriety of testifying under federal subpoena makes those attorneys necessary parties.  Defendants further allege that because Plaintiff's Complaint does not addresses a specific enforcement action, attorneys who may be affected by the Court's decision in this matter cannot be identified and,

---

[4]   Defendants repeatedly refer to ripeness concerns in their argument regarding joinder.  The Court has already determined that this matter is ripe even absent a specific subpoena.  Therefore, Defendants' arguments about ripeness in the context of their joinder arguments are not only irrelevant, but also they have already been resolved in Plaintiff's favor.
[5]   The Court will use the term "other attorneys" to refer to attorneys who may be subpoenaed to testify by a federal prosecutor.

14

therefore, cannot be feasibly joined as parties. Finally, Defendants argue that the other attorneys' interest in this matter is so important that to continue in their absence would be manifestly unfair.

The Court must first turn to the factors for determining whether or not a party is necessary. Here, the United States requests a declaration that Rule 16-308(E) is preempted as it applies to federal prosecutors and the United States requests an injunction enjoining Defendants from enforcing Rule 16-308(E) against federal prosecutors based upon the fact that Rule 16-308(E) is preempted. Accordingly, the relief at issue is completely dependent upon the Court's resolution of the preemption issue. Therefore, the Court can afford "complete relief among existing parties" without joining the other attorneys. See Fed. R. Civ. P. 19(A); Sac and Fox Nation of Missouri v. Norton, 240 F.3d 1250, 1258 (10th Cir. 2001) (citation omitted) ("A court is able to afford complete relief when a party's absence "does not prevent the plaintiffs from receiving their requested . . . relief."). Further, the challenged rule only governs the conduct of attorneys issuing subpoenas. The Court need not contemplate potential disciplinary action for responding or not responding to a subpoena issued under Rule 16-308(E) in order to resolve this matter. Defendants' concerns involve considerations that are not necessary for the Court's resolution of the issues raised by the instant case. Thus, under the first consideration for necessary parties, the other attorneys are not necessary to afford complete relief to the existing parties.

The second consideration for whether parties are required to be joined is whether the absent party has an interest related to the suit which as a practical matter would be impaired if it is not joined in the suit. Defendants argue that the other attorneys' ability to protect their interests in adhering to the rules governing the attorney-client relationship and avoiding potential

disciplinary action for breaching the attorney client privilege would impaired if they are not joined in this suit. Plaintiff states that the other attorneys arguably do not have an interest in this matter because Rule 16-308(E) only applies to subpoenas that do not involve privileged information and the rule only sanctions prosecutors, not attorney witnesses, who violate the rule.

Even assuming that the other attorneys have a legally protected interest in this case, they are not required to be joined because their interests are adequately represented by Defendants. "[T]he fact that the absent person may be bound by the judgment does not of itself require his joinder if his interests are fully represented by parties present." Sac and Fox Nation, 240 F.3d at 1259 (quoting 3A James Moore, Moore's Federal Practice ¶ 19.07 (2d ed. 1995)). This is especially true where the absent party's interests are aligned with an existing party. Id. (rejecting contention that absentee was indispensable party where existing party's "interest in defending his determinations [was] 'virtually identical' to the interests of the [absentee]"); see also Kansas v. United States, 249 F.3d 1213, 1227 (10th Cir.2001) (finding potential for prejudice "largely nonexistent" where interests of parties to litigation were "substantially similar, if not identical" to those of absent party, and therefore rejecting absentee's argument that it was a necessary and indispensable party). In this case there are only two possible outcomes, Rule 16-308(E) will be found to be preempted or it will not. Defendants are present in this case to champion the constitutionality of Rule 16-308(E). This is the same interest as the other attorneys who may be affected by this ruling. In other words, the other attorneys' ability to protect their interests will not be impaired if they are not joined because Defendants' interests are identical to theirs.

The final consideration, whether a party already in the suit would be subjected to a substantial risk of multiple or inconsistent obligations if the non-party is not joined, also weighs in favor of finding that the other attorneys are not necessary parties. Defendants allege that other

attorneys will be subject to differing standards if the Court finds that Rule 16-308(E) is preempted as it applies to federal prosecutors. However, Rule 19(a)'s inconsistent obligations rule only addresses *existing* parties. The Court's ruling on the preemption issue will not affect any obligations the current parties may have to the other attorneys who may be affected by the ruling.

Finally, as a practical matter, the other attorneys' participation in this case or lack thereof will not affect the outcome. Plaintiff's Complaint presents a simple discrete issue and that is whether Rule 16-308(E) is preempted as it applies to federal prosecutors. Preemption is ultimately an issue of Congressional intent and thus, the pertinent question is whether Congress intended federal law to preempt Rule 16-308(E). See Altria Grp., Inc. v. Good, 555 U.S. 70 (2008). Parties' interests will not change Congressional intent. The Court will ultimately determine whether or not Rule 16-308(E) is preempted. If it is, then federal prosecutors need only abide by the federal rules regarding subpoenaing attorneys. While such a ruling would have an effect on those attorneys who may be subpoenaed under the applicable federal rules, their participation as parties in this case is not necessary and would not change the outcome. Accordingly, the Court finds that the other attorneys are not parties required to be joined under Fed. R Civ. P. 19.

Having determined that the other attorneys are not necessary parties, the Court need not reach the issues of whether they can be feasibly joined or whether they are indispensable parties.

## Conclusion

Plaintiff's Complaint is sufficient to survive Defendants' Motion to Dismiss. Plaintiff has adequately plead the elements of standing, specifically injury in fact even though there has been no enforcement action initiated by Defendants. Therefore, the Court has subject matter

jurisdiction over this lawsuit. Further, this matter is ripe for adjudication under both prudential considerations. This matter is fit for judicial review at this point because it is purely an issue of law and does not require further factual development. Additionally, Plaintiff faces an immediate dilemma of choosing to follow Rule 16-308(E) or to gather evidence under the federal standards and risk violating the rule. Finally, the other attorneys who may be subpoenaed under Rule 16-308(E) or the applicable federal standards are not necessary and indispensable parties under Fed. R. Civ. P. 19.

**THEREFORE, IT IS ORDERED**, that Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(7) for Lack of Jurisdiction and Failure to Join Necessary and Indispensible Parties **(Doc. No. 15)** is hereby **DENIED.**

_____
UNITED STATES DISTRICT JUDGE