IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      **Plaintiff,**

v.                                                                    No. 1:13-cv-00407 WPJ/LFG

**SUPREME COURT OF NEW MEXICO, THE
DISCIPLINARY BOARD OF NEW MEXICO,**
and **OFFICE OF THE DISCIPLINARY
COUNSEL OF NEW MEXICO**,

      **Defendants.**

## ANSWER

Defendants Supreme Court of New Mexico, the Disciplinary Board of New Mexico, and Office of the Disciplinary Counsel of New Mexico, through their attorneys of record, Paul Kennedy & Associates, P.C., hereby deny all allegations in Plaintiff's Complaint pursuant to Fed. R. Civ. P. 8(b), except for the following specific averments which are the subject of qualified denials or admissions as indicated below:

1.      In response to Paragraphs 1 and 2 of Plaintiff's Complaint, Defendants acknowledge that Plaintiff seeks the declaratory and injunctive relief stated therein pursuant to the Supremacy Clause of the United States Constitution; however, Defendants deny that Plaintiff is entitled to any such relief in this action and deny the remaining averments in those paragraphs.

2.      In response to Paragraph 3 of Plaintiff's Complaint, Defendants admit that Plaintiff is the United States of America, and that there are federal statutes regarding the Attorney General, United States Attorneys, and/or the United States Department of Justice codified at 28 U.S.C. §§ 501, 515, 516, 519, 547; however, Defendants deny that those statutes preempt Rule 16-308(E) NMRA, as well as the interpretation of the law on which Plaintiff relies to support that conclusion.

3. Defendants admit the averments in Paragraph 4 of Plaintiff's Complaint, with the qualification that the Supreme Court of New Mexico has the authority to deny as well as grant licenses to practice law in the State of New Mexico, and to impose lawful conditions on those whom it licenses.

4. Defendants admit the averments in Paragraph 6 of Plaintiff's Complaint, with the qualification that this paragraph refers to the Disciplinary Board of New Mexico's authority over attorneys subject to the disciplinary jurisdiction of the Supreme Court of New Mexico.

5. Defendants admit the averments in Paragraph 7 of Plaintiff's Complaint, with the qualification that this paragraph refers to the Disciplinary Counsel of New Mexico's authority over attorney disciplinary matters within the disciplinary jurisdiction of the Supreme Court of New Mexico.

6. In response to Paragraph 9 of Plaintiff's Complaint, Defendants admit that venue would lie in the District of New Mexico pursuant to 28 U.S.C. § 1391(b)(2) if this Court had subject-matter jurisdiction over this action, but Defendants deny the jurisdictional averments in Paragraph 8 of Plaintiff's Complaint.

7. Defendants admit that the Supremacy Clause of the United States Constitution contains the language quoted in Paragraph 10 of Plaintiff's Complaint and that the Supremacy Clause has been interpreted to encompass two types of situations in which state laws are preempted by federal law, namely "field preemption" and "conflict preemption"; however, Defendants deny that the Supremacy Clause, or any of the authorities cited in Paragraph 10 of Plaintiff's Complaint, have the effect of preempting Rule 16-308(E).

8. In response to Paragraph 11 of Plaintiff's Complaint, Defendants again admit that the Supremacy Clause has been interpreted to encompass the doctrine of "field preemption";

however, Defendants deny that "field preemption" applies to Rule 16-308(E), as well as the interpretation of the law on which Plaintiff relies to support that conclusion.

9. In response to Paragraph 12 of Plaintiff's Complaint, Defendants again admit that the Supremacy Clause has been interpreted to encompass the doctrine of "conflict preemption"; however, Defendants deny that "conflict preemption" applies to Rule 16-308(E), as well as the interpretation of the law on which Plaintiff relies to support that conclusion.

10. Defendants admit the averments in Paragraph 13 of Plaintiff's Complaint.

11. Defendants admit that Rule 16-308(E), as amended on November 3, 2008, contains the language quoted in Paragraph 14 of Plaintiff's Complaint.

12. In response to Paragraph 15 of Plaintiff's Complaint, Defendants acknowledge that D.N.M. LR-Crim. 57.2 states that: "In all criminal proceedings, attorneys will comply with the Rules of Professional Conduct adopted by the Supreme Court of the State of New Mexico, unless modified by local rule or Court order. Attorneys appearing in this District must comply with 'A Creed of Professionalism of the New Mexico Bench and Bar.'" Defendants deny Plaintiff's interpretation and paraphrasing of D.N.M.LR-Civ. 57.2, as well as the legal conclusions that Plaintiff seeks to draw from it.

13. In response to Paragraph 16 of Plaintiff's Complaint, Defendants admit that there exists an Administrative Order No. 10-MC-00004-9, issued by the United States District Court for the District of New Mexico on March 25, 2010, which states that: "the Rules of Professional Conduct adopted by this Court shall not include New Mexico Rule of Professional Conduct 16-308(E), codified at Rule 16-308(E) NMRA." Defendants are without knowledge or information sufficient to form a belief as to the reasons for the adoption of that order or how the judges voted, which has the effect of denying the remaining averments in Paragraph 16 under Fed. R. Civ. P. 8(b).

14. Defendants admit that the single-spaced, block quotation in Paragraph 17 of Plaintiff's Complaint accurately quotes from Rule 17-201 NMRA; that a violation of the New Mexico Rules of Professional Conduct may provide a basis for Defendants to seek or impose discipline under Rule 17-205 NMRA; and that the types of discipline available under Rule 17-206 NMRA include disbarment, suspension, public censure, probation, formal reprimand, and informal admonition. Defendants deny Plaintiff's paraphrasing and interpretation of those rules, as well as the legal conclusions that Plaintiff seeks to draw from them. In addition, Defendants deny that Rule 16-308(E) may apply to all lawyers, whether employed by the Department of Justice, practicing in New Mexico, or practicing elsewhere. Rule 16-308(E) states that it applies to lawyers who serve as "[t]he prosecutor in a criminal case," not to "all lawyers."

15. In response to Paragraph 18 of Plaintiff's Complaint, Defendants admit that the Department of Justice employs numerous lawyers licensed in New Mexico; however, Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments regarding the total number of such employees in the District of New Mexico or the authority conferred on each of them, which has the effect of denying those averments under Fed. R. Civ. P. 8(b).

16. Defendants deny the averments in Paragraph 19 of Plaintiff's Complaint. The Preface to New Mexico's Rules Governing Discipline states that: "The purpose of discipline of lawyers is the protection of the public, the profession and the administration of justice, and not the punishment of the person disciplined." Because punishment is not the purpose of either Rule 16-308(E) or New Mexico's Rules Governing Discipline, compliance with Rule 16-308(E) is not required "to avoid state punishment."

17. Defendants are without knowledge or information sufficient to form a belief as to the

truth of the averments in Paragraph 20 of Plaintiff's Complaint, which has the effect of denying same under Fed. R. Civ. P. 8(b).

18.     In response to Paragraph 30 of Plaintiff's Complaint, Defendants admit that there is a rule regarding subpoenas codified in Federal Rule of Civil Procedure 17, but Defendants deny that Federal Rule of Criminal Procedure 17 preempts Rule 16-308(E), as well as the interpretation of the law on which Plaintiff relies to support that conclusion.

19.     In response to Paragraph 37 of Plaintiff's Complaint, Defendants admit that there is a rule regarding federal grand juries codified in Federal Rule of Criminal Procedure 6(e), but Defendants deny that Federal Rule of Criminal Procedure 6(e) preempts Rule 16-308(E), as well as the interpretation of the law on which Plaintiff relies to support that conclusion.

20.     In response to Paragraph 44 of Plaintiff's Complaint, Defendants admit that there is a rule regarding evidentiary privileges codified in Federal Rule of Evidence 501, but Defendants deny that Federal Rule of Evidence 501 preempts Rule 16-308(E), as well as the interpretation of the law on which Plaintiff relies to support that conclusion.

21.     In response to Paragraph 50 of Plaintiff's Complaint, Defendants admit that there is a rule regarding the admissibility of relevant evidence codified in Federal Rule of Evidence 402, but Defendants deny that Federal Rule of Evidence 402 preempts Rule 16-308(E), as well as the interpretation of the law on which Plaintiff relies to support that conclusion.

22.     In response to Paragraph 56 of Plaintiff's Complaint, Defendants admit that there are situations in which certain state laws are preempted under the Supremacy Clause of the United States Constitution, but Defendants deny that Rule 16-308(E) is preempted under the Supremacy Clause of the United States Constitution, as well as the interpretation of the law on which Plaintiff relies to support that conclusion.

23. In response to Paragraph 62 of Plaintiff's Complaint, Defendants admit that the Fifth Amendment states that: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury"; however, Defendants deny that the Fifth Amendment's Grand Jury Clause preempts Rule 16-308(E), as well as the interpretation of the law on which Plaintiff relies to support that conclusion.

WHEREFORE, Defendants respectfully request that this Court deny the relief requested in Plaintiff's Complaint in its entirety, dismiss this action with prejudice, and grant such further relief in Defendants' favor as the Court deems just and proper.

## DEFENSES

1. This Court lack subject-matter jurisdiction over Plaintiff's claims and requested relief in this action.

2. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

3. Plaintiff has failed to join one or more necessary and indispensable parties pursuant to Fed. R. Civ. P. 19.

4. 28 U.S.C. § 530B affirmatively requires that: "An attorney for the Government shall be subject to State laws and rules, and local Federal court rules, governing attorneys in each State where such attorney engages in that attorney's duties, to the same extent and in the same manner as other attorneys in that State."

5. Plaintiff's claims are barred by the doctrine of collateral estoppel or issue preclusion, because there exist one or more final judgments against the United States, in which the same language contained in Rule 16-308(E) NMRA was actually litigated and necessarily determined to constitute a State law or rule governing attorneys that is not preempted by federal law. *See, e.g., United States v. Colo. Supreme Ct.*, 189 F.3d 1281 (10th Cir. 1999).

6. In the alternative, the New Mexico Supreme Court's authority to determine the qualifications of those whom it licenses to practice law in the State of New Mexico is reserved to the States under the Tenth Amendment to the United States Constitution and the Guarantee Clause in Article IV, Section 4 of the United States Constitution.

7. Plaintiff's claims are barred by the abstention doctrine articulated in *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), and its progeny, because this case presents difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case at bar, the exercise of federal review of those questions in this case would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern, and Plaintiff may avail itself of timely and adequate state-court review of those questions.

8. Plaintiff's claims are barred by the abstention doctrine articulated in *Railroad Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941), and its progeny, because the federal constitutional issue presented in Plaintiff's Complaint might be mooted or presented in a different posture by a state court determination of pertinent state law.

9. Under the doctrine of constitutional avoidance, the Court should construe Rule 16-308(E) in a manner that makes it unnecessary to reach the question whether it is preempted by the Supremacy Clause in Article VI of the United States Constitution.

10. Plaintiff's claims are not viable as a facial challenge because there are circumstances under which Rule 16-308(E) NMRA is validly applied pursuant to *United States v. Salerno*, 481 U.S. 739, 745 (1987), and its progeny, and the rule has a plainly legitimate sweep as recognized in Plaintiff's own "Guidelines for Issuing Grand Jury or Trial Subpoena to Attorneys for Information Relating to the Representation of Clients" contained in Section 9-13.410 of the United States Attorneys' Manual.

11. In the event that any of the criminal investigations or prosecutions to which Plaintiff's Complaint vaguely alludes did not proceed in accordance with federal policies and objectives, then any interference with such proceedings was due to an independent intervening cause that interrupted and turned aside a course of events and produced that which was not foreseeable as a result of Rule 16-308(E) alone.

WHEREFORE, Defendants respectfully request that this Court deny the relief requested in Plaintiff's Complaint in its entirety, dismiss this action with prejudice, and grant such further relief in Defendants' favor as the Court deems just and proper.

Respectfully Submitted,

 /s/  Paul J. Kennedy
Paul J. Kennedy (pkennedy@kennedyhan.com)
PAUL KENNEDY & ASSOCIATES, P.C.
201 12th Street NW
Albuquerque, New Mexico  87102
(505) 842-8662

I hereby certify that a copy of this pleading was delivered
via CM/ECF to all counsel of record in this matter
on the 13th day of November, 2013.

 /s/   Paul J. Kennedy
Paul J. Kennedy
PAUL KENNEDY & ASSOCIATES, P.C.
201 12th Street NW
Albuquerque, New Mexico 87102
(505) 842-8662