IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 1:13-cv-00407-WJ-SMV |
| ) | |
| SUPREME COURT OF NEW MEXICO, THE ) | |
| DISCIPLINARY BOARD OF NEW MEXICO, ) | |
| and OFFICE OF THE DISCIPLINARY ) | |
| COUNSEL OF NEW MEXICO, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S COMBINED OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT AND REPLY IN
SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

By its very terms, New Mexico Rule of Professional Conduct 16-308(E) ("Rule 16-308(E)") sets standards for the issuance of attorney subpoenas by federal prosecutors that clash with federal law.  Defendants' designation of Rule 16-308(E) as an "ethics" rule does not alter that fact.  Nor does it override the dictates of the Supremacy Clause, by which federal law trumps conflicting state laws.  U.S. Const., Art. VI, cl. 2.

Plaintiff does not dispute that federal prosecutors are subject to state rules of professional responsibility by virtue of Ethical Standards for Prosecutors Act, 28 U.S.C. § 530B ("Section 530B") and otherwise.  But Section 530B does not make binding on federal prosecutors a purported state "ethics" rule that in fact would impose substantive restrictions on the United States' enforcement of federal law, in conflict with federal requirements and authorities. The panel in United States v. Colorado Supreme Court, 189 F.3d 1281 (10th Cir. 1999), took the state

rule at face value and never considered or ruled upon such effects.  Its decision should not

prevent this Court from undertaking a thorough analysis guided by Supreme Court standards, and

from reaching the conclusion, as the First Circuit did in <u>Stern v. U.S. Dist. Ct. for the Dist. of

Mass.</u>, 214 F.3d 4, 20-21 (1st Cir. 2000), that the terms of Rule 16-308(E) are unconstitutional

and invalid to the extent that they interfere with the ability of federal prosecutors to perform their

lawful duties.  Finally, <u>Colorado Supreme Court</u> does not apply to grand jury subpoenas,

regarding which the Tenth Circuit has stated that it has "considerable doubt" that state rules of

professional conduct "apply to federal prosecutors' practice before a federal grand jury . . . ."  <u>In

re Grand Jury Proceedings</u>, 616 F.3d 1172, 1186 (10th Cir. 2010).

<u>**ARGUMENT**</u>

**I.      THE COURT'S DECISION THAT IT HAS SUBJECT MATTER JURISDICTION
         IS THE LAW OF THE CASE AND SHOULD NOT BE REVISITED**

Defendants allege that plaintiff has failed to meet the requirements for establishing a ripe

Article III case or controversy at the summary judgment stage, and that the Court therefore lacks

subject matter jurisdiction.  Defendants' Rule 56(D) Motion to Extend Time to Respond to

Plaintiff's Motion for Summary Judgment, or, in the Alternative, to Grant Summary Judgment in

Defendants' Favor Based on the Existing Record ("Def. SJ Memo.") [Dkt. #34] at 7.  These

issues have already been decided by the Court.  <u>See</u> Nov. 1, 2013 Memorandum Opinion and

Order Denying Defendants' Motion to Dismiss for Lack of Jurisdiction and Failure to Join

Necessary and Indispensible Parties ("Nov. 1, 2013 Order") [Dkt. #29].  In particular, the Court

held that plaintiff has sufficiently alleged an injury in fact, because "'[p]arties need not . . . await

the imposition of penalties under an unconstitutional enactment in order to assert their

constitutional claim for an injunction in federal court.'"  Nov. 1, 2013 Order at 5 (quoting

2

Colorado Supreme Court, 87 F.3d at 1166).  The Court also held that this matter is ripe for adjudication because facial challenges based upon preemption are fit for review even without additional factual development or actual enforcement of the law, and because prosecutors face a direct and immediate dilemma of choosing whether to refrain from serving subpoenas which may violate Rule 16-308(E) or to risk violating the Rule.  Nov. 1, 2013 Order at 7-12.

The Court correctly decided each of these issues, and defendants have not come forward with any compelling reason that would justify requiring the Court to retread that ground.  The Court's decision that plaintiff has sufficiently alleged injury-in-fact and that the matter is ripe for adjudication is the law of the case and should not be relitigated.  Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Arizona v. California., 460 U.S. 605, 618 (1983); see also Padilla-Caldera v. Holder, 637 F.3d 1140, 1145 (10th Cir. 2011) (same).  "The doctrine is based on sound public policy that litigation should come to an end and is designed to bring about a quick resolution of disputes by preventing continued re-argument of issues already decided . . . ." McIlravy v. Kerr-McGee Coal Corp., 204 F.3d 1031, 1035 (10th Cir. 2000) (internal quotation marks omitted).

Defendants incorporate by reference into their motion for summary judgment the same arguments they made in their motion to dismiss regarding subject matter jurisdiction and suggest that the Court should reconsider them because this case is now "at the summary-judgment stage." Def. SJ Memo. at 7-9.  There is no conceivable reason why the Court should change its decision simply because defendants are now reasserting their arguments in a motion for summary

judgment instead of a motion to dismiss.[1]  Defendants' motion for summary judgment on grounds that plaintiff has failed to meet the requirements for establishing a ripe Article III case or controversy should therefore be denied.

## II.     RULE 16-308(E) IS UNCONSTITUTIONAL BECAUSE IT OPERATES AS MORE  THAN AN ETHICAL RULE AND CONFLICTS WITH FEDERAL LAW

Plaintiff's position is, and has always been, that in accordance with 28 U.S.C. § 530B, a state code of ethics applies to attorneys for the federal government -- insofar as it is not substantively at odds with federal law.  Memorandum in Support of Plaintiff's Motion for Summary Judgment ("Pl. SJ Memo.") at 16-17 [Dkt. #13-1].  Section 530B, entitled "Ethical standards for attorneys for the Government," states that "[a]n attorney for the Government shall be subject to State laws and rules, and local Federal court rules, governing attorneys in each State where such attorney engages in that attorney's duties, to the same extent and in the same manner as other attorneys in that State."  28 U.S.C. § 530B(a).  However, Section 530B does not define when a particular state rule is "ethical" as opposed to substantive, because that question can only be answered by an examination of whether the rule invades a "field" occupied by federal law, California v. ARC Am. Corp., 490 U.S. 93, 100 (1989); see Hillsborough Cty. v. Automated Med. Labs., Inc., 471 U.S. 707, 713 (1985), or actually conflicts with federal law, Hillsborough Cty., 471 U.S. at 713; Arizona v. United States, __ U.S. __, 132 S. Ct. 2492, 2501 (2012).  Nor does Rule 16-308(E) apply to federal prosecutors "to the same extent and in the same manner as

---

[1] None of the three "exceptionally narrow" grounds for departure from the law of the case doctrine apply here.  McIlravy v. Kerr-McGee Coal Corp., 204 F.3d at 1035 (internal quotation marks omitted).  Those grounds exist only "(1) when the evidence in a subsequent trial is substantially different; (2) when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or (3) when the decision was clearly erroneous and would work a manifest injustice."  Id. (internal quotation marks omitted).

other attorneys in" New Mexico.  Instead, although the interest to be protected applies equally to all attorneys, the rule inexplicably applies only to prosecutors.

Contrary to defendants' claim, Def. SJ Memo. at 12-13, Section 530B does not insulate Rule 16-308(E) from constitutional scrutiny simply because the Rule purports to govern professional conduct, given that it is, in fact, "in tension" with federal law.  Nor is the purpose of Section 530B to make clear that state rules of professional conduct are not preempted by federal law.  See Def. SJ Memo. at 14.  Section 530B does not override the Supremacy Clause, by which federal law preempts state law where Congress "'left no room'" for state regulation, Hillsborough Cty., 471 U.S. at 713 (quoting Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 230 (1947)), or where the state laws "'interfere with, or are contrary to,' federal law."  Hillsborough Cty., 471 U.S. at 712 (quoting Gibbons v. Ogden, 22 U.S. (9 Wheat.) 1, 211 (1824)).  Plaintiff is not arguing, as defendants suggest, that Rule 16-308(E) is invalid simply because it has "some impact" on the "conduct or behavior" of federal prosecutors.  Def. SJ Memo. at 14, 18.  Rather, Rule 16-308(E) is invalid because it institutes its own criminal procedural or practice rules for federal proceedings that conflict with, and invade a field occupied by, federal law, see Stern v. U.S. Dist. Ct. for the Dist. of Mass., 214 F.3d at 20-21 (concluding that because the local rule included substantive standards, it could no longer be characterized as a rule of ethics), a consequence of constitutional magnitude.[2]

_____

[2] Defendants argue that plaintiff must establish that no set of circumstances exist in which Rule 16-308(E) would be valid.  See Def. SJ Memo. at 26 (alluding to United States v. Salerno, 481 U.S. 739 (1987)).  Assuming, arguendo, that this standard is applicable, plaintiff easily meets it, because Rule 16-308(E), by its terms, invades the field of federal criminal procedure and sets standards that are at odds with federal law.  This challenge "does not turn on the specifics of any one factual scenario, but instead on a construction of the rule itself."  Nov. 1, 2013 Order at 13.

Contrary to defendants' contention, plaintiff does not seek authority to say how to apply a code of ethics to federal prosecutors.  <u>See</u> Def. SJ Memo. at 15.  Rather, the question is whether a particular requirement is an ethical duty – as opposed to a substantive requirement that is invalid under the Supremacy Clause.  The examination of whether a state rule impairs the enforcement of federal laws is not, as defendants contend, a mere exercise of discretion or interpretation of Section 530B by the United States to exempt itself from state ethical rules.  <u>See</u> Def. SJ Memo. at 15, 19.  Rather, the United States is asking the Court to determine whether Rule 16-308(E) is truly an ethical rule to which federal prosecutors are subject pursuant to Section 530B, or whether in fact it operates as more than an ethical standard, and is therefore inapplicable to federal prosecutors, because it prevents them from performing their official duties as required or authorized by federal law.

Defendants argue that the Court is bound by collateral estoppel to follow <u>Colorado Supreme Court</u> because there the Tenth Circuit decided that Colorado Rule of Professional Conduct 3.8(f) was an "ethical" rule within the meaning of 28 U.S.C. § 530B and did not conflict with Federal Rule of Criminal Procedure 17 in violation of the Supremacy Clause.  Def. SJ Memo. at 9-12.  The Court should exercise its discretion to disallow the use of collateral estoppel here.  <u>Cf.</u> <u>Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc.</u>, 725 F.3d 1213, 1221 (10th Cir. 2013) ("[T]he decision to apply offensive collateral estoppel lies within the court's 'broad discretion.'") (quoting <u>Parklane Hosiery Co. v. Shore</u>, 439 U.S. 322,  331 (1979)); <u>see</u> <u>Parklane Hosiery Co. v. Shore</u>, 439 U.S. at 331 n.16 (noting that "the distinct trend if not the clear weight of recent authority is to the effect that there is no intrinsic difference between

'offensive' as distinct from 'defensive' issue preclusion").[3]

In reaching the conclusion that a Colorado rule was an "ethical" one and constitutional insofar as it did not conflict with Rule 17, the Tenth Circuit failed to consider legal issues which compel the opposite conclusion.  Specifically, it never considered the issue of whether the state rule was preempted because it invades the field of regulating criminal procedure and practice that is already occupied by the federal government, see Pl. SJ Memo. at 18-21; conflicts with Federal Rule of Criminal Procedure 6(e), and Federal Rules of Evidence 501 and 402, see Pl. SJ Memo. at 33-37; interferes with the performance by federal prosecutors of their federally authorized duties, see Pl. SJ Memo. at 37-39; and as applied to federal prosecutors, alters the historic operation and function of the grand jury, see Pl. SJ Memo. at 39-42.  Even with regard to Federal Rule of Criminal Procedure 17, the Tenth Circuit failed to examine the dispositive issues of whether the substantive standards for the issuance of trial subpoenas embodied in the state rule were inconsistent with those contained in Rule 17 and established by federal case law, and whether the state rule improperly set special standards for attorney subpoenas.  See Pl. SJ Memo. at 29-30.  Colorado Supreme Court therefore yields no guidance as to such issues in connection with Rule 16-308(E).  This Court should not ignore those issues and leapfrog to the conclusion that Rule 16-308(E) is valid when in fact it collides with federal law in all of these respects, regardless of how it is labeled by defendants.[4]  Indeed, in dismissing Rule 17 as a rule that

---

[3] This case involves the defensive use of collateral estoppel, by which "a plaintiff [would be] estopped from asserting a claim that the plaintiff had previously litigated and lost against another defendant."  Parklane Hosiery Co. v. Shore, 439 U.S. at 329.

[4] In any event, the Court is not bound by collateral estoppel as to whether Rule 16-308(E) applies to subpoenas served upon lawyers in grand jury proceedings, because that issue was never brought before the Tenth Circuit.  While a portion of the original state rule at issue in

"details only the procedures for issuing a proper subpoena," <u>Colorado Supreme Court</u>, 189 F.3d at 1289, the Tenth Circuit never considered whether Rule 16-308(E) conflicts with the United States' power to subpoena witnesses in an effort to enforce federal laws – a power that is <u>not</u> merely procedural and that pre-existed Rule 17.  See <u>Blair v. United States</u>, 250 U.S. 273, 279 (1919) ("At the foundation of our federal government the inquisitorial function of the grand jury and the compulsion of witnesses were recognized as incidents of the judicial power of the United States.").

Furthermore, in <u>Colorado Supreme Court</u>, the Tenth Circuit relied on the reasoning in <u>Whitehouse v. United States District Court for the District of Rhode Island</u>, 53 F.3d 1349 (1st Cir. 1995), for the "First Circuit's implicit treatment of [a similar local] rule as one of ethics" whose purpose was "to protect the attorney-client relationship." <u>Colo. Supreme Ct.</u>, 189 F.3d at 1286-87, 1288.  But <u>Whitehouse</u> was subsequently rendered obsolete by the 2000 decision in <u>Stern</u>, where the First Circuit invalidated a local rule similar to Rule 16-308(E) on grounds that it was "more than an ethical standard" and not only "impermissibly interfere[d] with grand jury proceedings," but also, outside the grand jury context, imposed "substantially more onerous (and, thus, more restrictive) [requirements] than the traditional [Rule 17] motion-to-quash standards." <u>Stern</u>, 214 F.3d at 18, 20; <u>see</u> Pl. SJ Memo. at 30-31.  The court in <u>Stern</u> also rejected the notion that the passage of 28 U.S.C. § 530B automatically "cures any conflict between [the local rule] and other federal law." <u>Stern</u>, 214 F.3d at 19.  To the extent <u>Colorado Supreme Court</u> rested on the reasoning in <u>Whitehouse</u>, the basis for the Tenth Circuit's decision has now been

---

<u>Colorado Supreme Court</u> made it applicable to grand jury proceedings, the district court determined that the restriction on grand jury proceedings violated the Supremacy Clause.  That decision was not appealed.  <u>Colo. Supreme Ct.</u>, 189 F.3d at 1284.

undermined, and this Court should not base its decision upon it.

Defendants posit a "slippery slope" argument that plaintiff will use the invalidation of Rule 16-308(E) as an excuse to challenge other state rules of professional conduct whenever they have an "incidental impact on a federal prosecutor's decision-making or behavior." Def. SJ Memo. at 22. However, plaintiff has never argued that a rule of professional conduct would be invalid for this reason. [5] Rather, the evaluation of whether such rules are preempted and therefore invalid under the Supremacy Clause is determined by whether they attempt to regulate in a field occupied by federal law, see Arizona v. United States, 132 S. Ct.at 2501; or if they actually conflict with federal law, Hillsborough Cty., 471 U.S. at 713; Arizona v. United States, 132 S. Ct. at 2501, in that "compliance with both federal and state [law] is a physical impossibility," Fla. Lime & Avocado Growers, Inc. v. Paul, 373 U.S. 132, 142-43 (1963); Chamber of Commerce of the U.S. v. Edmondson, 594 F.3d 742, 766 (10th Cir. 2010), or they "stand[] as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress," Arizona v. United States, 132 S. Ct. at 2501 (quoting Hines v. Davidowitz, 312

---

[5] Nor is plaintiff suggesting that federal prosecutors are "above the law." Def. SJ Memo. at 16. Rather, plaintiff is simply asking that they be permitted to perform their otherwise lawful, official federal duties without the threat of state sanctions. In United States v. Singleton, 165 F.3d 1297, 1298 (10th Cir. 1999), the Tenth Circuit declined to apply the federal anti-gratuity statute to the government because doing so "would deprive the sovereign of a recognized or established prerogative, title, or interest." Singleton, 165 F.3d at 1301. Yet the Tenth Circuit stated that this conclusion "in no way permits an agent of the government to step beyond the limits of his or her office to make an offer to a witness other than one traditionally exercised by the sovereign." See Singleton, 165 F.3d at 1302; cf. United States v. Lowrey, 166 F.3d 1119, 1125 (11th Cir. 1999) ("When it comes to the admissibility of evidence in federal court, the federal interest in enforcement of federal law, including federal evidentiary rules, is paramount."); United States v. Condon, 170 F.3d 687, 690-91 (7th Cir. 1999) (declining to "wipe out an enduring feature of the criminal justice system," namely, the offering of leniency by federal prosecutors in exchange for testimony).

U.S. 52, 67 (1941)); Edmondson, 594 F.3d at 766-67.

Moreover, plaintiff has not challenged, and would not challenge, other rules of professional responsibility under the Supremacy Clause unless those rules prohibit conduct authorized by federal law or mandate conduct that conflicts with (or invades a field occupied by) federal law.  See Hancock v. Train, 426 U.S. 167, 178-80 (1967)  ("'. . . [T]he activities of the Federal Government are free from regulation by any state" except to the extent that Congress expressly authorizes such regulation.) (quoting Mayo v. United States, 319 U.S. 441, 445 (1943); accord Bank of the U.S. v. Halstead, 23 U.S. (10 Wheat.) 51, 63 (1825) ("[a]n officer of the United States cannot, in the discharge of his duty, be governed and controlled by State laws, any farther than such laws have been adopted and sanctioned by the legislative authority of the United States").  State rules that prohibit jury selection based on intentional discrimination, the assertion of frivolous arguments in motion practice, the introduction of false evidence, or the service of frivolous discovery requests, Def. SJ Memo. at 21-22, for example, are not inconsistent with federal law.  See, e.g., Batson v. Kentucky, 476 U.S. 79 (1986) (finding equal protection violation where jury selection had been affected by invidious racial discrimination); Fed. R. Civ. P. 11(b) (requiring attorney certification that legal contentions are warranted by a nonfrivolous argument, that the factual contentions have evidentiary support, and that papers are not being submitted to the court for any improper purpose).  In any event, neither those rules nor any of the other New Mexico rules defendants cite, i.e., rules prohibiting contacts with represented parties, deceit and misrepresentation, false or misleading communications about a lawyer's services, or making use of information about a client to that person's disadvantage, Def. SJ Memo. at 21, are being challenged here.  All that matters for purposes of this case is that Rule

10

16-308(E) prevents prosecutors from carrying out their federal responsibilities in numerous ways which, taken as a whole, pose an impediment of constitutional proportions.

With regard to grand jury subpoenas, the fact that New Mexico's rules may require the disciplinary board "to preserve private confidential" information in a lawyer's records, Def. SJ Memo. at 24-25, does not eliminate the conflict with Rule 6(e) of the Federal Rules of Criminal Procedure, which contains no clear provision that allows federal prosecutors to provide grand jury information to a state disciplinary board.  And the fact that, according to defendants' speculation, there may be "plausible scenarios" under which grand-jury secrecy would not be breached when federal prosecutors attempt to defend their actions before the disciplinary board, Def. SJ Memo. at 24-25, is irrelevant.  This is a facial challenge "based upon the wording of the rule itself, not factual circumstances surrounding the enactment or enforcement of the rule." Nov. 27, 2013 Order Denying Plaintiff's Motion to Stay Briefing on Summary Judgment and Defendants' Rule 56(D) Request for Extension of Time to Respond to Plaintiff's Motion for Summary Judgment at 4 [Dkt. #36].

## CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment should be granted, and defendants' motion for summary judgment should be denied.


Dated: Dec. 18, 2013                          Respectfully submitted,

                                              STUART F. DELERY
                                              Assistant Attorney General

                                              STEVEN YARBROUGH
                                              Acting United States Attorney

                                              ARTHUR R. GOLDBERG

11

Assistant Director

**/s/ Lisa A. Olson**
LISA A. OLSON
Senior Trial Counsel
U.S. Department of Justice
Civil Division, Room 7300
20 Massachusetts Ave., N.W.
Washington, D.C. 20530
Telephone: (202) 514-5633
Facsimile: (202) 616-8470
Email: lisa.olson@usdoj.gov

Counsel for Plaintiff


<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on December 18, 2013, a copy of this pleading was delivered

via the CM/ECF system to counsel of record in this matter as follows:


Paul J. Kennedy, Attorney for Defendants
E-mail: pkennedy@kennedyhan.com

/s/ **Lisa A. Olson**
LISA A. OLSON

12