## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**V.**                           **Case No. 13cv0407   WJ/LFG**

**SUPREME COURT OF NEW MEXICO, THE**
**DISCIPLINARY BOARD OF NEW MEXICO,**
**and OFFICE OF THE DISCIPLINARY**
**COUNSEL OF NEW MEXICO**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER GRANTING
## PARTIAL SUMMARY JUDGMENT IN PLAINTIFF'S FAVOR
## AND PARTIAL SUMMARY JUDGMENT IN DEFENDANTS' FAVOR

    **THIS MATTER** comes before the Court upon Plaintiff's Motion for Summary Judgment, filed June 28, 2013 (**Doc. No. 13**) and Defendants' Rule 56(D) Motion to Extend Time to Respond to Plaintiff's Motion for Summary Judgment, or, in the Alternative, to Grant Summary Judgment in Defendants' Favor Based on the Existing Record, filed November 20, 2013 (**Doc. No. 34**)[1].  Having considered the parties' briefs, the arguments presented at the hearing conducted on January 9, 2014, and the applicable law, the Court finds that Plaintiff's motion is partially well-taken and, therefore, is GRANTED in part and DENIED in part.  Further the Court finds that Defendants' Motion is partially well-taken and therefore, is GRANTED in part and DENIED in part.

---

[1]  The Court previously denied Defendants' request for an extension of time to respond to Plaintiff's Motion for Summary Judgment. See (**Doc. No. 37**).  Accordingly, the Court's opinion addresses the only remaining issue in Defendants' Motion, the merits of Defendants' Motion for Summary judgment.

**Background**

The United States instituted this action facially challenging the New Mexico Rule of Professional Conduct 16-308(E) ("Rule 16-308(E)") as it applies to federal prosecutors. [2] Plaintiff argues that Rule 16-308(E) is preempted by federal law under the doctrines of both conflict and field preemption.  Defendants contend that Rule 16-308(E) is an ethical rule that is not subject to preemption.

**Undisputed Material Facts**

The undisputed material facts of this matter are quite simple. Defendants are the parties responsible for enacting and enforcing Rule 16-308(E) and it applies to federal prosecutors practicing in New Mexico.  Plaintiff attempted to add additional "facts" by presenting specific instances where federal prosecutors declined to subpoena attorneys because of a fear of running afoul of Rule 16-308(E).  Although couched as facts, many of these statements were simply legal arguments claiming that Rule 16-308(E) presents a different standard than the one federal prosecutors usually abide by.  While these allegations are not undisputed, they go to the merits of Plaintiff's conflict preemption argument and will be considered in that regard.

Rule 16-308(E) provides a prosecutor shall not:

subpoena a lawyer in a grand jury or other criminal proceeding to present evidence about a past or present client unless the prosecutor reasonably believes:
(1) the information sought is not protected from disclosure by any applicable privilege;
(2) the evidence sought is essential to the successful completion of an ongoing investigation or prosecution; and
(3) there is no other feasible alternative to obtain the information[3].

---

[2]  Plaintiff's Complaint refers both to federal prosecutors and federal attorneys.  The Court assumes that Plaintiff only intended to bring this suit on behalf of federal prosecutors, because by its terms, Rule 16-308(E) only applies to prosecuting attorneys.
[3]   Plaintiff is not challenging the first requirement that the subpoenaed material not be subject to privilege, just the second and third requirements.

Rule 16-308(E), unlike many of the rules discussed below, does not contain a judicial pre-approval requirement.  In fact, the only pre-issuance action that would potentially take place involving Rule 16-308(E) would be a prosecutor choosing not to issue a subpoena because of an uncertainty about whether or not the subpoena would meet the standards set forth in Rule 16-308(E).  The rule, rather than being proactive, is reactive.  If a subpoena is issued, the witness attorney would not be able to quash the subpoena on the grounds that the subpoena did not comport with Rule 16-308(E); the witness-attorney would have to comply with the subpoena subject to applicable privilege.  See In re Grand Jury Proceedings, 616 F.3d 1172, 1186 (10th Cir. 2010) (rejecting the argument that Rule 16-308(E) provided a basis for a motion to quash a subpoena in federal court); see also New Mexico Rules of Professional Conduct, Scope ("The fact that a rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the rule.").  Independent of the grand jury investigation or criminal proceeding, a complaint would have to be filed with the State Disciplinary Board alleging that the prosecutor issuing the subpoena violated Rule 16-308(E).  Under this scenario, the prosecutor would have to demonstrate that the subpoena complied with Rule 16-308(E).  If the prosecutor was found to have violated Rule 16-308(E), the only remedy would be discipline by the State Bar.    See New Mexico Rules of Professional Conduct, Scope ("violation of a rule does not necessarily warrant any other non-disciplinary remedy.")  A violation of Rule 16-308(E) does not give rise to an independent cause of action.  See Garcia v. Rodey, Dickason, Sloan, Akin & Robb, P.A., 1988-NMSC-014, 106 N.M. 757, 762, 750 P.2d 118, 123 (holding that a violation of the New Mexico Rules of Professional Conduct cannot provide the basis for a private cause of action); see also New Mexico Rules of

Professional Conduct, Scope ("Violation of a rule should not itself give rise to a cause of action against a lawyer… The[] [rules of professional conduct] are not designed to be a basis for civil liability.").

**Discussion**

I.      **Legal Standards**

*Summary Judgment Standard*

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(c); Martinez v. Beggs, 563 F.3d 1082, 1088 (10th Cir. 2009). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. Once that burden is met, the nonmoving party must put forth specific facts showing that there is a genuine issue of material fact for trial; he may not rest on mere allegations or denials in his own pleadings. Anderson v. Liberty Lobby, 477 U.S. 242, 256-57 (1986). In order to avoid summary judgment, the nonmoving party must put forth enough evidence that a reasonable jury could return a verdict in the nonmovant's favor. Id. at 249. A mere scintilla of evidence in the nonmovant's favor is not sufficient. Id. at 252.

*Law Regarding Preemption*

The Supremacy Clause provides that the laws of the United States "shall be the supreme Law of the Land; ... any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2. Pursuant to this provision, Congress has the power to enact statutes that preempt state law. Nw. Cent. Pipeline Corp. v. State Corp. Comm'n of Kan., 489 U.S. 493, 509 (1989). Thus, preemption is ultimately a question of congressional intent. See Altria Grp., Inc. v. Good, 555 U.S. 70 (2008). There are three types of preemption:

(i) "express preemption, which occurs when the language of the federal statute reveals an express congressional intent to preempt state law;" (ii) "field preemption, which occurs when the federal scheme of regulation is so pervasive that Congress must have intended to leave no room for a State to supplement it;" and (iii) "conflict preemption, which occurs either when compliance with both the federal and state laws is a physical impossibility, or when the state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." US Airways, Inc. v. O'Donnell, 627 F.3d 1318, 1324 (10th Cir. 2010) (citation omitted).

## II.    The Court will not Revisit its Decision Regarding Subject Matter Jurisdiction

In their Motion for Summary Judgment, Defendants attempt to revive arguments already made and rejected in regards to their Motion to Dismiss (**Doc. No. 15**).  The Court has already determined that Plaintiff has sufficiently demonstrated that this Court has subject matter jurisdiction.  See (**Doc. No. 29**).  If the Court is wrong on the subject matter jurisdiction issue, the Tenth Circuit will not hesitate to reverse.  Accordingly, Defendants' Motion for Summary Judgment based upon a lack of subject matter jurisdiction is denied.

## II.    The Court is Bound by the Tenth Circuit's Opinion in United States v. Colorado Supreme Court 189 F.3d 1281 (10th Cir. 1999) in Regards to Rule 16-308(E)'s Application to General Criminal Proceedings but not in Regards to Grand Jury Proceedings

The Tenth Circuit held that a similar rule enacted by the Colorado Supreme Court did not violate the Supremacy Clause in United States v. Colorado Supreme Court, 189 F.3d 1281 (10th Cir. 1999).  The rule at issue in Colorado Supreme Court (Rule 3.8(f)) provided that a prosecutor shall:

> not subpoena a lawyer in  a [] criminal proceeding to present evidence about a past or present client unless:
> (1) the prosecutor reasonably believes:
> (i) the information sought is not protected from disclosure by any applicable privilege;

5

(ii) the evidence sought is essential to the successful completion of an ongoing investigation or prosecution;

(iii) There is no other feasible alternative to obtain the information[.]

Id., 189 F.3d at 1284, n. 2[4].

Parties devoted a large amount of briefing arguing why <u>Colorado Supreme Court</u> should or should not compel the same result in this case.  Setting aside the issue of whether Rule 16-308(E) is applicable to grand juries, Colorado Rule 3.8(f) is identical to Rule 16-308(E).  The Court is therefore bound by the Tenth Circuit's holding in <u>Colorado Supreme Court</u> regarding Rule 16-308(E)'s application to criminal proceedings outside the grand jury context.  Although Plaintiff attempted to cajole the Court into essentially ignoring what Plaintiff claims is an erroneous decision by the Tenth Circuit, the Court simply cannot distinguish the Tenth Circuit's opinion in <u>Colorado Supreme Court.</u> [5]

The applicability of Rule 16-308(E) to federal grand juries, however, is a different matter.  The Tenth Circuit specifically stated it was not expressing an opinion whether or not a restriction on grand proceedings violates the Supremacy Clause.  See <u>Colorado Supreme Court</u>, 189 F.3d at 1284.  Because it is clear that the Tenth Circuit was not offering an opinion on the Colorado rule's applicability to grand juries and because the Tenth Circuit actually stated that case law governing criminal proceedings generally is not exactly on point for rules governing grand jury practice, the Court finds that <u>Colorado Supreme Court</u> is not binding in regards to the applicability of Rule 16-308(E) to federal grand juries.

---

[4]   The Colorado Rule originally required that a prosecutor obtain judicial approval prior to serving a subpoena on a lawyer.  During the course of litigation, however, the rule was modified to eliminate that requirement.  Additionally, the original rule also applied to grand jury proceedings, but the district court held that the grand jury restriction violated the Supremacy Clause and Defendants did not appeal that part of the ruling.  Accordingly, the Tenth Circuit did not address these two provisions on appeal.

[5]   The Court was impressed by Plaintiff's arguments regarding the validity of the <u>Colorado Supreme Court</u> opinion and sympathizes with Plaintiff's position.  However, this Court does not have the authority to overrule the Tenth Circuit.  The Court encourages Plaintiff to seek an *en banc* review of the Tenth Circuit's opinion, because absent a controlling decision by the U.S. Supreme Court, an *en banc* panel of the Tenth Circuit is the only body that has the authority to overrule <u>Colorado Supreme Court.</u>

**IV.    Based on <u>Colorado Supreme Court</u>, Rule 16-308(E) is an Ethical Rule and its Applicability to Criminal Proceedings Outside the Grand Jury Context Does Not Violate the Supremacy Clause**

*Field Preemption*

During the pendency of the appeal in <u>Colorado Supreme Court</u>, Congress enacted the McDade Act which provides in pertinent part:

> (a) An attorney for the Government shall be subject to State laws and rules, and local Federal court rules, governing attorneys in each State where such attorney engages in that attorney's duties, to the same extent and in the same manner as other attorneys in that State.
> (b) The Attorney General shall make and amend rules of the Department of Justice to assure compliance with this section

28 U.S.C. § 530B.

Thus, as the Tenth Circuit noted after enactment of the McDade Act, "…the question whether Rule 3.8(f)[6] violates the Supremacy Clause now turns on whether the rule is a rule of professional ethics clearly covered by the McDade Act, or a substantive or procedural rule that is inconsistent with federal law." <u>Colorado Supreme Court</u>, 189 F.3d at 1284.   The Tenth Circuit considered three factors to help determine whether a rule really is one of professional conduct or whether it is actually a substantive rule disguised as an ethical rule.   "First, a rule of professional conduct would bar conduct recognized by consensus within the profession as inappropriate." <u>Id.</u> at 1287.   "Second, a rule of professional conduct is like a commandment dealing with morals and principles." <u>Id.</u>   Commandment form is the "thou shalt not" structure.  <u>Id.</u> (citation omitted).  "This commandment format allows a rule of ethics to be quite vague, a luxury not afforded to rules of procedural or substantive law." <u>Id.</u>  "Finally, a rule of ethics is directed at the attorney herself."   <u>Id.</u> "Accordingly, when a rule of professional conduct is violated, members of the

---

[6] As noted above, Rule 3.8(f) identical to Rule 16-308(E) in matters outside the grand jury context.  Thus, the Tenth Circuit's references to Rule 3.8(f) apply equally to Rule 16-308(E).

profession would agree that the violating attorney ought to be held personally accountable; whereas when a procedural or substantive rule is violated, any negative effect would be directed primarily at the progress of the claim itself." Id., at 189 F.3d. at 1288. Applying these three factors to the Colorado Rule, the Tenth Circuit concluded that Rule 3.8(f) "…is an ethical one.

First, Rule 3.8(f) involves ethical concerns.  Most significantly, the attorney-client relationship is by general consensus of our profession worthy of protection, and the service of 'an attorney-subpoena may cause irreparable damage to the attorney-client relationship.'" Id. 189 F.3d 1288 (citing Whitehouse, 53 F.3d at 1358).   Once a subpoena is served, the client is forced into a waiting game, uncertain of whether or not his attorney will testify. See id. ("[f]rom the moment that the subpoena is served on counsel until the issue of its validity is resolved, the client resides in a state of suspended animation, not knowing whether his attorney will testify against and perhaps be required to withdraw his representation.").  "That uncertainty inevitably undermines the trust and openness so important to the attorney-client relationship." Id. Additionally, counsel is distracted from the primary goal of preparing his or her client for the grand jury because counsel must focus on defending against or responding to the subpoena. See id. ("Second, the 'service of a subpoena opens a second front which counsel must defend with her time and resources, thus diverting both from the client.'") (citation omitted).   The Tenth Circuit noted that these concerns are clearly ethical concerns. See id.  Under the second factor, Rule 3.8(f) is written in commandment form.  "The prosecutor in a criminal case shall . . . not subpoena a lawyer in a grand jury or other criminal proceeding to present evidence about a past or present client unless. . ." See Colorado Supreme Court, 189 F.3d at 1288, n. 1..  Rule 3.8(f) "has the vague sweeping character of moral edict." Seeid., 189 F.3d at 1288.  "Embodying the well-honored principle of professional conduct that thou shalt not interfere with the attorney-

client relationship without a showing of cause, the text does not concern itself with the actual procedural steps to satisfy the rule." Id. Therefore, the Tenth Circuit found that the second factor likewise was in favor of finding that Rule 3.8(f) is an ethical rule.

The third and final factor also points to the conclusion that Rule 3.8(f) is an ethical rule rather than a procedural one.[7] The rule is directed specifically at prosecutors. The consequence of violating the rule is a personal sanction. See Comment 1 to NMRA  Rule 16-804 ("Lawyers are subject to discipline when they violate or attempt to violate the Rules of Professional Conduct."). Rule 3.8(f) does not provide any sanction that would have an impact on the case itself. In fact, the scope of the New Mexico Rules of Professional Conduct specifically disavows an interpretation that would allow a violation of the rules to provide a litigant in a collateral proceeding with an enforceable right. See New Mexico Rules of Professional Conduct, Scope ("[The rules] do [] not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the rule.").

Applying the above-discussed factors to the text of Rule 16-308(E), which is identical in all relevant aspects to Colorado Rule 3.8(f), this Court concludes that Rule 16-308(E) is an ethical rule as opposed to a procedural or substantive rule.    Therefore, there can be no field preemption because Section 530(B) of the McDade Act explicitly authorizes states to enact ethical rules and allows for those rules to be applied to federal prosecutors.

*Conflict Preemption*

The Court is also bound by the Tenth Circuit's holding that the Colorado Rule did not conflict with Fed. R. Crim. P. 17.  The Tenth Circuit stated:

Furthermore, we hold that Rule 3.8, in its mandate that a federal prosecutor ought

---

[7]  For its analysis of the third factor, the Court will consider the New Mexico laws surrounding the enforcement of Rule 16-308(E) rather than simply quoting Colorado Supreme Court because the Tenth Circuit looked to Colorado law in its consideration of the final factor.

> not to disturb an attorney-client relationship without a showing of cause, does not conflict with Fed. R. CIM. P. 17, which details only the procedures for issuing a proper subpoena. Rule 17 does not abrogate the power of courts to hold an attorney to the broad normative principles of attorney self-conduct.

Colorado Supreme Court, 189 F.3d at 1288-89.

Therefore, relying on controlling Tenth Circuit precedent as set forth in Colorado Supreme Court, the Court finds that Rule 16-308(E) is an ethical rule and its application to federal prosecutors outside the grand jury context does not violate the Supremacy Clause.[8]

## IV.    Rule 16-308(E) Conflicts with Fed. R. Crim. P. 6(e) and Federal Grand Jury Practice

Plaintiff also alleges that Rule 16-308(E) conflicts with Fed. R. Crim. 6(e), providing secrecy requirements for grand jury proceedings, as well as federal grand jury practice generally, because a prosecutor would be forced to reveal certain details about grand jury practice in order to make a showing that a subpoena meets the requirements of Rule 16-308(e).  Defendants argue that there are many exceptions to the general rule that grand jury proceedings are kept secret, and that there are ways for Rule 16-308(E) to be enforced without offending the general principles governing federal grand jury practice.  Before determining if there is a conflict between Rule 16-308(E) and Fed. R. Crim. P. 6(e) or grand jury practice more generally, the Court will first reference relevant case law regarding grand juries.

"The grand jury occupies a unique role in our criminal justice system."  United States v. R. Enterprises, Inc., 498 U.S. 292, 297(1991).  "The function of the grand jury is to inquire into all information that might possibly bear on its investigation until it has identified an offense or has satisfied itself that none has occurred. As a necessary consequence of its investigatory

---

[8]    The Court recognizes that the Tenth Circuit did not explicitly address the argument raised by Plaintiff in the instant case that Rule 16-308(E) conflicts with the Federal Rules of Evidence (402 and 501) by keeping otherwise admissible relevant evidence away from the jury and creating new privileges for evidence.  However, the Tenth Circuit's opinion implicitly disavows that argument with its finding that the Colorado rule was an ethical rule rather than one that imposed new substantive standards.  Accordingly, the Court is bound by the Tenth Circuit's ruling in regards to Plaintiff's arguments regarding the Federal Rules of Evidence.

function, the grand jury paints with a broad brush." Id. "A grand jury investigation 'is not fully carried out until every available clue has been run down and all witnesses examined in every proper way to find if a crime has been committed.'" Branzburg v. Hayes, 408 U.S. 665, 701 (1972) (citation omitted). The United States Supreme Court "has emphasized on numerous occasions that many of the rules and restrictions that apply at a trial do not apply in grand jury proceedings." R. Enterprises, Inc., 498 U.S. at 298 (collecting cases). "This is especially true of evidentiary restrictions." See id. ("The same rules that, in an adversary hearing on the merits, may increase the likelihood of accurate determinations of guilt or innocence do not necessarily advance the mission of a grand jury, whose task is to conduct an *ex parte* investigation to determine whether or not there is probable cause to prosecute a particular defendant."). "A grand jury may compel the production of evidence or the testimony of witnesses as it considers appropriate, and its operation generally is unrestrained by the technical procedural and evidentiary rules governing the conduct of criminal trials." Id. Nevertheless, the investigation powers of a grand jury are not unlimited; there are some boundaries on a grand jury's power to gather evidence. See id., at 299 ("… grand juries are not without their restrictions.[] Grand juries are not licensed to engage in arbitrary fishing expeditions, nor may they select targets of investigation out of malice or an intent to harass."). However, "a new requirement to be complied with by the government before it may enforce a grand jury subpoena served upon an attorney can be justified only if the information sought is protected by a constitutional, common law, or statutory privilege." In re Grand Jury Subpoena Served Upon Doe, 781 F.2d 238, 249 (2nd Cir. 1986) (citing Branzburg, 408 U.S. at 688).

The United States Supreme Court has resisted efforts to force prosecutors to reveal information regarding a grand jury investigation in order to satisfy other rules of procedure. For

example, the United States Supreme Court rejected a rule that would require the government to make an affirmative showing that a grand jury subpoena was reasonable in <u>R. Enterprises, Inc</u>. The Court stated that "[r]equiring the Government to explain in too much detail the particular reasons underlying a subpoena threatens to compromise 'the indispensable secrecy of grand jury proceedings.'" <u>R. Enterprises, Inc.</u>, 498 U.S. at 299 (citation omitted). "Any holding that would saddle a grand jury with minitrials and preliminary showings would assuredly impede its investigation and frustrate the public's interest in the fair and expeditious administration of the criminal laws." <u>Id.</u> (citing <u>United States v. Dionisio</u>, 410 U.S. 1, 17 (1973)). The Supreme Court noted that rules regarding grand jury subpoenas must "fashion an appropriate standard of reasonableness, one that gives due weight to the difficult position of subpoena recipients but does not impair the strong governmental interests in affording grand juries wide latitude, avoiding minitrials on peripheral matters, and preserving a necessary level of secrecy." <u>R. Enterprises, Inc.</u>, 498 U.S. at 300.

*Field Preemption*

Even though the Tenth Circuit did not rule on the Colorado rule's application to grand jury proceedings in Colorado Supreme Court, the Tenth Circuit's consideration of the text of the rule is still relevant to this Court's analysis. Given that Rule 16-308(E)'s treatment of grand jury proceedings is identical to the provisions in the Colorado rule, the Court finds that the analysis of the factors determining whether Rule 16-308(E) as applied to grand juries is an ethical rule is the same as the reasoning set forth in Colorado Supreme Court. Accordingly, Rule 16-308(E) as applied to grand juries is an ethical rule, and there is no field preemption because through Section 530(B) of the McDade Act, Congress specifically allowed for the states to enact ethical rules that apply to federal attorneys practicing in that state. However, the Court's inquiry cannot

stop there.  The Court will conduct a separate analysis of whether Rule 16-308(E) as applied to grand juries actually conflicts with federal law.  This is the same approach taken by the Tenth Circuit in Colorado Supreme Court.  <u>See</u> <u>Colorado Supreme Court</u>, 189 F.3d at 1288-89 (holding that the Colorado rule was an ethical rule and then undertaking a separate conflict preemption analysis).

*Conflict Preemption*

As noted above, the Tenth Circuit in <u>Colorado Supreme Court</u> did not consider the issue of whether Colorado Rule 3.8(f), in the context of grand jury proceedings, conflicted with federal law in violation of the Supremacy Clause.  The Tenth Circuit offered no opinion on the matter, but did note that the circuits are split on this issue.  <u>See</u> <u>Colorado Supreme Court</u>, 189 F.3d at 1284, n. 3. ("Although circuits are split as to Rule 3.8 with respect to its applicability to grand jury proceedings, that disagreement is inapposite with respect to the revised Rule 3.8 before us.") (citing <u>Whitehouse v. United States Dist. Court</u>, 53 F.3d 1349 (1st Cir. 1995)  and <u>Baylson v. Disciplinary Bd.</u>, 975 F.2d 102 (3rd Cir. 1992)).  The Tenth Circuit did however give a hint as to its opinion of the application of state ethical rules to federal grand jury proceedings in a separate case.  <u>See</u> <u>In re Grand Jury Proceedings</u>, 616 F.3d 1172, 1186 (10th Cir. 2010) (noting that the Tenth Circuit had "considerable doubt" about the proposition that "the [state] Rules of Professional Conduct [] apply to federal prosecutors' practice before a federal grand jury").  The Tenth Circuit has likewise rejected heightened standards for attorney subpoenas in grand jury proceedings.  <u>See</u> <u>In re Grand Jury Subpoenas</u>, 906 F.2d 1485, 1496 (10th Cir. 1990) (holding "that the government is not required to make any further showing of need or lack of another source for the subpoenaed information. This holding puts us into agreement with every other circuit that has addressed this issue.  No circuit court has found a right to force the government to

show a need or lack of another source for the information."). Since the Tenth Circuit has not definitively ruled on the applicability of state ethical rules to federal prosecutors' practice before a federal grand jury, the Court will look to the other circuits' treatment of state bar ethical rules which apply to grand jury proceedings. As a preliminary matter, however, the Court notes that the other authority is not binding nor is any of it directly on point, because as the parties have pointed out, there are differences between rules previously addressed by other circuits and Rule 16-308(E). Interestingly, the First Circuit considered this issue on two separate occasions, and based upon nuances in the ethical rules at issue came to two different conclusions. The Court will discuss the case upholding the ethical rule first.

In <u>Whitehouse v. U.S. Dist. Court</u>, 53 F.3d 1349(1st Cir. 1995), the First Circuit considered a Rhode Island ethical rule that prevented prosecutors from issuing subpoenas to attorneys in grand jury proceedings unless they obtained prior judicial approval. The First Circuit held that the Rhode Island rule did not affect grand juries' ability to investigate because the rule only governed subpoenas issued by prosecutors and did limit subpoenas issued by the grand jury itself. <u>Id.</u>, 53 F.3d at 1357. The First Circuit also pointed out that the rule did not work a change in substantive law, because it only excluded privileged evidence, evidence that would not have reached the grand jury anyway. <u>See id.</u>, 53 F.3d at 1358 ("the Rule makes no change in substantive law. It merely authorizes district courts to reject a prosecutor's attorney-subpoena application for the traditional reasons justifying the quashing of a subpoena[]. Local Rule 3.8(f) does not keep any evidence from reaching the grand jury which would not potentially have been kept from it anyway."). The First Circuit characterized the judicial pre-approval requirement as merely shifting the time of the determination of whether the subpoenaed material was subject to privilege. <u>See id.</u> ("In effect, Local Rule 3.8(f) merely changes the timing with

14

respect to motions to quash in recognition of the fact that service itself of an attorney-subpoena seeking to compel evidence concerning a client may cause irreparable damage to the attorney-client relationship.").   Further, the First Circuit brushed aside secrecy concerns by noting attorney subpoena applications could be filed under seal or viewed *in camera*.   See id. ("Nothing in the text of the Rule prohibits the filing of attorney-subpoena applications to the court under seal or *in camera*. [] District courts routinely use *in camera* procedures to maintain grand jury secrecy in the context of post-service motions to quash." )   The Court also held that the judicial predetermination did not involve a greater breach of secrecy of grand jury proceedings than a traditional motion to quash.   See id. ("Moreover, because the grounds upon which a district court may reject an attorney-subpoena application mirror those for quashing a subpoena, the prosecutor will be required to divulge no more information with respect to the grand jury's investigation than it would in responding to a motion to quash.").   Finally, the First Circuit found that the delay in grand jury proceedings was no greater than the delay caused by traditional motions to quash and any additional delay was outweighed by the benefits of the rule in protecting the attorney client relationship.   See id., at 1359 ("Furthermore, any procedural delay or detour which does result would be minimal—presumably no greater than that caused by a traditional motion to quash a subpoena issued at the grand jury stage.  [W]e think any minimal delay is outweighed by the benefits of the Rule.").

The First Circuit faced a similar rule, this time a Massachusetts ethical rule in Stern v. U.S. Dist. Court for Dist. of Mass., 214 F.3d 4 (1st Cir. 2000).[9]  In Stern, the First Circuit held

---

[9]  The Massachusetts rule read the prosecutor in a criminal case shall

     (f) not subpoena a lawyer in a grand jury or other criminal proceeding to present evidence about a past or present client unless:

        (1) the prosecutor reasonably believes:

            (i) the information sought is not protected from disclosure by any applicable privilege;

            (ii) the evidence sought is essential to the successful completion of an ongoing investigation or prosecution; [and]

that the state ethical rule *did* violate the Supremacy Clause.  The First Circuit distinguished its holding in Whitehouse, noting that the Whitehouse court's opinion rested largely on the premise that the judicial preapproval would be guided by traditional motion to quash standards, rather than the considerations outlined in the comments to the Rhode Island rule.  See Stern, 214 F. 3d at 16 (noting the Whitehouse "holding rested squarely on the panel's determination that the particular local rule worked no substantive change in the governing law because judicial preapproval would be granted or denied under traditional motion-to-quash standards" and commenting  "[i]n so holding, the Whitehouse court brushed aside the seemingly more rigorous criteria delineated in the comment to the rule, on the ground that the comment was merely advisory.").  In regards to the Massachusetts rule, the First Circuit found that the rule actually required that judicial pre-approval be based upon a finding that the three substantive requirements set forth in the rule were met; thus, under the Massachusetts rule, judicial pre-approval was based upon factors other than traditional motions to quash considerations.  See id. ("The Rhode Island rule's saving grace is absent here. [The Massachusetts rule] differs significantly in that it imposes new substantive requirements for judicial preapproval of grand jury subpoenas.").  After distinguishing Whitehouse, the First Circuit held that the Massachusetts rule's requirement that in grand jury proceedings, a prosecutor must show that the subpoenaed evidence is essential and not otherwise feasibly obtainable would have "the []two impermissible effects" of  adversely "impact[ing] grand jury secrecy [and] [becoming] an incubator for delay." Id.   The First Circuit noted the considerable Supreme Court case law emphasizing the importance of secrecy in grand jury proceedings.  See id. (gathering cases).   The First Circuit

---

(iii) there is no other feasible alternative to obtain the information; and
(2) the prosecutor obtains prior judicial approval after an opportunity for an adversarial proceeding.

Stern, 214 F.3d at 8 (1st Cir. 2000).

concluded by stating that "we hold that [the Massachusetts rule] as it pertains to grand jury subpoenas, encroaches unduly upon grand jury prerogatives and, therefore, is *ultra vires*." Id., at 17. In response to an argument that the Massachusetts rule was an ethical rule rather, than a substantive one and was thus expressly allowed by Section 530B of the McDade, the First Circuit responded, "it simply cannot be said that Congress, by enacting section 530B, meant to empower states (or federal district courts, for that matter) to regulate government attorneys in a manner inconsistent with federal law." Id., at 20.

There have been several other cases where courts have likewise rejected state bar ethical rules that imposed additional requirements for attorney subpoenas. See Baylson v. Disciplinary Bd. of Supreme Court of Pennsylvania, 975 F.2d 102 (3rd Cir. 1992) (holding that a rule which "requires a federal prosecutor to obtain prior judicial approval before serving a grand jury subpoena on an attorney where the attorney would be asked to testify about past or present clients" violated the Supreme Clause and fell outside the rule-making authority of federal district courts.); In re Grand Jury Subpoena Served Upon Doe, 781 F.2d 238, 248 (2nd Cir. 1986) ("To impose additional requirements that the government show its need for the information sought and that the attorney is the only source for that information would hamper severely the investigative function of the grand jury, if not stop the grand jury "'dead in its tracks.'").

The Court is persuaded by the line of cases invalidating state ethical restrictions on attorney grand jury subpoenas. Rule 16-308(E) interferes with the three strong governmental interests in grand jury proceedings of "[(1)] affording grand juries wide latitude, [(2)] avoiding minitrials on peripheral matters, and [(3)] preserving a necessary level of secrecy." See R. Enterprises, Inc., 498 U.S. at 300. First, Rule 16-308(E) jeopardizes the autonomy of grand juries and impairs their ability to "paint with a broad brush" during their investigations. R.

Enterprise 498 U.S. at 297.  The United States Supreme Court and the Tenth Circuit have repeatedly recognized the special importance of the grand jury and why it should be treated differently than other types of adversarial proceedings.  The Supreme Court has rejected attempts to add additional requirements for issuing grand jury subpoenas.  See R. Enterprise supra.  The Tenth Circuit has likewise rejected similar attempts as well as expressed doubt as to whether state ethical rules should apply to federal grand jury proceedings.  See In re Grand Jury Subpoenas, 906 F.2d at 1496 (rejecting requirement that prosecutors show no other feasible means before issuing grand jury subpoenas to attorneys);  In re Grand Jury Proceedings, 616 F.3d at 1186 (noting that the Tenth Circuit had "considerable doubt" about the proposition that "the [state] Rules of Professional Conduct [] apply to federal prosecutors' practice before a federal grand jury").

With the guidance of the above cited precedent, the Court finds that Rule 16-308(E), as applied to grand jury proceedings, violates the Supremacy Clause because it "threaten[s] to compromise the indispensable secrecy of grand jury proceedings."  R. Enterprises, Inc., 498 U.S. at 299.  If a complaint for a violation of Rule 16-308(E) is initiated, the prosecutor will have to disclose information regarding the grand jury's process and investigation surrounding the issuance of the attorney subpoena in order to show that the subpoena complied with Rule 16-308(E).  Finally, challenges to attorney subpoenas will delay grand jury proceedings by shifting the focus from moving the investigation forward to the peripheral matter of whether a proposed attorney subpoena follows Rule 16-308(E).  In other words, Rule 16-308(E) imposes a higher burden on federal prosecutors that is simply not warranted at the grand jury stage. As a practical matter, if Rule 16-308(E) is applied to grand jury proceedings, prosecutors will spend additional time and resources determining whether information sought from an attorney subpoenaed to

appear before a grand jury is essential and available from another source.  Therefore, the fact that the challenge under Rule 16-308(E) will happen after the subpoena is issued does not render Rule 16-308(E) harmless in this regard, because it will still change prosecutor's behavior and become "an incubator for delay" in grand jury proceedings.  Stern, 214 F.3d at 16

      The Court finds the holding in Whitehouse distinguishable for the same reason that the First Circuit distinguished it in Stern.  The lynchpin of the Whitehouse holding was that the Rhode Island rule essentially reinforced traditional motion to quash standards and was therefore commensurate with grand jury procedures already in place in terms of invasion of secrecy and delay in proceedings.  Here, Rule 16-308(E) is more like the rule addressed in Stern in that prosecutors are bound by the two new standards of essentiality and lack of a feasible alternative source instead of simply being prohibited from seeking privileged material.  Accordingly, the burdens imposed by Rule 16-308(E) are greater than those imposed by motions to quash. Prosecutors would not be just limited from obtaining evidence that should not be presented to the grand jury anyway, because they would also be prohibited from introducing unprivileged attorney testimony that was not essential or could be feasibly obtained from another source. Moreover, because of the additional requirements set forth by Rule 16-308(E), a prosecutor is likely to be required to reveal more information about the grand jury than he or she would in responding to a traditional motion to quash.  Further, the Court finds the Whitehouse Court's argument that *in camera* proceedings would cure any violation of the grand jury's secrecy unpersuasive.  Here, a showing regarding compliance with Rule 16-308(E) would not be made to a judge in an *in camera* hearing, but rather to the completely separate entity of the state disciplinary board; an entity which would normally have no business piercing the secrecy in which grand jury proceedings are generally cloaked.  Forcing a prosecutor to reveal details about

grand jury practice to an outside agency is arguably a more severe violation of grand jury secrecy than making a preliminary showing to a judge. Additionally, the Court is not convinced by the Whitehouse court's reasoning that Rule 16-308(E) will not impede the issuance of grand jury proceedings because the rule does not apply to subpoenas issued by the grand jury itself. This reasoning is not persuasive given the fact that, as a practical matter, the majority of subpoenas for grand jury investigations come from the prosecutor, not the grand jury. See Stern, 214 F.3d at 16, n.4 ("As a practical matter, grand jury subpoenas are almost universally issued by and through federal prosecutors.").

The Court finds that Rule 16-308(E) conflicts with grand jury procedure and therefore its application to federal grand jury proceedings violates the Supremacy Clause.[10] Plaintiff requests injunctive relief in its Motion for Summary Judgment and so the Court grants Plaintiff's request with respect to the application of Rule 16-308(E) to grand jury proceedings.

**THEREFORE, IT IS ORDERED**, that Plaintiff's Motion for Summary Judgment **(Doc. No. 13)** is hereby **GRANTED** in part and **DENIED** in part and Defendants' Motion for Summary Judgment **(Doc. No. 34)** is hereby **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED**, that New Mexico Rule of Professional Conduct 16-308(E) is valid and enforceable, except as it pertains to federal prosecutors practicing before the grand jury. The Court will enter a separate judgment consistent with this Opinion.

**FINALLY, IT IS ORDERED**, that Defendants, and their successors, agents, and

---

[10]   Defendants place a lot of emphasis on Section 530(B)'s grant of authority to the states to promulgate ethical rules that also apply to federal attorneys. Section 530(B) cannot save an ethical rule that actually conflicts with federal law. See Silkwood v. Kerr-McGee Corp., 464 U.S. 238, 248 (1984) ("If Congress has not entirely displaced state regulation over the matter in question, state law is still preempted to the extent it actually conflicts with federal law."); United States v. Lowery, 166 F.3d 1119, 1125 (11th Cir. 1999) (noting that although the state clearly had the authority to enact ethical rules, "[s]tate rules of professional conduct, or state rules on any subject, cannot trump the Federal Rules of Evidence."); Stern v. U.S. Dist. Court for Dist. of Mass., 214 F.3d 4, 19 (1st Cir. 2000) (if an ethical rule "impermissibly interferes with federal grand jury practice,[] section 530B cannot salvage it.); Id., at 20. ("it simply cannot be said that Congress, by enacting section 530B, meant to empower states (or federal district courts, for that matter) to regulate government attorneys in a manner inconsistent with federal law.")

employees are permanently enjoined from instituting, prosecuting, or continuing any disciplinary proceeding or action against federal attorneys for otherwise lawful actions taken in the course of a grand jury investigation or proceeding on the ground that such attorneys violated Rule 16-308(E) of the New Mexico Rules of Professional Conduct.

_____
UNITED STATES DISTRICT JUDGE